JOSEPH M. SWEENEY, ESQ. (78363)
jsweeney@smwb.com
ANDREW J. DITLEVSEN, ESQ. (284911)
ajd@smwb.com
SWEENEY, MASON, WILSON & BOSOMWORTH
A Professional Law Corporation
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Telephone: (408) 356-3000
Facsimile: (408) 354-8839

Attorneys for Creditor
NEW CENTURY COMMONS, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>                Debtor. | Case No. 18-50398 MEH<br><br>Chapter 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER CONFIRMING NO STAY IS IN EFFECT, OR ALTERANATIVELY FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date: March 29, 2018<br>Time: 1:00 p.m.<br>Place: Courtroom 3020<br>       280 S 1st Street<br>       San Jose, CA<br>Judge: Hon. M. Elaine Hammond |

Creditor NEW CENTURY COMMONS, LLC ("Creditor") respectfully submits the following memorandum of points and authorities in support of its Motion for an Order Confirming No Stay is In Effect, or Alternatively for Relief From Automatic Stay (the "Motion").

## I. INTRODUCTION AND FACTUAL BACKGROUND

### A. The Parties: Creditor, Tenant and Debtor

Creditor is the owner of commercial real property commonly known as 40 S. Second

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY    1

Case: 18-50398    Doc# 16-1    Filed: 03/15/18    Entered: 03/15/18 14:22:32    Page 1 of 12

Street, San Jose, California 95113, which parcel also encompasses 38 S. Second Street, San Jose, California (collectively, the "Premises"). (Declaration of Kirk E. Kozlowski ("KEK Decl."), ¶3).

Debtor is Techshop, Inc. According to Section 15.2 of Debtor's Schedule A/B, Debtor owns 100% of the membership interest in TechShop San Jose, LLC.

TechShop San Jose, LLC signed a written commercial lease with Creditor. Creditor has never had a direct contractual relationship with Debtor; there was no guaranty signed by Debtor, or any individual principal of Debtor. (KEK Decl., ¶4.)

### B. Creditor and Tenant Enter into a Written Commercial Lease; Breach of the Lease by Tenant and Creditor's Unlawful Detainer Judgment

In March, 2016, Creditor entered into a written lease agreement for the Premises with TechShop San Jose, LLC ("Tenant"), which lease is dated March 4, 2016. (KEK Decl., ¶4, Exh. 1). At the Premises, Tenant operated a "maker space," wherein it offered public classes teaching machining, prototyping and light manufacturing skills and techniques, and included access to commonly-used tools, high-tech equipment, *viz*., 3D printers and heavy machinery. (*Id.*).

In 2017, Creditor experienced difficulties with Tenant; specifically, Tenant stopped paying the agreed upon rent. As a result, Creditor commenced unlawful detainer proceedings against Tenant in the summer of 2017 in the Superior Court of California, County of Santa Clara, Case No. 17CV313510 (the "Unlawful Detainer Action"). (KEK Decl., ¶5). On August 2, 2017, Creditor obtained a judgment for possession of the Premises in the Unlawful Detainer Action. (KEK Decl., Exh. 2).

Tenant remained in possession of the Premises until November 21, 2017. Creditor permitted Tenant to continue operating in the Premises so that Tenant could attempt to earn sufficient money to cure the back rent owed. Obviously, Tenant was unable to do so. (KEK Decl., ¶6).

### C. Creditor Regains Possession of the Premises; Substantial Amounts of Abandoned Property Remain; Tenant Fails to Reclaim Abandoned Property After Receiving Written Notice

Creditor inspected the Premises after Tenant vacated and discovered that Tenant had abandoned many of its trade fixtures and other personal property, including for example:

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY  2

Case: 18-50398    Doc# 16-1    Filed: 03/15/18    Entered: 03/15/18 14:22:32    Page 2 of 12

machining tools, manufacturing equipment, heaving machinery, supplies and furniture. Creditor generated an inventory list of the abandoned property. (KEK Decl., ¶7, Exh. 3).

