**JOSEPH M. SWEENEY, ESQ. (78363)**
jsweeney@smwb.com
**ANDREW J. DITLEVSEN, ESQ. (284911)**
ajd@smwb.com
**SWEENEY, MASON, WILSON & BOSOMWORTH**
A Professional Law Corporation
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Telephone: (408) 356-3000
Facsimile: (408) 354-8839

Attorneys for Creditors and Interested Party
NEW CENTURY COMMONS, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>            Debtor. | Case No. 18-50398 MEH<br><br>Chapter 7<br><br>**[AMENDED] NOTICE OF HEARING AND MOTION FOR AN ORDER CONFIRMING NO STAY IS IN EFFECT, OR ALTERANATIVELY FOR RELIEF FROM AUTOMATIC STAY**<br><br>Date:    March 29, 2018<br>Time:   1:00 p.m.<br>Place:  Courtroom 3020<br>           280 S 1st Street<br>           San Jose, CA<br>Judge: Hon. M. Elaine Hammond |

TO DEBTOR TECHSHOP, INC., ITS ATTORNEYS OF RECORD, AND ALL PARTIES IN INTEREST:

      PLEASE TAKE NOTICE that on March 29, 2018, at 1:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable M. Elaine Hammond in Courtroom 3020 of the above-entitled Court located at 280 South First Street, San Jose, California, creditor NEW CENTURY COMMONS, LLC ("Creditor") will move the Court for an order confirming that no automatic stay is in effect in connection with Creditor's efforts to lawfully dispossess itself of personal

---
**[AMENDED] NOTICE OF HEARING AND MOTION FOR AN ORDER CONFIRMING NO STAY IS IN EFFECT, OR ALTERANATIVELY FOR RELIEF FROM AUTOMATIC STAY**    **1**

property abandoned by non-debtor Techshop San Jose, LLC ("Tenant"), or alternatively, for an order granting relief from automatic stay.

Creditor further requests an order granting relief from stay be made effective immediately, and that the 14-day waiting period provided in Fed. R. Bankr. P. 4001(a)(3) be waived.

The motion will be based upon this notice of hearing and motion, and the concurrently filed memorandum of points and authorities and declarations of Andrew J. Ditlevsen, Esq. and Kirk E. Kozlowski.

More specifically, this motion is made pursuant to Fed. R. Bankr. P. 4001(a) and B.L.R. 4000-1 on the grounds that an order confirming the stay imposed under 11 U.S.C. §362 does not apply to Creditor's efforts to transfer abandoned property which is collateral claimed by other secured creditors of Tenant and/or sell the property at public auction because that property is now owned by Debtor, and to the extent Debtor has an equitable interest that interest has been extinguished as evidenced by Debtor's schedules. Additionally, and alternatively, the motion is made on the grounds that relief from the automatic stay is appropriate under 11 U.S.C. §§362(d)(1), (2) because sufficient "cause" exists to grant the relief requested and Debtor has no equity in the abandoned property which property is not necessary for reorganization as Debtor has filed under Chapter 7 of the United States Bankruptcy Code.

YOU ARE HEREBY INFORMED THAT NO WRITTEN RESPONSE IS REQUIRED IN ORDER TO OPPOSE THIS MOTION. HOWEVER, IF YOU OR YOUR COUNSEL DO NOT APPEAR AT THE HEARING ON THIS MOTION, THE RELIEF REQUESTED WILL BE GRANTED.

Dated: March 20, 2018　　　　**SWEENEY, MASON, WILSON & BOSOMWORTH**

By: _____/s/_____
Andrew J. Ditlevsen
Attorneys for Creditor
NEW CENTURY COMMONS, LLC

---

**[AMENDED] NOTICE OF HEARING AND MOTION FOR AN ORDER CONFIRMING NO STAY IS IN EFFECT, OR ALTERANATIVELY FOR RELIEF FROM AUTOMATIC STAY**　　**2**