The following constitutes
the order of the court. Signed April 2, 2018

_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

1  JOSEPH M. SWEENEY, ESQ. (78363)
   jsweeney@smwb.com
2  ANDREW J. DITLEVSEN, ESQ. (284911)
   ajd@smwb.com
3  **SWEENEY, MASON, WILSON
   & BOSOMWORTH**
4  A Professional Law Corporation
5  983 University Avenue, Suite 104C
   Los Gatos, CA  95032-7637
6  Telephone:  (408) 356-3000
   Facsimile:  (408) 354-8839
7
8  Attorneys for Creditor
   NEW CENTURY COMMONS, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 18-50398 MEH |
| TECHSHOP, INC., | Chapter 7 |
| Debtor. | **ORDER GRANTING MOTION FOR RELIEF FROM STAY** |
| | Date:  March 29, 2018
Time:  1:00 p.m.
Place:  Courtroom 3020
        280 S 1st Street
        San Jose, CA
Judge:   Hon. M. Elaine Hammond |

The Motion for an Order Confirming No Stay is In Effect, or Alternatively for Relief From Automatic Stay (the "Motion") (DKT Nos. 16) filed by Creditor NEW CENTURY COMMONS, LLC ("Applicant or "Creditor"), came on for hearing on March 29, 2018.  No opposition was filed in response to the Motion by any party, including Debtor Techshop, Inc. or the appointed Chapter 7 Trustee, Doris Kaelin.  Appearances at the hearing were noted on the docket.

///

///

///

1

Based on the papers submitted in support of the Motion, the lack of any opposition thereto, and good cause appearing therefor, the Motion is **GRANTED**, and IT IS HEREBY ORDERED AS FOLLOWS:

1. Creditor's request to modify the stay is GRANTED and Creditor is free to proceed with disposition of all personal property remaining at real property commonly known as 40 S. Second Street, San Jose, California 95113, which premises also encompasses 38 S. Second Street, San Jose, California 95113 (collectively, the "Premises"). As represented by Creditor in the Motion and support declaration of Creditor's principal, Creditor shall proceed with disposition of the personal property, including leased equipment and personal property of third parties, in accordance with applicable California law. To the extent there are books and records at the Premises, Creditor shall notify the Trustee and her counsel and provide the estate a reasonable opportunity to retrieve them.

2. As reflected in Creditor's principal's declaration, Creditor asserts reasonable storage costs incurred by Creditor as of the Petition Date (February 26, 2018) is $109,559.56. Creditor further asserts that reasonable storage costs continue to accrue in the amount of $1,129.48 per diem. In the event Creditor sells the personal property located at the Premises at public auction, pursuant to California Civil Code 1993 et seq., for more than the outstanding sum due and owing at the time of sale, Creditor is hereby ordered to notify the Trustee within five business days after the sale, by and through her counsel Gregg Kleiner, of the surplus and provide the location of the surplus funds.

3. Once Creditor has dispossessed itself of the abandoned personal property, it may retake possession of the Premises and move forward with re-leasing it to a third party without further order of this Court.

*** END OF ORDER ***

**COURT SERVICE LIST**

ECF Parties by Electronic Means Only