Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8180
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>Debtor. | Case No. 18-50398 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>***EX PARTE* APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH 11 U.S.C. § 521**<br><br>[No Hearing Requested] |

Doris A. Kaelin, Trustee in Bankruptcy of the estate of TechShop, Inc. ("Debtor") hereby requests entry of an order compelling the Debtor in this Chapter 7 case to comply with its statutory obligations under Section 521 of the Bankruptcy Code to cooperate with the Trustee and turn over to the Trustee all of the Debtor's books, records and documents.

**I.    BACKGROUND**

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). At the time the Debtor filed its case, it included parties in its creditor list exceeding 13,100 in number ("Original Matrix"). The Original Matrix includes over 12,500 entries of "notice only" parties, parties who are not creditors of the Debtor. As of the time that this Application was executed, the Trustee has no liquid assets in the estate.[1]

---

[1] Following the petition date, Trustee has received a payment from a creditor in the amount of $10,000. The Trustee understands that these funds may be subject to a lien.

Following the Petition Date, the Trustee and her counsel have been in frequent, often daily, contact with Debtor's counsel seeking documents and information with regard to the Debtor's pre-petition operations, its assets and its liabilities. To date, the Trustee has conducted two Section 341 meetings. The second Section 341 meeting lasted approximately 4 hours. At the Section 341 meetings, the Debtor's responsible individual testified that the Debtor ceased operations on or about November 14, 2017, approximately three and a half months prior to the Petition Date. He further testified that at the time that the Debtor ceased operations, it engaged bankruptcy counsel, paid counsel a retainer and planned to file a voluntary petition. Declaration of Doris Kaelin in Support of *Ex Parte* Application for Order Compelling Compliance With 11 U.S.C. § 521, at ¶ 3. A continued Section 341 meeting is scheduled for May 3, 2018 at 1:00 p.m.

Notwithstanding the passage of over three and a half months of time from the Debtor's cessation of operations until the date it filed its bankruptcy petition, the Debtor has been unable to comply with the majority of the requests for documents and information made by the Trustee and her counsel. The delay in the bankruptcy filing, together with the delays in providing financial and other information after the petition was filed, has likely adversely affected recoveries in the case. The negative impact of the delays includes, but are not limited to, materially increased administrative storage/rent charges from landlords, increased arrears payable to lessors and equipment vendors which depresses potential equity recoveries from the sale of tangible assets (to the extent the Debtor owns any tangible assets), accounts receivable becoming more stale, and negative press affecting the brand. Kaelin Declaration, at ¶ 4.

The Debtor has failed, to date, to provide to the Trustee, among other things (i) access to its accounting system and accounting records, including its Quick Books files, (ii) its cloud-based books and records (the Trustee understand that the Debtor asserts that it has no physical computers for storage of business or customer information and that its business records are "in the cloud"), (iii) copies of certain bank records, including basic documents related to material pre-petition deposits made with a credit card vendor, (iv) accounts receivable records, and (v) information with regard to the receipt of income and distributions made in the months prior to the cessation of operations, and the list goes on. Kaelin Declaration at ¶ 5.

In addition, on April 3, 2018, the Trustee received a purchase offer for some of the "soft" assets of the Debtor. These assets that the buyer is interested included copies of the Debtor's instruction and other manuals and access to the Debtor's social media properties and accounts, including Facebook, Twitter, LinkedIn, Pinterest, etc., which would include user names and passwords. At the time that this application was filed, the Debtor and its representatives have been unable to produce or deliver any of this requested information. Kaelin Declaration at ¶ 6.

A current cumulative list of the current outstanding requests for documents and information is attached as Exhibit A to the Kaelin Declaration (collectively, the "Requested Documents"). As the Trustee's administration of the Debtor's case moves forward, the list of Requested Documents will undoubtedly expand. The Debtor also owes responses to the Trustee's inquires (e.g. questions related to operations, etc.) made in the case which are not included among the Requested Documents. Kaelin Declaration at ¶ 7.

