Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8180
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>Debtor. | Case No. 18-50398 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**DECLARATION OF DORIS KAELIN IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER COMPELLING COMPLIANCE WITH 11 U.S.C. § 521**<br><br>[No Hearing Requested] |

I, Doris A. Kaelin, declare:

1. I am the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of the above-named Debtor. I file this Declaration in support of my *Ex Parte* Application for Order Compelling Compliance With 11 U.S.C. § 521.

2. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). At the time the Debtor filed its case, it included parties in its creditor list exceeding 13,100 in number ("Original Matrix"). The Original Matrix includes over 12,500 entries of "notice only" parties, parties who are not creditors of the Debtor. As of the time that this declaration was executed, I have no unencumbered liquid assets in the estate.

3. Following the Petition Date, my counsel and I have been in frequent, often daily contact with Debtor's counsel seeking documents and information with regard to the Debtor's pre-

petition operations, its assets and its liabilities. To date, I've conducted two Section 341 meetings. The second Section 341 meeting lasted approximately 4 hours. At the Section 341 meetings, the Debtor's responsible individual testified that the Debtor ceased operations on or about November 14, 2017, approximately three and a half months prior to the Petition Date. He further testified that at the time that the Debtor ceased operations, it engaged bankruptcy counsel, paid counsel a retainer and planned to file a voluntary petition. A continued Section 341 meeting is scheduled for May 3, 2018 at 1:00 p.m.

4. Notwithstanding the passage of over three and a half months of time from the Debtor's cessation of operations until the date it filed its bankruptcy petition, the Debtor has been unable to comply with the majority of the requests for documents and information made by me and my counsel. In my opinion, the delay in the bankruptcy filing, together with the delays in providing financial and other information after the petition was filed, has likely adversely affected recoveries in the case. In my opinion, the negative impact of the delays includes, but are not limited to, materially increased administrative storage/rent charges from landlords, increased arrears payable to lessors and equipment vendors which depresses potential equity recoveries from the sale of tangible assets (to the extent the Debtor owns any tangible assets), accounts receivable becoming more stale, and negative press affecting the brand.

5. The Debtor has failed, to date, to provide to me and my counsel, among other things (i) access to its accounting system and accounting records, including its Quick Books files, (ii) its cloud-based books and records (I understand that the Debtor asserts that it has no physical computers for storage of business or customer information and that its business records are "in the cloud"), (iii) copies of certain bank records, including basic documents related to material pre-petition deposits made with a credit card vendor, (iv) accounts receivable records, and (v) information with regard to the receipt of income and distributions made in the months prior to the cessation of operations.

6. In addition, on April 3, 2018, I received a purchase offer for some of the "soft" assets of the Debtor. These assets that the buyer is interested included copies of the Debtor's instruction and other manuals and access to the Debtor's social media properties and accounts, including

///

Facebook, Twitter, LinkedIn, Pinterest, etc., which would include user names and passwords. At the time that this application was filed, the Debtor and its representatives have been unable to produce or deliver any of this requested information.

7. A current cumulative list of the current outstanding requests for documents and information is attached hereto as Exhibit A (collectively, the "Requested Documents"). As my administration of the Debtor's case moves forward, the list of Requested Documents will undoubtedly expand. The Debtor also owes responses to many inquires (e.g. questions related to operations, etc.) made in the case which are not included among the Requested Documents. Based on the testimony of the Debtor's responsible individual at the Section 341 meeting, and subsequent communications from Debtor's counsel, I understand that the Requested Documents are available and maintained in an electronic format.

8. On April 12, 2018, Debtor's counsel sent an e-mail to me acknowledging the numerous outstanding requests for information and documentation made by the Trustee. Debtor's counsel stated "a lot of the remaining data and answers that the Trustee requires appears to be locked inside the information repository of Mike Hilberman / Early Growth Financial Services (a creditor of the case)." Debtor's counsel goes on to state that I should consider engaging Mr. Hilberman and Early Growth Financial Services as Chapter 7 professionals and pay Mr. Hilberman and Early Growth to deliver to me the Debtor's operational documents and information- i.e. the Requested Documents. A true and correct copy of the April 12, 2018 email from Debtor's counsel to me is attached hereto as Exhibit B. The e-mail fails to note that Mr. Hilberman was, at least in some records that I have seen, the Chief Financial Officer of the Debtor.

Except for statements made upon information and belief, I declare under penalty of perjury that all other statements made herein are true and correct. Executed this 16th day of April 2018 at Santa Cruz, California.

*/s/ Doris A. Kaelin*
DORIS A. KAELIN

Case: 18-50398    Doc# 53-1    Filed: 04/16/18    Entered: 04/16/18 15:33:07    Page 3 of 13

3

TechShop, Inc.-Document requests outstanding as of 4-16-18

Provide QuickBooks files in electronic form for all financial records maintained for TechShop, Inc. and the subsidiaries, including any user names, passwords and access codes

Bank statements for all accounts of TechShop, Inc. from January 1, 2018 to present

Complete copies of the 2014 and 2015 state and federal income tax returns filed for TechShop, Inc.

Copy of last filed tax return for the subsidiaries

Original title for 2002 Ford Econoline 250 and keys

Original title for Dodge pick up truck and keys

Original title for trailer stored at Fujitsu and keys

Agreement and documents with First National Bank of Omaha regarding scheduled account secured by collateral; and copies of bank statements from January 2017 to present

Accounts receivables records including as applicable purchase orders, invoices, and any written communications regarding the amount due, and including contact information – as available, any specific contact person, a phone number, and an email address. Include any outstanding sums for feasibility or other studies performed by TechShop, Inc. and underlying documentation.

Spreadsheets representing a compilation of all investor and equity raised by TechShop, Inc. and its subsidiaries

Master copy of documents used to raise and document new investment into TechShop, Inc.

Copies of all senior level management, officer and director employment or other personal contracts (including severance), along with any amendments, for all persons serving in that role from Jan. 2017 until the petition date.

All board and shareholder minutes

All documents pertaining to investor loans and investments during the period January 1, 2017 to the petition date, including if applicable equity ledgers

Excel file containing all customers of TechShop, Inc. and its subsidiaries, including contact information and email addresses

Documentation regarding the scheduled statutory lien by the San Mateo County Tax Collector

All agreements (including, but not limited to engagement agreements/contracts) and other writings regarding services to be provided and compensation to be paid to Mike Hilberman and Early Growth Financial Services

Agreement re storage of tools and equipment at RBC LLC in Newark, list of items stored there, and contact information for person storing the property

Provide list of payments made within 90 days prior to November 15, 2017

1

**EXHIBIT A**

Copies of operating and other agreements and writings between TechShop, Inc. regarding how revenues to the parent or subsidiaries were booked, how expenses were processed and paid. This includes copies of all promissory notes and copies of other documents memorializing obligations between TechShop, Inc. and its subsidiaries. Trustee is informed that TechShop, Inc. provided operational direction and administrative support (payroll, benefits, legal, HR, finance and accounting) to the subsidiaries. Documents governing this arrangements are included in this request.

Records showing any licenses fees owing by Fujitsu, France (Adeo and Leroy Merlin) and Abu Dhabi and any others, along with underlying license agreement and other documents pertaining to the balance owed. Bankruptcy schedules reflect $341,215 owed by Adeo

Documents pertaining to security deposit of $1,684.46 listed in petition

Provide list of software owned by TechShop, Inc. and valued on petition at $420,784.44. If the software is subject to any licenses, provide supporting documentation

- All the operations manuals and training materials that are on Techshop's OPS Site (or anywhere else they may exist)

- **All TechShop SBU (Safety & Basic Use) and other class materials -**

Who has access to the soft copies of the materials and where are they located

- **All TechShop social media properties**

Who has access to these accounts and has passwords, etc , so that the accounts can be passed off to a buyer

- All **Facebook** Properties -
  - Corporate - https://www.facebook.com/techshopinc
  - DC Location - https://www.facebook.com/TechShopDC
  - Chandler Location - https://www.facebook.com/TechShopChandler
  - Austin Location - https://www.facebook.com/TechShopAustinRoundRock/
  - LA Almost-Location - https://www.facebook.com/TechShopLA/?fref=pb&hc_location=profile_browser
  - Pittsburgh Location - https://www.facebook.com/TechshopPGH/?fref=pb&hc_location=profile_browser
  - Raleigh Location - https://www.facebook.com/TechShop-RDU-127582703928922/?fref=pb&hc_location=profile_browser
  - San Jose Location - https://www.facebook.com/techshopsanjose/?fref=pb&hc_location=profile_browser
  - Redwood City Location? - https://www.facebook.com/pages/TechShop/109460532406246?ref=br_rs
  - San Francisco Location? - ?????
  - Menlo Park - Location - ?????

2

EXHIBIT A

Case: 18-50398    Doc# 53-1    Filed: 04/16/18    Entered: 04/16/18 15:33:07    Page 5 of 13

- Brooklyn Almost-Location - https://www.facebook.com/TechShopBKL/?ref=br_rs
- Detroit Location - ?????
- St. Louis Almost-Location - ?????
- All **Twitter** Properties -
  - Corporate - @techshop
  - DC Location - @MakeDCA
  - Chandler Location - @TechShopCH
  - Austin Location - @TechShopAustin
  - LA Almost-Location - @TechshopLA
  - Pittsburgh Location - @TechShopPGH
  - Raleigh Location - @TechShopRDU
  - San Jose Location - @TechShopSJ
  - Redwood City Location? - @?????
  - San Francisco Location? - @TechShopSF
  - Menlo Park Location - @TechShopMP
  - Brooklyn Almost-Location - @TechshopBK
  - Detroit Location - @TechShopDetroit
  - St. Louis Almost-Location - @TechShopSTL
- All **LinkedIn** Properties -
  - https://www.linkedin.com/company/techshop-inc/
- All **Pinterest** Properties -
  - Corporate -
  - DC Location - https://www.pinterest.com/techshopdca/
  - Chandler Location - https://www.pinterest.com/techshopch/
  - Austin Location - https://www.pinterest.com/techshopaustin/
  - LA Almost-Location - ?????
  - Pittsburgh Location - https://www.pinterest.com/techshoppgh/
  - Raleigh Location - ?????
  - San Jose Location - https://www.pinterest.com/techshopsj/
  - Redwood City Location? - ?????
  - San Francisco Location? - https://www.pinterest.com/techshopsf/
  - Menlo Park Location - ?????
  - Brooklyn Almost-Location - ?????
  - Detroit Location - ?????
  - St. Louis Almost-Location - ?????
- **Any other IP that makes up the essence of TechShop**–
  - Photography
  - Graphic designs
  - Website designs
  - Presentations

**Gregg Kleiner**

| | |
|---|---|
| From: | Matthew Metzger <mmetzger@belvederelegal.com> |
| Sent: | Thursday, April 12, 2018 4:20 PM |
| To: | Gregg Kleiner; Doris Kaelin |
| Cc: | jim@elkshep.com |
| Subject: | Case No. 18-50398, In re : Techshop, Inc. - spreadsheet with status update re document and information requests |
| Attachments: | 2018-4-12 Techshop Trustee Production Log.xlsx |

Gregg, Doris

Please see attached.

I have tracked every document and information request and response here. All items still outstanding are easily marked where there is no entry under the "Production Date" column.

The most critical items I have marked in yellow.
Let me know if there are any changes or additional items you would like marked in yellow.

I will send this as well to the Techshop principals to see if they have any status updates.

Due to the high complexity of information requests in this case, a excel production log seems to be the best way to track the Debtor's responses to the trustee's information requests.

Takeaway and Suggestion: a lot of the remaining data and answers that the trustee requires appears to be located inside the information repository of Mike Hilberman/Early Growth Financial Services (a creditor of the case). Would the trustee engaging Mike Hilberman/Early Growth Financial Services as an administrative professional in the case and if so, under what terms?

There is an implicit conflict there due to the creditor status but said conflict could be waived via contract. Mike Hilberman/Early Growth Financial Services have indicated that Mike Hilberman/Early Growth Financial Services would like a response to a contract proposal before engaging. The concern of Mike Hilberman/Early Growth Financial Services – like any administrative professional – is that Mike Hilberman/Early Growth Financial Services already lost many hours on the Techshop matter and cannot proceed without some remuneration. Again, where I have faced this issue before (of hiring pre-petition professionals who are also creditors), we have been able to get around the issue where the professional waives the pre-petition claim. I think that may be a possibility here but I would first need to confirm with Mike Hilberman/Early Growth Financial Services.

If this is a possibility, i.e. for Mike Hilberman/Early Growth Financial Services to be an administrative creditor/503(b) claimant, let me know, and under what potential terms. If this is not a possibility and/or the trustee does not wish to engage Mike Hilberman/Early Growth Financial Services, please let me know as well.

I am trying to problem solve the most efficient solution to provide all the outstanding data to the trustee and the question of whether or not Mike Hilberman/Early Growth Financial Services will engage to provide the data is a seminal question.

1

**EXHIBIT B**

Case: 18-50398   Doc# 53-1   Filed: 04/16/18   Entered: 04/16/18 15:33:07   Page 7 of 13

Thank you.

-Matt

Matthew D. Metzger
BELVEDERE LEGAL, PC
1777 Borel Place, Ste 314
San Mateo, CA 94402
Tel: 415-513-5980
Fax: 415-513-5985
www.belvederelegal.com
mmetzger@belvederelegal.com

_____

This message is sent by the law offices of BELVEDERE LEGAL APC and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments. For additional information, please visit the website www.belvederelegal.com.

2

**EXHIBIT B**

Case: 18-50398    Doc# 53-1    Filed: 04/16/18    Entered: 04/16/18 15:33:07    Page 8 of 13

TechShop, Inc., Case No. 18-50398

Production Log

All produced documents are located in the confidential google drive cloud location shared with the Chapter 7 Trustee.

https://drive.google.com/drive/folders/1kZGcPLKFmhmZSzMZzKEoiaxArzJlVne?usp=sharing

## A. Questions

| Items Requested from Trustee | Request Date | Production Date | Update/Explanation |
|---|---|---|---|
| quickbooks electronic file for Techshop parent (and password) | 3/15/2018 | | Mike Hilberman should be able to locate file but will require at least a few hours of time to do so. |
| quickbooks electronic file for each Techshop subsidiary (and password) | 3/15/2018 | | Mike Hilberman should be able to locate file but will require at least a few hours of time to do so. |
| 1. A) Identify what assets are actually owned by the Debtor (as opposed to a subsidiary) by location. Trustee needs an inventory list by location.* B) Of those assets, identify which are not subject to a lease/conditional sales contract. C) If there are additional potential buyers other than those identified by Dan Woods in his email of March 5, 2018, provide contact information. *Note that the San Jose and San Francisco landlords have provided an inventory that may serve as a reference. | 3/15/2018 | | TechShop Inc. had no physical headquarters. All the equipment, machinery and inventory was owned/leased and used by the subsidiary TechShop LLC's at their various locations. The best equipment list we have by entity/location is the attached "fixed assets report". We are unaware of any additional potential buyers but Jim Newton and probably others can assist in attempting to locate interested parties. Mike Hilberman should be able to locate file but will require at least a few hours of time to do so. |
| 2. Amend creditor matrix as discussed (that includes UCC filers against the Debtor) | 3/15/2018 | 3/19/2018 | docket no. 29. |
| 3. Explain what efforts were taken to secure the business records and customer information. Were computers removed from the premises? Who is currently in possession of the business records and customer information? Who is currently in possession of the debtor's computers? | 3/15/2018 | | The company closed all stores on November 15, m 2017 with a plan to file bankruptcy that following Friday. Management instructed the subsidiary LLC general managers to collect keys from staff, place signage indicating closure, and secure the buildings. Any business records and customer information that was in physical form was secured in each building; Jim Newton is not aware of the specific methods used by each location whether it was a locked office, locked file cabinets, etc. TechShop, Inc. business records and customer information was as far as Jim N. knows entirely stored in the cloud on various services. Most or all of it was under the control of Mike Hilberman's team as the contracted CFO and bookkeeping / accounting service. When the company closed on Nov 15 2017, it removed access to the cloud-based CRM (customer relationship management) system to all non-essential staff. Jim Newton is not aware that the company used any physical computers for the storage of any business records or customer information, so no physical computers containing such data were removed from any location so far as he is aware. In preparation for bankruptcy filing, after the company closed on November 15 2017, the core team left used their best efforts to make backups of data on cloud services, including accounting data, payroll data, other financial records, Google GSuits for email, docs and calendars, etc. That data is backed up in several places now (on cloud backup accounts, and on a hard disk that Jim Newton purchased with his own money to facilitate backup and transfer of the data to the trustee) and can be made available to the Jim Newton can facilitate the transfer of that data, as could Mike Hilberman. |

**EXHIBIT B**

Case: 18-50398    Doc# 53-1    Filed: 04/16/18    Entered: 04/16/18 15:33:07    Page 9 of 13

| Items Requested from Trustee | Request Date | Production Date | Update/Explanation |
|---|---|---|---|
| 4. Explain the interrelationship between Techshop Inc. and the subsidiaries. On the petition date, who were the managing members of each LLC? How were the revenues booked? How were expenses handled? (note intercompany payables on balance sheet as of 2-19-18 list intercompany payables of $30,191,754) -were there any payments to anyone after October 2017? If so, need a list of payments to complete SOFA) | 3/15/2018 | | TechShop, Inc. provided operational direction and administrative support (payroll, benefits, legal, HR, finance & accounting) to the LLCs. Managing members of LLCs were all officers of TechShop, Inc. We should be able to produce relevant incorporation documents and operating agreements. Mike Hilberman could elucidate on how revenues and expenses were booked. Yes, there were payments made in November 2017 prior to the November 15 shutdown. The SOFA includes disclosures related to these. We should be able to produce bank records. Bankruptcy counsel and Mike Hilberman's company Early Growth Financial Services were paid in November for current services. Jim Newton provided testimony at 341 meeting. Additionally, Mike Hilberman should be able to answer bookeeping questions but will require a few hours of time to do so. |
| 5. Explain agreement with First National Bank of Omaha (on Sch A/B as "escrow account as collateral for credit card balances with balance of $192,764.39). Trustee has requested but not received any of the documentation for this account (per Dan Woods, he requested from Mike Hilberman) | 3/15/2018 | | Information was requested of Mike Hilberman. However, his firm, Early Growth Financial Services is unwilling to provide further administrative services until they are paid in advance for their services. |
| 6. Are there records maintained to identify items belonging to customers? | 3/15/2018 | | No there are not. Customers purchased various sizes of storage units and were responsible for securing their own personal effects in their assigned storage space inside the maker premises. Each LLC kept track of this information in different ways. With the store general managers and staff gone, it will be difficult to obtain information. The LLCs have provided numerous sessions for people to retrieve their belongings, but there are certainly still more customer with their stuff still in rental offices or lockers. We could make an announcement on the techshop.com web page asking people to indicate the LLC location and what they still have in storage. |
| 7. Brooklyn: Were assets foreclosed/voluntarily surrendered to NYC EDC? *provide security agreement | 3/15/2018 | 3/15/2018 In cloud | See UCC folder. No, security rights determination/notification was delivered by NYCEDC (letter attached). |
| 8. Status with Fujitsu: are there any remaining payment obligations by Fujitsu? | 3/15/2018 | | Technically yes. $250K due later this year. However, Fujitsu notified Paul Duggan and TechShop Global that they are cancelling the agreement. We can try to locate and provide any written notice. Paul Duggan would have further details. Jim Newton believes it unlikely that TechShop, Inc. would be successful in getting Fujitsu to pay. |
| 9. Explain relationship between Debtor and Techshop Global Ltd and why believe Techshop Inc. has an equitable claim against Techshop Global Ltd. What is the status of Techshop Global Ltd? Are they still operating? (per Matt, yes) *provide copies of underlying agreements | 3/15/2018 | 3/15/2018 In cloud | TechShop Global is an independent entity that provided TechShop, Inc. with business development representation overseas. Their revenue sources included fees from TechShop, Inc. for licenses that they facilitated as well as fees from their own consulting business. It continues to operate and is attempting to grow a consulting business to compensate for loss of TechShop, Inc business. No TechShop, Inc. Directors, Officers or employees were employed by TechShop Global, nor did TechShop Global's CEO hold a position with TechShop, Inc. In spite of the name, the two entities were always managed independently. |

Page 2 of 5

**EXHIBIT B**

Case: 18-50398    Doc# 53-1    Filed: 04/16/18    Entered: 04/16/18 15:33:07    Page 10 of 13

| Items Requested from Trustee | Request Date | Production Date | Update/Explanation |
|---|---|---|---|
| 8. Is Autodesk a party to any security agreements with any of the LLCs? If not, what is the basis for Autodesk recording UCC-1s against some of the LLCs? If AutoDesk's liens filed against the LLC subsidiaries is avoidable, is there any equity in the assets using a fair market valuation and taking into account the damage claims by the landlords, other parties that may not be on the subsidiary balance sheets? | 3/15/2018 | | Autodesk has security agreements at almost all the LLCs. In STL, Arlington, and Brooklyn it signed subordination agreements to the respective partners (NYCEDC for Brooklyn, Cortex Innovation District in STL, and Vornado (the landlord) in Arlington). |
| 9. Did the Debtor receive any income after October 31, 2017? Who paid it? How much? Why was it paid? What happened to it? | 3/15/2018 | | During the first two weeks of November 2017 revenue was received for product/service sales, events, ongoing operations, etc. Finance/Mike Hilberman would have detail. |
| **B. Additional Document/Information requests** | | | |
| 1. Provide contact information for Detroit landlord | 3/15/2018 | 4/11/2018 in cloud | See Landlord contact info folder |
| 2. Provide contact information for the landlord of the Round Rock, TX location | 3/15/2018 | 4/11/2018 in cloud | See Landlord contact info folder |
| 3. Provide list of tools and equipment located at RBC LLC (storage facility in Hayward) How long paid up for? Who has key? Contents subject to lease/lien? a. *provide copy of agreement | 3/15/2018 | | We do not have documents available but Jim Newton believes stored in the two 20-foot trailers were non-critical materials and tools from the original Menlo Park location such as scrap materials, lumber and nold doors. We do not know who has the key. Jim Newton has checked with former employees, and no one seems to have an answer. Jim believes the unit was paid up through October 2017. |
| 4. Provide accounts receivable for the Debtor and supporting documentation (contracts, invoices, any correspondence relevant to collection) | 3/15/2018 | | Would require Mike Hilberman's input. |
| 5. Provide bank statements with cancelled checks for all accounts of TechShop, Inc. (2016 and 2017 counsel has-provide 2018 statements) | 3/15/2018 | 3/15/2018 - 2016, 2017 in 2018 statements still outstanding | |
| 6. The schedules list software with a value of $420,784.44 per the tax records: Provide a list of the software the Debtor owns and the underlying documentation. If the software is subject to licenses, provide details and supporting documentation | 3/15/2018 | | We will follow up on this item. Could require Mike Hilberman's input. |
| 7. Schedules list machinery and equipment with a value of $49,543.84 per the tax records. Provide a detailed list of what the Debtor owns, where located, and confirm not under lease or sales contract | 3/15/2018 | | We will follow up on this item. Could require Mike Hilberman's input. |
| 8. Provide more information on Adeo-prepaid licensing fees per Schedules with a listed value of $341,215. Per Sofa, received $1,000,000 in Jan. 2017. Provide underlying documentation re amounts owing to Debtor | 3/15/2018 | | We will follow up on this item. Could require Mike Hilberman's input. |
| 9. Provide documentation in support of San Mateo County Tax Collector statutory lien (Sch D) | 3/15/2018 | | We will follow up on this item. |
| 10. Provide last 2 years of federal income tax returns for Debtor (per Dan Woods, 2014 and 2015 were the last two returns which he has requested from Mike Hilberman) | 3/15/2018 | | last filed return was 2015 - need FULL RETURN for 2014 and 2015 |
| 11. Provide financial records in electronic form (per Dan Woods, he has requested from Mike Hilberman) | 3/15/2018 | | this refers only to quickbooks files, correct? If not, please advise. |

**EXHIBIT B**

Case: 18-50398  Doc# 53-1  Filed: 04/16/18  Entered: 04/16/18 15:33:07  Page 11 of 13

| Items Requested from Trustee | Request Date | Production Date | Update/Explanation |
|---|---|---|---|
| **C. Purchase Offer Info Requests** | | | |
| • All TechShop SBU (Safety & Basic Use) and other class materials - Who has access to the soft copies of the materials and where are they located? | 4/3/2018 | | I sent an email to Mike Catterlin and Louise Larson (former marketing heads) to see how much of this information we can get our hands on right away. -Dan Woods |
| • All TechShop social media properties Who has access to these accounts and has passwords, etc., so that the accounts can be passed off to a buyer? | 4/3/2018 | | From a finance function perspective we did not manage the social media or marketing or training assets, so there is no information that I can easily provide. -Mike |
| • All Facebook Properties -<br>• Corporate - https://www.facebook.com/techshopinc<br>• DC Location - https://www.facebook.com/TechShopDC<br>• Chandler Location - https://www.facebook.com/TechShopChandler<br>• Austin Location - https://www.facebook.com/TechShopAustinRoundRock/<br>• LA Almost-Location -<br>https://www.facebook.com/TechShopLA/?fref=pb&hc_location=profile_browser<br>• Pittsburgh Location -<br>https://www.facebook.com/TechshopPGH/?fref=pb&hc_location=profile_browser<br>• Raleigh Location - https://www.facebook.com/TechShop-RDU-1275827703928922/?fref=pb&hc_location=profile_browser<br>• San Jose Location -<br>https://www.facebook.com/techshopsanjose/?fref=pb&hc_location=profile_browser<br>• Redwood City Location? -<br>https://www.facebook.com/pages/TechShop/109460532406246?ref=br_rs<br>• San Francisco Location? - ?????<br>• Menlo Park - Location - ?????<br>• Brooklyn Almost-Location - https://www.facebook.com/TechShopBK/?fref=br_rs<br>• Detroit Location - ?????<br>• St. Louis Almost-Location - ????? | 4/3/2018 | | |
| • All Twitter Properties -<br>• Corporate - @techshop<br>• DC Location - @MakeDCA<br>• Chandler Location - @TechShopCH<br>• Austin Location - @TechShopAustin<br>• LA Almost-Location - @TechshopLA<br>• Pittsburgh Location - @TechShopPGH<br>• Raleigh Location - @TechShopRDU<br>• San Jose Location - @TechShopSJ<br>• Redwood City Location? - @?????<br>• San Francisco Location? - @TechShopSF<br>• Menlo Park Location - @TechShopMP<br>• Brooklyn Almost-Location - @TechshopBK<br>• Detroit Location - @TechShopDetroit<br>• St. Louis Almost-Location - @TechShopSTL | 4/3/2018 | | |

**EXHIBIT B**

Case: 18-50398    Doc# 53-1    Filed: 04/16/18    Entered: 04/16/18 15:33:07    Page 12 of 13

| Item: Requested from Trustee | Request Date | Production Date | Update/Explanation |
|---|---|---|---|
| All LinkedIn Properties -<br>• https://www.linkedin.com/company/techshop-inc/ | 4/3/2018 | | |
| • All Pinterest Properties -<br>• Corporate -<br>• DC Location - https://www.pinterest.com/techshopdca/<br>• Chandler Location - https://www.pinterest.com/techshopch/<br>• Austin Location - https://www.pinterest.com/techshopaustin/<br>• LA Almost-Location - ?????<br>• Pittsburgh Location - https://www.pinterest.com/techshoppgh/<br>• Raleigh Location - ?????<br>• San Jose Location - https://www.pinterest.com/techshopsj/<br>• Redwood City Location? - ?????<br>• San Francisco Location? - https://www.pinterest.com/techshopsf/<br>• Menlo Park Location - ?????<br>• Brooklyn Almost-Location - ?????<br>• Detroit Location - ?????<br>• St. Louis Almost-Location - ????? | 4/3/2018 | | |
| Any other IP that makes up the essence of TechShop<br>(we can discuss to define this if there are some things that you believe would fit in this category).... Items like –<br>• Photography<br>• Graphic designs<br>• Website designs<br>• Presentations<br>• Other....<br>Any idea where any of these items might be and who has access to them? | 4/3/2018 | | |

**EXHIBIT B**

Case: 18-50398    Doc# 53-1    Filed: 04/16/18    Entered: 04/16/18 15:33:07    Page 13 of 13