ALLAN D. SARVER SBN106282
LAW OFFICES OF ALLAN D. SARVER
16000 Ventura Boulevard
Suite 1000
Encino, California 91436

Telephone No.: (818) 981-0581
Facsimile No.: (818) 981-0026
E-Mail: ADS@asarverlaw.com

Attorney for M2 Lease Funds, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DIVISION OF CALIFORNIA

SAN JOSE DIVISION

In re

TECHSHOP, INC.

            Debtor.

Case No. 18-50398

Chapter 7
Hon. M. Elaine Hammond

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

    M2 Lease Funds, LLC ("M2") by it's counsel, moves for relief from the automatic stay (the "Motion"). The Motion is based on the memorandum of points and authorities herein, the declaration of Russell Long, Esq., and the notice of hearing on the Motion filed

Motion for Relief from Stay

concurrently herewith, the pleadings and papers on file herein and such other evidence as may be submitted orally or in writing to the Court at or before the hearing on the Motion. In support of the Motion, M2 respectfully states as follows:

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C §§157 and 1334. Venue is proper in this district pursuant to 28 U.S.C §§1408 and 1409.

2. The relief sought with this Motion is based upon 11 U.S.C. §362(d)(1)&(d)(2),Rule 4001 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 4001-1.

## FACTUAL BACKGROUND AND RELEVANT LEASE DOCUMENTS

3. On December 10, 2013, M2 and the Debtor, TechShop, Inc., entered into a lease agreement whereby Debtor leased from M2, a "Flow Integrated Waterjet System Model M2-2031b... for a period of sixty (60) months. The monthly lease amount is $1,824.00. A true and correct copy of said Lease and the amendment thereto is Exhibit "A" hereto. A true and correct copy of M2's filed UCC-1 Financing Statement is Exhibit "B" hereto.

4. Debtor filed for relief under chapter 7 of Title 11 of US Code on February 26, 2018.

5. As of the petition date, the unpaid balance due under the Lease is approximately $41,529.00 plus attorney fees and costs as provided for by said lease. No lease payments have been made by debtor or the chapter 7 trustee, postpetition. As of the April, 2018, the postpetition unpaid lease payments total $3,648.00 plus late

Motion for Relief from Stay -2-

charges of $1,914.41; Lease Default Amount Per Para. 17 of Lease: $15,903.20. $41,529.61 is the current default balance. (see R. Long Declaration and Exh. C)

**BASIS FOR RELIEF**

6. This Honorable Court should grant relief under 11 U.S.C. §362(d)(1) for "cause," which includes a lack of adequate protection. <u>11 U.S.C. §362(d)</u> provides in part:

"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from [the automatic stay], such as by terminating annulling, modifying, or conditioning such stay -

    (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; [or]

    (2) with respect to a stay of an act against property ... if -

        (A) the debtor does not have an equity in such property; and

        (B) such property is not necessary to an effective reorganization; ..."

"The decision whether to grant or deny stay relief is within the broad discretion of the bankruptcy court." <u>In re Kronemyer</u>, 405 B.R. at 919

Movant is a creditor of the Debtor and has standing to pursue the relief prayed for herein. "The Code does not define the term "party in interest," but section 1109 suggests that the term includes... a Creditor..." <u>Collier Bankruptcy Manual, Fourth Ed.,</u> Sec. 362-61, Sec. 362.07[2]

7. M2 is the lessor of the personal property described in the said Lease and further, has a perfected UCC-1 security interest in the leased property. As of the petition date, Debtor is obligated to M2 for unpaid lease payments in the sum of $41,529.00. No payments are

Motion for Relief from Stay     -3-

being made to M2 for the use of its leased property, postpetition. Debtor went into default originally on November, 2017.

8. This is a chapter 7 proceeding in which the chapter 7 trustee is administering this case. Therefore, there is no real expectation for any additional lease payments from the estate, or otherwise payment of adequate protection for the use of said personal property, if same is being used at all.

9. The Court also should grant relief from stay pursuant to 11 U.S.C. § 362(d)(1) & (d)(2) on the basis that neither Debtor nor the bankruptcy estate are making payments for the use of the property and further, neither have any equity interest in said property which is not necessary to an effective reorganization. As a threshold matter, the Debtor owns no interest in the subject leased property.

**WHEREFORE**, for these reasons, including any other reasons which may be presented at oral argument, M2 respectfully requests that the Court enter an Order granting relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and proceed under applicable nonbankruptcy law to enforce its remedies to repossess and obtain possession of the personal property which is the subject of the M2 Lease.

M2 further requests that the 14-day stay prescribed by FRBP4001(a)(3) is waived.

Dated: April 10, 2018

LAW OFFICE OF ALLAN D. SARVER

By: /s/ Allan D. Sarver
ALLAN D. SARVER, ATTORNEY
FOR M2 LEASE FUNDS, LLC

Motion for Relief from Stay — 4 —

5

EXHIBIT "A"



**LESSEE:** TechShop, Inc.

**ADDRESS:** 120 Independence Drive, Menlo Park, CA 94025

m² LEASE FUNDS LLC (the Lessor) intends to provide a "plain English" Lease Agreement for the convenience of its customers. In this Agreement, "I", "my", "me" and "customer" means the Lessee, and "you" and "your" means the Lessor.

1. **LEASE.** I agree to lease from you the equipment or other personal property described below ("Equipment") under the terms of this Agreement. You and I agree that this Agreement is a TRUE LEASE. Time is of the essence of this Agreement.
2. **EQUIPMENT.** I confirm that I specified the type, quantity and supplier of the Equipment, without your assistance. I requested you to purchase the Equipment and lease it to me. You agree to do so. You have made no warranties or representations regarding the Equipment. Any delays in shipment will not affect my duties under this Agreement. I will be responsible for making all rental payments, even if there is a problem or defect with the Equipment, or it is not suitable for my purposes, or its delivery is delayed. You may file precautionary financing statements, and I will sign other documents, as you deem necessary to evidence or perfect your interest in the Equipment. You may insert serial numbers and other information regarding the Equipment on this Agreement if unavailable on this date.
3. **TERM.** The lease shall begin on the First Payment Date and end upon the expiration of the Initial Term of Lease, as set forth below.
4. **RENTAL PAYMENT.** I agree to pay you the rental payments described below. The initial payment is due on the First Payment Date and payments will continue to be due on the same day of each following month during the term of the lease. Payments must be made to you at 175 N. Patrick Blvd., Suite 140, Brookfield, WI 53045, or to such other address as is specified by you. My obligation to pay rent and other charges under this Agreement shall not be subject to any defense, counterclaim, or set-off. Rental payments are not refundable.
5. **DEPOSIT.** If so noted below, you acknowledge that I have paid a Lease Deposit in the amount indicated. You and I agree this is a deposit and not an advance rental payment. If I am not in default upon the termination of the lease, you agree to return the deposit to me.
6. **LOCATION.** The Equipment will be operated out of and, when not in use, will be kept only at the location specified below, unless you consent in writing to allow me to move it. You may enter any premises under my control to inspect the Equipment and may remove it if in your judgment it is being abused or misused.
7. **TITLE.** This Agreement is a lease only. I have no right, title or interest in the Equipment except the right to use it during the term of this Agreement. I will not remove, sell, transfer, pledge, encumber, sublet, part with possession of, or allow another to use the Equipment. I agree that you may put your identifying markings on the Equipment.
8. **USE.** I agree that the Equipment will be used by me in the conduct of my business and in a manner complying with all applicable laws and regulations. The Equipment will only be used within the intended uses of the manufacturer, by trained, competent personnel.
9. **MAINTENANCE; ALTERATIONS.** I will keep the Equipment in good condition, in operating order, and properly serviced, repaired and maintained. I will make sure that any manufacturer's warranty remains valid. I will pay and be responsible for all of the costs of performing these duties. Without your prior written consent, I will not affix any attachments to the Equipment or alter the Equipment in any way. Any improvements, replacements, additions and repair parts to the Equipment shall become your property, free of all liens, and shall be deemed part of the Equipment. The Equipment is, and shall remain, personal property, even if any item of Equipment becomes affixed or attached to real property or any improvement thereof.
10. **RISK OF LOSS.** I assume all risk of loss, damage or theft of or to the Equipment, from any cause, until the Equipment is returned to you. No loss, theft, damage or destruction of the Equipment will release me from any of my obligations under this Agreement. If the Equipment is lost, stolen, damaged or destroyed, I shall, at your option, either replace or repair the Equipment at my expense, or pay to you as liquidated damages an amount equal to 20% of the Equipment Cost, plus any past due rent and other amounts due hereunder, plus the remaining scheduled rental payments, minus any insurance proceeds you may have received with respect to the Equipment. I agree to defend and indemnify you and your affiliates, successors and assigns from any loss or damage to the Equipment or its contents occurring prior to the time I return the Equipment to you, and from all claims, damages, liabilities, losses and expenses arising out of the use or condition of the Equipment.
11. **RETURN.** Upon termination of this Agreement, I will at my expense return the Equipment to a location specified by you, in the same condition as when received, reasonable wear and tear excepted. I will pay all charges incurred by you to repair excessive wear and tear. If I fail to return the Equipment upon termination of this Agreement, then in addition to any other amounts due to you, I will be liable to you for a daily amount computed on a pro rata basis based upon the scheduled periodic rental payment.
12. **TAXES.** In addition to the rental payments, I agree to pay and be responsible for all taxes, fees, levies, duties and assessments imposed by any government or taxing authority upon or with respect to (a) the purchase, ownership, possession, lease, repair, sale or use of the Equipment; or (b) the rental payments or other payments required under this Agreement.
13. **INSURANCE.** Until the Equipment is returned to you, I shall at my expense keep the Equipment and your interest therein insured against fire, theft, physical damage and other hazards for at least the replacement value of the Equipment; and I shall maintain public liability and property insurance with minimum limits of $1,000,000 per person and $1,000,000 per occurrence for bodily injury, including death, and $1,000,000 per occurrence for property damage. You may also require me to maintain product liability insurance. All required insurance must be placed with companies satisfactory to you, shall list you as an additional insured and/or loss payee, and shall provide that you will be given 30 days' notice prior to cancellation, lapse or expiration. Upon your request from time to time, I will provide you with a copy of an insurance certificate or of the insurance policies themselves to demonstrate that required insurance is maintained at all times. I assign (and direct any insurer to pay) to you the proceeds of all such insurance, and authorize you as my attorney-in-fact to receive payment of such proceeds, to endorse all checks, and to endorse any policy documents. You may, at your option, apply insurance proceeds to any unpaid rental payments, and/or to repair of the Equipment, returning any excess to me. You are authorized, in my name or otherwise, to make, adjust and/or settle claims under any insurance. My liability to you will not be limited by the amount or terms of any insurance maintained by me.
14. **LATE PAYMENTS.** If I fail to make a rental payment or other payment due hereunder within 10 days after it is due, I will, at your option, either pay a late charge equal to $15.00 or pay interest on the delinquent payment from the due date until paid at the lesser of 18% per year or the highest legal rate.
15. **PAYMENT OF TAXES AND INSURANCE.** If I fail to maintain insurance or to pay taxes as required by this Agreement, you shall have the right, but not the obligation, to make premium and tax payments. I will reimburse you for any such payments made upon demand, and will pay interest upon all such amounts from the date demanded until paid at the lesser of 18% per year or the highest legal rate.

Page 1 of 2

Case: 18-50398    Doc# 58    Filed: 04/17/18    Entered: 04/17/18 15:22:45    Page 6 of 13

16. **NO WARRANTIES; DISCLAIMER.** THE EQUIPMENT IS LEASED "AS IS". THERE ARE NO EXPRESS OR IMPLIED WARRANTIES UNDER THIS AGREEMENT. THE IMPLIED WARRANTIES OF MERCHANTABILITY, FITNESS FOR ANY PARTICULAR PURPOSE OR USE, AND NON-INFRINGEMENT ARE SPECIFICALLY DISCLAIMED. MY SOLE WARRANTIES, IF ANY, ARE THOSE PROVIDED IN A SEPARATE DOCUMENT BY THE MANUFACTURER OF THE EQUIPMENT, AND YOU ARE NOT LIABLE UNDER THOSE WARRANTIES. IN NO EVENT SHALL YOU BE LIABLE FOR ANY SPECIAL, INCIDENTAL, INDIRECT OR CONSEQUENTIAL DAMAGES IN CONNECTION WITH THIS AGREEMENT OR THE EQUIPMENT.
17. **DEFAULT; REMEDIES.** I shall be in default under this Agreement if one or more of the following occurs: (a) I fail to make any rental or other payment when due hereunder; (b) I fail to maintain any insurance I am required to maintain hereunder or to comply with the terms of the insurance; (c) I attempt to assign this Agreement or any of my rights or duties hereunder, or attempt to remove, sell, transfer, pledge, encumber, sublet, part with possession of, or allow another to use the Equipment; (d) I become bankrupt or insolvent; (e) the Equipment is lost, stolen, destroyed, or damaged such that it cannot be repaired for a cost less than its fair market value; (f) I fail to perform any of my other obligations under this Agreement; or (g) if I am an entity, I undergo a merger, or the controlling interest in my equity becomes owned by person(s) who do not own it on the date of this Agreement. If I am in default, you will have all of the rights and remedies provided by law and by this Agreement; and I agree that you may terminate this Agreement. If you do so, I will lose all rights to keep the Equipment. You will have the right to take the Equipment without demand or notice. To repossess it, you may enter the premises where the Equipment is stored and remove it. Repossession of Equipment by you will not release me from any of my obligations under this Agreement. I agree that you may sell the Equipment, re-lease it or otherwise dispose of it in any commercially reasonable manner, and I will be responsible for the costs of disposition. I agree to pay you, as liquidated damages for my default and not as a penalty, an amount equal to (i) any past due rent; plus (ii) all of the scheduled rental payments for the remainder of the term; plus (iii) 20% of the Equipment Cost, plus (iv) any late charges and other amounts due under this Agreement, plus (v) your costs and expenses (including without limitation, attorney fees and expenses) incurred in enforcing this Agreement, minus any net proceeds (discounted to present value at 3% per annum) resulting from your disposition of the Equipment.
18. **ASSIGNMENT.** This Agreement shall be binding upon my and your heirs, administrators, and permitted successors and assigns. I may not assign this Agreement or any rights or duties hereunder, whether voluntarily or by operation of law, without your prior written consent. I acknowledge and agree that you may assign this Agreement, and that any assignee of yours will be entitled to all of the benefits of this Agreement.
19. **CREDIT REVIEWS.** I agree that you may review my credit from time to time in connection with this Agreement. I will provide you with accurate, complete financial statements and other financial information about me upon your request.
20. **TOTALITY OF AGREEMENT.** This Agreement, together with any schedules, riders or addenda attached hereto, contains the entire agreement between you and me, and no other representations, negotiations or statements, whether written or oral, shall be binding. Any amendments to this Agreement must be made in a writing signed by me and you.
21. **CONSENT TO JURISDICTION; WAIVER OF JURY TRIAL.** Any action for the enforcement of this Agreement shall be venued in the U.S. District Court for the Eastern District of Wisconsin or the Waukesha County Circuit Court in Waukesha, Wisconsin. I consent to personal jurisdiction in those courts, and waive any defenses that I otherwise might have relating to personal jurisdiction. I waive my right to a jury trial in connection with any future litigation that may become necessary relating to the enforcement of this Agreement, the repossession of the Equipment, or the collection of any amounts that I might owe. The internal laws of the State of Wisconsin shall govern this Agreement.

**INITIAL TERM OF LEASE:** 60 months

**NUMBER OF RENTAL PAYMENTS:** 60 months

**PERIODIC RENTAL PAYMENT:** $1,644

**FIRST PAYMENT DATE:** December 10, 2013

**PROCESSING FEE:** ~~$556.00~~ $500.00

**EQUIPMENT COST:** $ 79,516

**EQUIPMENT SELLER:** Flow International Corp

**DESCRIPTION OF EQUIPMENT (INCLUDING ALL ATTACHMENTS, ACCESSORIES, AND SUBSTITUTIONS):**

Flow Integrated Waterjet System Model M2-2031b, Precision Z-Axis with conventional Waterjet, Paser ECL Plus Cutting System, 30SA-60 Intensifier Pump, UltraPierce, and Water-only Cutting Kit

**LOCATION OF EQUIPMENT:** 249 East Chicago Street, Chandler, AZ 85225

NOTICE TO LESSEE: DO NOT SIGN THIS AGREEMENT BEFORE YOU HAVE READ IT, EVEN IF OTHERWISE ADVISED. YOU ARE ENTITLED TO A COPY OF ANY AGREEMENT YOU SIGN. THIS AGREEMENT SHALL NOT BE BINDING UNTIL IT HAS BEEN SIGNED AND ACCEPTED BY LESSOR. THIS LEASE IS NON-CANCELABLE.

LESSEE: TechShop, Inc.
BY: [signature]
TITLE: Managing Director, Operations
DATE OF AGREEMENT: 8/27/2013

LESSOR: m² Lease Funds LLC
BY: [signature]
TITLE: CFO
DATE OF ACCEPTANCE: 11/26/13

Page 2 of 2

Case: 18-50398    Doc# 58    Filed: 04/17/18    Entered: 04/17/18 15:22:45    Page 7 of 13



# AMENDMENT TO LEASE AGREEMENT

Lease Agreement Dated October 22, 2013

LESSEE: TechShop, Inc.

LESSOR: m2 Lease Funds LLC

This Amendment shall serve to change the above referenced Lease Agreement as follows:

The equipment cost will change from $79,516.00 to $88,213.06

The payment amount will change from $1,644.00 to $1,824

In all other respects, the terms and conditions of the Lease Agreement remain in place and unchanged.

LESSEE: TechShop, Inc.          LESSOR: m2 Lease Funds LLC

Name: JAMES NEWTON              Name: CKinney
Title: FOUNDER                  Title: CEO
Date: 11/25/2013                Date: 11/26/13

Case: 18-50398   Doc# 58   Filed: 04/17/18   Entered: 04/17/18 15:22:45   Page 8 of 13

# EXHIBIT "B"

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
2627896672

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**
M2 Lease Funds, LLC
175 N. Patrick Boulevard, Suite 140
Brookfield, WI 53045
USA

DOCUMENT NUMBER: 40453480002
FILING NUMBER: 13-7387900876
FILING DATE: 11/22/2013 06:34
IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

- **1a. ORGANIZATION'S NAME:** TechShop, Inc
- **1c. MAILING ADDRESS:** 120 Independence Drive
- **CITY:** Menlo Park
- **STATE:** CA
- **POSTAL CODE:** 94025
- **COUNTRY:** USA
- **1e. TYPE OF ORGANIZATION:** Domestic Profit
- **1f. JURISDICTION OF ORGANIZATION:** CA
- **1g. ORGANIZATIONAL ID#:** C3187029

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - (blank)

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P)

- **3a. ORGANIZATION'S NAME:** m2 Lease Funds, LLC
- **3c. MAILING ADDRESS:** 175 N. Patrick Boulevard, Suite 140
- **CITY:** Brookfield
- **STATE:** WI
- **POSTAL CODE:** 53045
- **COUNTRY:** USA

**4. This FINANCING STATEMENT covers the following collateral:**

Lease 105822-Flow Integrated Waterjet System Model M2-2031b, Precision Z-Axis with conventional Waterjet, Paser ECL Plus Cutting System, 30SA-60 Intensifier Pump, UltraPierce, and Water-only Cutting Kit. HP Pump Serial number 913-14424 and XY Table serial number

130200-This financing statement is filed in connection with a true lease transaction, and is filed for precautionary purposes only. Lessor and lessee are neither acknowledging nor suggesting that the lease between them constitutes a "security agreement" or creates a "security interest" within the meaning of the Uniform Commercial Code. Insurance proceeds on above.

**8. OPTIONAL FILER REFERENCE DATA**
Lease 105822

FILING OFFICE COPY

EXHIBIT "C"

| Contract Number: | 105822 | Term of Contract: | 60 Months | Regular Payment Amount: | 1,824.00 |
| --- | --- | --- | --- | --- | --- |
| Customer: | TechShop, Inc. | Payment Frequency: | Monthly | Total Scheduled Payments: | 109,440.00 |
| Address Line 1: | 120 Independence Drive | Payment Structure: | Regular | Total Amount Applied: | 85,728.00 |
| Address Line 2: |  | Inception Date: | 11/26/13 | Current Schedule Balance: | 23,712.00 |
| City, State, Zip: | Menlo Park, CA | First Payment Date: | 12/22/13 |  |  |
| Equipment Description: | Flow Integrated WaterJet System | Maturity Date: | 11/26/18 |  |  |

* Indicates contract is a Loan

| Trx No. | Effective Date | Pmt Due Date | Dys Lt | Check Number | Transaction Amount T | Contract Payment | Sales Tax | Property Tax | Late Fees | Misc/ Other | T C | Equipment Purchase | Security Deposit | Unapplied Cash | Schedule Balance |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 1 | 11/26/13 | 12/22/13 |  | 6767002 | 500.00 P | .00 | .00 | .00 | .00 | 500.00 |  | .00 | .00 | .00 | 109,440.00 |
| 2 | 12/22/13 | 12/22/13 |  | 1 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 107,616.00 |
| 3 | 1/22/14 | 1/22/14 |  | 2 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 105,792.00 |
| 4 | 2/22/14 | 2/22/14 |  | 3 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 103,968.00 |
| 5 | 3/22/14 | 3/22/14 |  | 4 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 102,144.00 |
| 6 | 4/22/14 | 4/22/14 |  | 5 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 100,320.00 |
| 7 | 5/22/14 | 5/22/14 |  | 6 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 98,496.00 |
| 8 | 6/22/14 | 6/22/14 |  | 8 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 96,672.00 |
| 9 | 7/22/14 | 7/22/14 |  | 10 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 94,848.00 |
| 10 | 8/22/14 | 8/22/14 |  | 11 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 93,024.00 |
| 11 | 9/22/14 | 9/22/14 |  | 13 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 91,200.00 |
| 12 | 10/22/14 | 10/22/14 |  | 14 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 89,376.00 |
| 13 | 11/22/14 | 11/22/14 |  | 15 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 87,552.00 |
| 14 | 12/22/14 | 12/22/14 |  | 18 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 85,728.00 |
| 15 | 1/22/15 | 1/22/15 |  | 19 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 83,904.00 |
| 16 | 2/22/15 | 2/22/15 |  | 20 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 82,080.00 |
| 17 | 3/22/15 | 3/22/15 |  | 21 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 80,256.00 |
| 18 | 4/22/15 | 4/22/15 |  | 23 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 78,432.00 |
| 19 | 5/22/15 | 5/22/15 |  | 24 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 76,608.00 |
| 20 | 6/22/15 | 6/22/15 |  | 25 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 74,784.00 |
| 21 | 7/22/15 | 7/22/15 |  | 26 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 72,960.00 |
| 22 | 8/22/15 | 8/22/15 |  | 27 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 71,136.00 |
| 23 | 9/22/15 | 9/22/15 |  | 28 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 69,312.00 |
| 24 | 10/22/15 | 10/22/15 |  | 30 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 67,488.00 |
| 25 | 11/22/15 | 11/22/15 |  | 31 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 65,664.00 |
| 26 | 12/22/15 | 12/22/15 |  | 33 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 63,840.00 |
| 27 | 1/22/16 | 1/22/16 |  | 34 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 62,016.00 |
| 28 | 2/22/16 | 2/22/16 |  | 35 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 60,192.00 |
| 29 | 3/22/16 | 3/22/16 |  | 36 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 58,368.00 |
| 30 | 4/22/16 | 4/22/16 |  | 37 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 56,544.00 |
| 31 | 5/22/16 | 5/22/16 |  | 38 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 54,720.00 |
| 32 | 6/22/16 | 6/22/16 |  | 39 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 52,896.00 |
| 33 | 7/22/16 | 7/22/16 |  | 40 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 51,072.00 |
| 34 | 8/22/16 | 8/22/16 |  | 41 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 49,248.00 |
| 35 | 9/22/16 | 9/22/16 |  | 42 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 47,424.00 |
| 36 | 10/22/16 | 10/22/16 |  | 43 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 45,600.00 |
| 37 | 11/22/16 | 11/22/16 |  | 44 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 43,776.00 |
| 38 | 12/22/16 | 12/22/16 |  | 45 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 41,952.00 |
| 39 | 1/22/17 | 1/22/17 |  | 46 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 40,128.00 |
| 40 | 2/22/17 | 2/22/17 |  | 47 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 38,304.00 |
| 41 | 3/22/17 | 3/22/17 |  | 48 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 36,480.00 |
| 42 | 4/22/17 | 4/22/17 |  | 49 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 34,656.00 |
| 43 | 5/22/17 | 5/22/17 |  | 50 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 32,832.00 |
| 44 | 6/22/17 | 6/22/17 |  | 51 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 31,008.00 |
| 45 | 7/22/17 | 7/22/17 |  | 52 | 1,824.00 P | 1,824.00 | .00 | .00 | .00 | .00 |  | .00 | .00 | .00 | 29,184.00 |

| # | Date1 | Date2 | Code | Amount | TT | Value1 | Col1 | Col2 | Col3 | Col4 | Col5 | Col6 | Col7 | Balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 46 | 8/22/17 | 8/22/17 | 53 | 1,824.00 | P | 1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 27,360.00 |
| 47 | 9/22/17 | 9/22/17 | 54 | 1,824.00 | P | 1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 25,536.00 |
| 48 | 10/22/17 | 10/22/17 | 55 | 1,824.00 | P | 1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 23,712.00 |
| 49 | 11/22/17 | 11/22/17 | 56 | 1,824.00 | P | 1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 21,888.00 |
| 50 | 11/22/17 | 11/22/17 | 56 | -1,824.00 | R | -1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 23,712.00 |
| 51 | 12/06/17 | 11/22/17 14 | 68 | 1,824.00 | P | 1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 21,888.00 |
| 52 | 12/06/17 | 11/22/17 | 68 | -1,824.00 | R | -1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 23,712.00 |
| 53 | 12/06/17 | 11/22/17 14 | 69 | 30.00 | P | .00 | .00 | .00 | 30.00 | .00 | .00 | .00 | .00 | 23,712.00 |
| 54 | 12/06/17 | 11/22/17 | 69 | -30.00 | R | .00 | .00 | .00 | -30.00 | .00 | .00 | .00 | .00 | 23,712.00 |
| 55 | 12/22/17 | 12/22/17 | 80 | 1,824.00 | P | 1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 21,888.00 |
| 56 | 12/22/17 | 12/22/17 | 80 | -1,824.00 | R | -1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 23,712.00 |
| 57 | 1/22/18 | 1/22/18 | 101 | 1,824.00 | P | 1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 21,888.00 |
| 58 | 1/22/18 | 1/22/18 | 101 | -1,824.00 | R | -1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 23,712.00 |
| 59 | 2/22/18 | 2/22/18 | 121 | 1,824.00 | P | 1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 21,888.00 |
| 60 | 2/22/18 | 2/22/18 | 121 | -1,824.00 | R | -1,824.00 | .00 | .00 | .00 | .00 | .00 | .00 | .00 | 23,712.00 |
| Total: | | | | 86,228.00 | | 85,728.00 | .00 | .00 | 500.00 | .00 | .00 | .00 | .00 | 23,712.00 |

Default & Late Fees    17,817.61

**TOTAL DUE    $41,529.61**

Report Keys: TT Column Values for Transaction Type
  C = Credit Rental and Credit Memo
  D = Discount Automatic Update
  M = Miscellaneous Cash
  P = Cash Receipt and Unapplied Cash
  R = Return Check
  W = Write Off

TC Column Values for Misc/Other Transaction Code
  <blank>  Tran code not setup, or Miscellaneous Cash