In accordance with California law, on January 22, 2018, Creditor sent to Tenant a notice to reclaim the abandoned personal property, was conditioned on payment of storage fees. Tenant did not respond or otherwise avail itself of the opportunity to reclaim the abandoned property. Included in the notice of abandonment is the notice of restoration from the Santa Clara County Sheriff and the unlawful detainer judgment. (KEK Decl., ¶8, Exh. 4).

### D. Creditor Begins the Process to Dispossess Itself of the Abandoned Property Under California Civil Code Section 1993 et seq.

After completing its inspection of the Premises and sending Tenant the abandonment notice, Creditor initiated the necessary legal process of dispossessing itself of the abandoned personal property; the legal process is governed by California Civil Code section 1993 *et seq*. Creditor commenced its investigation of possible lien holders and other owners of the abandoned property. Through this investigation, Creditor discovered a number of potential lien holders, including: Autodesk, Banc of California, BHL Services, Inc., City of San Jose, LEAF Capital Funding LLC, and Stratasys, Inc. (Declaration of Andrew J. Ditlevsen, Esq. ("Ditlevsen Decl."), ¶3.)

On February 22, 2018, prior to the commencement of this bankruptcy case, Creditor sent each possible lien holder a notice to reclaim their collateral, prior to sale at public auction. (Ditlevsen Decl., ¶4, Exhs. 1-7). The 18-day statutory notice period had not yet expired when Debtor filed for bankruptcy on February 26, 2018, but has expired as of March 12, 2018.

The property in which each purported secured creditor claims a security interest is detailed in the supporting declaration of Andrew J. Ditlevsen, Esq. at Paragraph 5.

In response to the notices, Creditor has been contacted by representatives from LEAF Capital Funding, LLC, Stratasys, Inc. and the City of San Jose. (Ditlevsen Decl., ¶6). The substance of those communications are as follows:

- The City of San Jose demanded the return of an HVAC system that is integrated into the building, which demand Creditor rejected, and the City indicated that the matter

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY  3

would be turned over to counsel for the City. No further communication between Creditor and the City has taken place since the initial conversation. (*Id.*).

- Both LEAF Capital Funding, LLC and Stratasys, Inc. demanded the return of large machining equipment, such as 3D printers and an auto-lathe. Creditor informed both creditors that Debtor had filed bankruptcy on February 26, 2018, and that the automatic stay may enjoin Creditor's efforts to remove and transfer possession of the property. (*Id.*).

- All parties understand that no action will be taken with respect to the abandoned property until instructions are received from the Court. (*Id.*).

### E. Debtor Files for Bankruptcy Protection on February 26, 2018; Creditor Communicates with the Appointed Bankruptcy Trustee

On February 26, 2018, Debtor commenced this bankruptcy case, filing a voluntary petition under Chapter 7 of the United State Bankruptcy Code. As of the date of the bankruptcy filing, reasonable storage costs had accrued in the amount of $109,559.56, and by operation of California law the storage costs are secured by the abandoned property. Reasonable storage costs continue to accrue in the amount of $1,129.48 per diem. (KEK Decl., ¶10).

On March 5, 2018, Creditor's counsel reached out to the appointed trustee, Doris Kaelin, regarding the abandoned property, and was subsequently directed to her counsel, Gregg Kleiner. (Ditlevsen Decl., ¶7, Exh. 8). Creditor's counsel and trustee's counsel (although not formally employed) discussed the matter. The trustee is aware of the instant motion and, given the complexities of Debtor's affairs and petition, encouraged Creditor to move forward with this motion. (Ditlevsen Decl., ¶7.)

Creditor cannot, at reasonable cost, dismantle, move and store the many tools, equipment and machinery abandoned at the Premises, many of which are large, heavy and fragile enough to require specialized expertise and equipment to safely uninstall and remove. Creditor also cannot lease the Property while the abandoned property is inside. Given the foregoing, Creditor has suffered and continues to suffer damages arising from and relating to its inability to re-let the Property. Further, Creditor is informed and believes that the abandoned tools, equipment and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY    4

Case: 18-50398    Doc# 16-1    Filed: 03/15/18    Entered: 03/15/18 14:22:32    Page 4 of 12

machinery in the space, and all furniture, trade fixtures and supplies, are secured by UCC Financing Statements properly filed with the California Secretary of State by purchase-money lenders, and/or are subject to other secured liens and financing agreements. (KEK Decl., ¶11.)

Accordingly, Creditor seeks relief to continue the of dispossessing itself of the abandoned property by turnover to secured lien holders and/or public auction.

## II. ARGUMENT

### A. Creditor Has No Facts that Suggest or Evidence Debtor's Legal or Interest in the Property Abandoned by Tenant

The bankruptcy estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The converse is also true. The bankruptcy estate does not include any property in which the debtor has no equitable or legal interest. March, Ahart, & Sharpiro, Cal. Prac. Guide: Bankruptcy (The Rutter Group 2014), ¶6:41. Bankruptcy courts "look to state property law to determine whether, and to what extent, the debtor has any legal or equitable interests in property as of the commencement of the case." *Fadel v. DCB United LLC (In re Fadel)*, 492 B.R. 1, 10 (9th Cir. B.A.P. 2013).

Creditor directs the Court to the California Revised Uniform Limited Liability Company Act ("RULLCA"), which governs distribution of a limited liability company's assets as between the company's creditors and members. More specifically, RULLCA Sections 17704.05 and 17707.05. RULLCA Section 17704.05 provides:

**Prohibition Against Distribution; Indebtedness to Member.**

(a) A limited liability company shall not make a distribution if after the distribution either of the following applies:

(1) *The limited liability company would not be able to pay its debts as they become due in the ordinary course of the limited liability company's activities*;

(2) *the limited liability company's total assets would be less than the sum of its total liabilities* plus the amount that would be needed, if the limited liability company were to be dissolved, wound up, and terminated at the time of the distribution, to satisfy the preferential rights upon dissolution, winding up, and termination of members whose preferential rights are superior to those of persons receiving the distribution.

RULLCA §17704.05(a)(1)-(2) [emphasis added].

---
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY  5

The foregoing is buttressed by RULLCA Section 17707.05:

**Distribution of Assets.**

(a) Except as otherwise provided in the articles of organization or the written operating agreement, after determining that all the known debts and liabilities of a limited liability company in the process of winding up, including, without limitation, debts and liabilities to members who are creditors of the limited liability company, have been paid or adequately provided for, the remaining assets shall be distribution among the members according to the respective rights and preferences

RULLCA §17707.05(a). Creditors priority in the distribution of assets over members or member-creditors is confirmed by subsections (b) and (c) of Section 17707.05. In fact, Section 17704.06 of RULLCA imposes personal liability on any member that receives a distribution in violation of Section 17707.05.

As mentioned above, Creditor's lease was with Tenant, not Debtor; Creditor and Debtor had no direct contractual relationship. Moreover, the following information obtained from Debtor's schedules strongly suggests that Debtor has no legal or equitable interest in the abandoned property:

- Section 14.2 of Debtor's Schedule A/B states that Debtor's interest in Tenant is valueless in that <u>Tenant's liabilities exceed its assets</u> and is valueless;

- Sections 39-50 of Debtor's Schedule A/B does not identify any particular furniture, equipment or machinery in which it purports to have an interest that is located at the Premises. Creditor has no information that suggests Debtor, as opposed to Tenant, has any interest in any property abandoned at the Premises;

- Debtor's only real assets are software and intellectual property, as well as a lawsuit arising out of a dispute over said intellectual property;

- Neither Tenant nor any other "subsidiary" of Debtor is listed as a co-debtor in Schedule H, and no motion has been brought to extend co-debtor protection to any subsidiary entity.

Additionally, each UCC lien discovered by Creditor during its investigation names Tenant, not Debtor, as the organization responsible for the secured debt, which also evidences that it was Tenant who financed acquisition of, and holds ownership to, the abandoned

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY    6

Case: 18-50398    Doc# 16-1    Filed: 03/15/18    Entered: 03/15/18 14:22:32    Page 6 of 12

equipment and machinery. (See Ditlevsen Decl., Exhs. 1-7 [a copy of each UCC lien is attached as an exhibit to the notice sent by Creditor to the respective lien holder].)

In sum, all available information and evidence supports a finding that it is Tenant not Debtor who owns the abandoned property at the Premises. Assuming, *arguendo*, that Debtor has some beneficial interest in the abandoned property of Tenant, the nature of that interest is governed by RUCCLA. Based on Debtor's own schedules, Debtor's claim to proceeds from the assets is junior to that of creditors, which claims by creditors exceed the value of the assets and thus extinguish any interest Debtor may have in the abandoned property. Accordingly, Creditor respectfully submits that the stay does not apply to the abandoned property and requests the Court enter an order confirming the same.

**B. In the Event the Court Find the Stay Applies, Relief from the Stay is Appropriate to Permit Creditor to Complete the Process of Dispossessing Itself of the Abandoned Property**

**1. Overview of the Statutory Scheme Governing a Landlord's Lawful Disposition of Abandoned Personal Property: California Civil Code Section 1193 Et Seq.**

California landlord-tenant law governs the duties of a landlord regarding a commercial tenant's abandoned personal property. Creditor was in the process of complying with the statutory procedure outlined in California Civil Code Section 1993 et seq. when the bankruptcy was filed. Creditor seeks relief so that it may complete this process free from any risk that doing so will violate the automatic stay.

Two parallel sections of the California Civil Code govern disposition of abandoned property by a tenant: Cal. Civ. Code §§1983 and 1993. Section 1983 applies to residential tenancies; Section 1993 is an outgrowth of Section 1993 and applies to commercial tenancies, such as the tenancy at issue here. Notably, there is overlap between the two sections and it is common for the provisions governing commercial tenancies to refer to sections of the code governing residential tenancies. *See e.g.,* Cal. Civ. Code §1193.01.

Generally, a landlord may recover reasonable storage costs of the property abandoned upon the landlord regaining possession of commercial premises. If the tenant reclaims property

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY    7
Case: 18-50398    Doc# 16-1    Filed: 03/15/18    Entered: 03/15/18 14:22:32    Page 7 of 12

within two days of vacating the premises, reasonable storage costs may not be assessed by the landlord. Cal. Civ. Code §§1193.01, 1990. Duties of care are imposed on the landlord with respect to its storage obligations for abandoned property by a tenant. *See In re Pemstein*, 2012 Bankr. LEXIS 4882, *6-8 (Bankr. Ct. C.D. Cal. October 17, 2012).

However, if the tenant fails to reclaim the property within two days, then the landlord may elect to follow a statutory procedure for disposition of abandoned property. *See* Cal. Civ. Code §1993.02. The optional procedure is outlined in Sections 1993.03-1993.06, and includes providing written notices to the tenant, possible owners and lien holders discovered by the landlord after completing a reasonable investigation. The notices, if mailed, provide those persons so notified with 18 days after the notice is deposited in the mail to contact the landlord regarding reclamation. Cal. Civ. Code §1993.03(b).

Any person that makes claim to the abandoned property is required to pay the reasonable storage cost for that property as a condition to its release. *See* Cal. Civ. Code §1993.05.

In the event no person makes claim to the abandoned property, and assuming the value of the property exceeds certain limits, the landlord is required to sell the property at public auction. *See* Cal. Civ. Code §1993.07. Certain notice procedures apply prior to auctioning the abandoned property. *Id.* If the property does not exceed the stated minimum values, the landlord may dispose of the property in any manner it deems appropriate. *Id.*

Ultimately, a commercial landlord may elect to follow this procedure in order to avail itself of the liability shield provided by California Civil Code Section 1993.08, which protects the landlord against liability for its disposition or release of the abandoned property as against the tenant, all parties that received notice, and all other parties absent exceptional circumstances. *See* Cal. Civ. Code §1993.08.

2. **Creditor Elected to Follow the Procedure Under California Civil Code Section 1993 et seq.**

Creditor elected to avail itself of the liability shield available under California Civil Code Section 1993.08. Creditor has taken several steps in accordance with this procedure prior

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY 8

Case: 18-50398    Doc# 16-1    Filed: 03/15/18    Entered: 03/15/18 14:22:32    Page 8 of 12

to Debtor's bankruptcy filing, including the following: (a) completing an inventory of the abandoned property; (b) sending a notice to reclaim the abandoned property to Tenant on January 22, 2018; (c) investigating the existence of owners other than tenant and possible lien holders; (d) sending written notices to possible lien holders it discovered; and (e) communicating with the lien holders regarding transfer of the encumbered property and payment of applicable storage costs. Specifically, both LEAF Capital Funding, LLC and Stratasys, Inc. have requested that Creditor transfer collateral to them in exchange for payment of the storage costs incurred. (Ditlevsen Decl., ¶6.b).

The time for recipients of the notices to notify Creditor of an intent to reclaim abandoned property expired on March 12, 2018. (*Id.*, at ¶4.) Creditor is aware of no authority that tolls the running of its notice by operation of Debtor's bankruptcy filing. (*Id.*).

Creditor has taken no further action to dispossess itself of the abandoned property and continues to store the property at the Premises, which imposes substantial burden on Creditor as it is unable to relet the Premises costing Creditor tens of thousands of dollars per month. (KEK Decl., ¶12.)

### 3. Creditor Has an Involuntary Lien on the Abandoned Property Which Arises by Operation of Law

California courts have construed a landlord's entitlement to reimbursement of storage costs as a "special lien on the property dependent on possession." The lien is discharged by payment of reasonable storage charges and may be enforced after the time period for reclamation has run. *See Gray v. Whitmore*, 17 Cal.App.3d 1, 16-17 [citing Code of Civil Procedure §1774]; *see also In re Kaufman*, 315 B.R. 858, 863-64, fn. 7 (Bankr. N.D. Cal. 2004).

Here, Creditor has a pre-petition storage lien. It is noteworthy that Creditor, as a holder of a valid prepetition possessory lien, does not violate the automatic stay by refusing to return possession of the encumbered property to Debtor without receiving a tender of the accrued storage costs. *In re Kaufman, supra*, at 863.

There is due and owing to Creditor pre-petition reasonable storage costs in the amount

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY   9

Case: 18-50398    Doc# 16-1    Filed: 03/15/18    Entered: 03/15/18 14:22:32    Page 9 of 12

of $109,559.56, which continues to accrue at $1,129.48 per diem. (KEK Decl., ¶10). To the extent Debtor claims an ownership interest in the property located at the Premises, Debtor is required to tender payment of the reasonable storage costs prior to Creditor having any turnover obligation, with the only exception being a court order instructing such a turnover. Given the substantial expense in removing the large machinery and other items, Debtor will have to fund the expense of removal as well, which is unlikely given the lack of liquid resources scheduled.

### 4. Sufficient "Cause" Exists for the Court to Lift the Automatic Stay; Relief is Otherwise Appropriate Under 11 U.S.C. §362(d)(2)

11 U.S.C. Section 362(d)(1) provides the Court with authority to terminate, annul, modify, or condition the automatic stay "for cause." "Cause" is not a defined term by the Bankruptcy Code; it includes but is not limited to "lack of adequate protection." Other grounds constituting "cause" are determined on a case-by-case basis. *See* March, Ahart & Shapiro, Cal. Prac. Guide: Bankruptcy (The Rutter Group 2017) Part II: Relief From Automatic Stay, ¶¶8:1060-8:1061.

As stated above, Creditor has a pre-petition possessory lien in the amount of at least $109,559.56. (KEK Decl., ¶10). Assuming, *arguendo*, Debtor owns the abandoned property, a review of the scheduled values of Debtor's assets evidences that the furniture, equipment and machinery is worth less than the amount of the pre-petition storage costs. Debtor's total assets, including the speculative intellectual property, is greatly exceeded by the stated secured liabilities, all of which strongly suggests that this will be a case where no assets are available for liquidation and distribution to unsecured creditors. The equipment is also subject to numerous UCC liens that exceed the value of the collateral as stated by Debtor.

Based on the foregoing, there is both sufficient cause to grant relief from the stay, and sufficient evidence to find that the Debtor has no equity in the abandoned property. The question of necessity for reorganization is not relevant because Debtor filed under Chapter 7 of the Bankruptcy Code. Thus, relief is appropriate under both 11 U.S.C. §§362(d)(1), (2).

Moreover, granting the relief requested will not operate to prejudice Debtor or Debtor's estate. If Debtor does ultimately have a residual interest in the abandoned property, it will be

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY 10

Case: 18-50398    Doc# 16-1    Filed: 03/15/18    Entered: 03/15/18 14:22:32    Page 10 of 12

protected. After Creditor recoups all reasonable storage costs and the costs of sale, any excess auction proceeds will be deposited with the County Treasurer. *See* Cal. Civ. Code §1993.07(c)(1). The trustee, or other owner of the abandoned property, may apply to the county for the remaining balance. *Id.* at (c)(2). This is similar procedure to the Trustee recouping reasonable, necessary costs and expenses of preserving or disposing of property subject to an allowed secured claim under 11 U.S.C. §506(c).

Creditor submits that the Court should also consider the prejudice of ongoing delay to the secured creditors attempting to reclaim their collateral, assuming the validity and perfection of particular liens. Each secured creditor will be responsible for paying an allocated portion of the storage costs owed to Creditor; the longer this process is delayed the greater the burden imposed. *See e.g.,* Cal. Civ. Code §1993.05.

As an alternative to the procedure outlined in Cal. Civ. Code §1993.07(c)(1), and if so ordered by the Court, Creditor is willing to deposit any excess proceeds over and above the amount of the pre-petition storage lien to the trustee for administration consistent with the Bankruptcy Code and further orders of the Court. With respect to the specific items claimed by secured creditors LEAF Capital Funding LLC and Stratasys, Inc., the trustee may have further analysis to complete with respect to the validity of those secured claims. However, the Court could fashion and order permitting Creditor to release the equipment and machinery claimed by those creditors conditioned upon an agreement by those creditors that the property be held in trust for the estate for a period of time and until the trustee completes its analysis. The end result is that Creditor recaptures and is able to relet the Premises, is paid the pre-petition storage costs, items are removed and the removal is paid for by the secured creditors, and all property and excess proceeds from an auction are preserved.

///

///

///

///

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY** 11

### III. CONCLUSION

Based on the foregoing points and authorities, Creditor respectfully requests that the Court enter an order confirming that no stay is in effect, or alternatively, an order granting Creditor relief from the stay to proceed with disposing of the abandoned property in its Premises.

Dated: March 15, 2018                SWEENEY, MASON, WILSON & BOSOMWORTH

By: _____
Andrew J. Ditlevsen, Esq.
Attorney for Creditor
NEW CENTURY COMMONS, LLC

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ORDER CONFIRMING NO STAY IN EFFECT, OR ALTERNATIVELY, RELIEF FROM THE STAY   12

Case: 18-50398    Doc# 16-1    Filed: 03/15/18    Entered: 03/15/18 14:22:32    Page 12 of 12