On April 12, 2018, Debtor's counsel sent an e-mail to the Trustee and her counsel acknowledging the numerous outstanding requests for information and documentation made by the Trustee. Debtor's counsel stated "a lot of the remaining data and answers that the Trustee requires appears to be locked inside the information repository of Mike Hilberman / Early Growth Financial Services (a creditor of the case)." Debtor's counsel goes on to state that the Trustee should consider engaging Mr. Hilberman and Early Growth Financial Services as Chapter 7 professionals and pay Mr. Hilberman and Early Growth to deliver to the Trustee the Debtor's operational documents and information- i.e. the Requested Documents. Kaelin Declaration at Exhibit B. The e-mail fails to note that Mr. Hilberman was, at least in some records that the Trustee has seen, the Chief Financial Officer of the Debtor. Kaelin Declaration at ¶ 8.[2]

Even though the Debtor had over 3 months to prepare to file its chapter 7 petition, the Debtor and its agents have made the Trustee's administration of the case impossible by failing to provide the most basic documents and information necessary for the Trustee to evaluate the Debtor's assets and liabilities and to administer the Debtor's estate. Furthermore, the Debtor's representatives have

---

[2] The Trustee intends to file a Section 542(e) motion to require turnover of Debtor's records from Early Growth and Mr. Hilberman.

told the Trustee that if she wants to obtain *the Debtor's very own records*, she should engage and agree to pay Mr. Hilberman and Early Growth for the Debtor's records.

Based on the testimony of the Debtor's responsible individual at the Section 341 meeting, and subsequent communications from Debtor's counsel, the Trustee understands that the Requested Documents are available and maintained in an electronic format. Kaelin Declaration at ¶ 7. The Requested Documents can and should be delivered to the Trustee and her counsel by way of one or more portable hard drives.

## II. ANALYSIS

The Trustee has concluded that the Debtor is unlikely to comply with her requests for the Requested Documents without being compelled to do so by an order from this Court. The Trustee believes that an order is necessary to compel the Debtor to comply with its statutory obligations to cooperate with the Trustee and surrender to the Trustee all of the Debtor's books and records, as required by 11 U.S.C. § 521(a)(3) and (4).

Section 521(a)(3) of the Bankruptcy Code requires a debtor to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties" under the Bankruptcy Code. Section 521(a)(4) of the Bankruptcy Code requires a debtor to "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted" under Section 344 of the Bankruptcy Code.

The Debtor's duties to cooperate with the Trustee and to surrender to the Trustee property and documents are absolute. The Debtor has a mandatory duty to turn over to the Trustee financial records, books, and property of the estate "without the need for any formal discovery request, motion, hearing, or order." *In re Farmer*, 237 B.R. 210, 212 (Bankr. M.D. Fla. 1989). "'[T]he trustee should not have to be chasing Debtor into court in order to gain their cooperation' [citation omitted]." *Id.*

WHEREFORE, the Trustee prays for entry of an order compelling the Debtor in this Chapter 7 case to comply with its statutory obligations under Section 521 of the Bankruptcy Code to cooperate with the Trustee and turn over to the Trustee all of the Requested Documents.

Case: 18-50398    Doc# 53    Filed: 04/16/18    Entered: 04/16/18 15:33:07    Page 4 of 5

4

By this Application, the Trustee is seeking an order requiring the Debtor, by no later than 12:00 pm PDT (noon) April 23, 2018, or such other date as the Court deems appropriate, to:

(a) deliver all of the Requested Documents to the Trustee and her counsel by way of one or more portable hard drives;

(b) deliver such additional documents and information requested by the Trustee or her counsel on ten (10) calendar days written notice (or such time as parties mutually agree); and

(c) such other relief that the court deems just and appropriate.

DATED: April 16, 2018     RINCON LAW LLP

By: */s/Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy