MACDONALD | FERNANDEZ LLP
IAIN A. MACDONALD (SBN 051073)
MATTHEW J. OLSON (SBN 265908)
221 Sansome Street, Third Floor
San Francisco, CA 94104-2323
Telephone: (415) 362-0449
Facsimile: (415) 394-5544

Attorneys for Creditor,
BAKERY SQUARE RETAIL, L.P.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In Re:

TECHSHOP, INC.,

          Debtor.

Case No. 18-50398

Chapter 7

**BAKERY SQUARE RETAIL, L.P.'s MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: May 11, 2018
Time: 10:00 a.m.
Place: 280 South First Street, Room 3020
       San Jose, California

Hon. M. Elaine Hammond

      COMES NOW Bakery Square Retail, L.P. ("Landlord" or "Bakery Square"), which moves for an order determining that the automatic stay is inapplicable, or alternatively, for relief from the automatic stay (the "Motion"). The Motion is based on the memorandum of points and authorities herein, the declaration of Todd E. Reidbord, and the notice of hearing on the Motion filed concurrently herewith, the pleadings and papers on file herein, and such other evidence as may be submitted orally or in writing to the Court at or before the hearing on the Motion. In support of the Motion, Bakery Square respectfully states as follows:

1

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought with this Motion is based upon § 362(d)(1) and (2) of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of California (the "Local Rules").

## FACTUAL BACKGROUND

3. Bakery Square is the owner of commercial real property located at 6425 Penn Avenue, Pittsburgh, Pennsylvania (the "Premises").

4. TechShop Pittsburgh, LLC ("TechShop Pittsburgh") is a Pennsylvania limited liability company and subsidiary of TechShop, Inc., Debtor herein, whose address is 38 S. 2nd Street, San Jose, California.

5. TechShop Pittsburgh thereafter entered into a Lease with Bakery Square dated November 6, 2012, to rent approximately 16,067 square feet of space known as Tenant Space No. 110, situated on the first floor of Building 1 in the Premises for an initial term of ten (10) years commencing on or about January 1, 2013 (the "Lease"). (Reidbord Decl., Ex. A). Bakery Square and Debtor have never had a direct contractual relationship; there was no guarantee signed by Debtor or any individual principal of Debtor. *See* Ex. A.

6. TechShop Pittsburgh later entered into a Lease Termination Agreement dated September 15, 2017. (Reidbord Decl., Ex. B).

7. Pursuant to the terms of the Lease Termination Agreement, the Lease terminated on November 30, 2017. On or about January 10, 2018, Bakery Square commenced an action against TechShop Pittsburgh in the Court of Common Pleas of Allegheny County, Pennsylvania. (Reidbord Decl., Ex. C). Out of an abundance of caution, Bakery Square has not applied for entry of judgment because of the within bankruptcy filing to avoid any potential violation of the automatic stay.

8. TechShop Pittsburgh vacated the Premises on or about November 30, 2017, leaving

behind all of its equipment, which remains on the Premises (the "Abandoned Property").

9. Bakery Square believes that virtually all of the personal property, equipment and fixtures left on the Premises is the property of TechShop Pittsburgh.

10. The Debtor's Schedules recite that it owns "Miscellaneous furniture at various TechShop LLC's subsidiaries with a net book value of $4,243.52" [Amended Schedules, ¶39, Dkt. No. 45] and Debtor Amended Schedules show interest in 11 subsidiaries [Amended Schedules, ¶15, Dkt. No. 45].

11. The Debtor's Schedules and Statement of Financial Affairs indicates that there may be unidentified property of the Debtor situated at the Pittsburgh real property leased by TechShop Pittsburgh, Inc., but Debtor has not asserted any interest in the leasehold of TechShop Pittsburgh. Debtor's Amended Schedules states that it values TechShop Pittsburgh in the amount of $1.00 based in part on a "lost leasehold interest." Debtor's Amended Schedules also recites that the Debtor is the 100% owner of TechShop Pittsburgh [Amended Schedules, ¶15.8; Dkt. No. 45].

12. TechShop Pittsburgh has an outstanding balance of base rent, additional rent, and late payment charges (June 1, 2017 – April 30, 2018) in the amount of $214,151.02 ("Outstanding Balance"), which it has failed to pay or refused to pay. (Reidbord Decl., Ex. D) Bakery Square held a $38,092 Security Deposit, which has been applied to the foregoing.

13. Bakery Square searched the records of the Secretary of State of Pennsylvania and that search revealed UCC-1 filings by Firstlease, Inc. and Autodesk, Inc. in the name of TechShop Pittsburgh. There is no indication in those UCC-1 filings that the Debtor holds any interest or is subject to the claimed security interest of the secured creditors, and the personal property situated on the Premises.

## LEGAL ANALYSIS

14. It is axiomatic that property which is not property of the Estate or an entity which is not the debtor is not protected by the automatic stay. *See*, *e.g.*, 11 U.S.C. § 362(a). Here, the automatic stay is inapplicable as to Bakery Square and the Abandoned Property left at the Premises because the tenant is not the Debtor and the Abandoned Property does not belong to the Debtor. Indeed, the Debtor's Schedules exclude Bakery Square and the Lease. The Schedules also do not list

3

Case: 18-50398    Doc# 68    Filed: 04/27/18    Entered: 04/27/18 13:07:36    Page 3 of 6

TechShop Pittsburgh as a co-debtor. The Lease and Lease Termination Agreement are between Bakery Square and TechShop Pittsburgh only, and the Debtor is not a party to any such documents. Bakery Square has not received any information that the Debtor or its Estate have any rights under the Lease, including any rights to any of the property remaining at the Premises, including the Abandoned Property.

15. However, in an abundance of caution, Bakery Square seeks an order determining the automatic stay is inapplicable or, in the alternative, terminating the automatic stay to allow Bakery Square regain possession of the Premises and to dispose of the Abandoned Property in accordance with applicable nonbankruptcy law.

16. To the extent the automatic stay is applicable, the Court should grant relief under 11 U.S.C. § 362(d)(1) for "cause," which includes a lack of adequate protection. "'Cause' for granting relief from stay has no clear definition and is determined on a case-by-case basis." *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990) (citation omitted).

17. As set forth above, the prepetition lease between TechShop Pittsburgh and Bakery Square terminated prepetition, Bakery Square is owed more than $214,151.02, and Bakery Square continues to receive no payment or any other remedy under the Lease or the Lease Termination Agreement. Failure to meet the obligations under the Lease—including payment of post-petition rents—and the Termination Agreement constitutes cause for relief from stay. *See*, *e.g.*, *In re International Kitchens*, 6 B.R. 756, 761 (Bankr. D. Hawaii 1980) (debtor's failure to make post-petition rent payments constituted cause for relief from stay); *Western Equities, Inc. v. Harlan (In re Harlan)*, 783 F.2d 839, 841 (9th Cir. 1986) (debtor's failure to make post-confirmation balloon payment on promissory note—which was to be paid outside of debtor's confirmed plan and the obligation to make the balloon payment was not modified by the plan—was cause to grant relief from stay); *Ellis v. Parr (In re Ellis)*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985) (failure to make post-confirmation payments on secured claim constitutes cause to grant relief from stay). Further, given that a Chapter 7 Trustee is administering this Estate, there is no expectation for any payments or any adequate protection.

18. Moreover, TechShop Pittsburgh surrendered the Premises prepetition and has no interest in the Lease. Indeed, the Debtor's Schedules state that TechShop Pittsburgh "lost [its] leasehold interest." Accordingly, the property remaining at the Premises is abandoned with no use or protection, while it continues to depreciate in value.

19. In addition, to the extent the automatic stay is applicable, the Court also should grant relief pursuant to 11 U.S.C. § 362(d)(2) on the basis that the Debtor does not have any equity in the Premises or the Abandoned Property, and the Premises and the Abandoned Property are not necessary to an effective reorganization. As a threshold matter, the Debtor does not have an interest in the Premises and has not to date identified what assets, if any, it may own among the Abandoned Property.

20. Even assuming, arguendo, the Debtor held some beneficial interest in the Premises or the Abandoned Property by virtue of its ownership interest in TechShop Pittsburgh, it would be prohibited from receiving any distribution on account of its interest from TechShop Pittsburgh prior to satisfying its obligations to Bakery Square. *See* 15 Pa. C.S.A. § 8654. Indeed, the Debtor would be subject to liability for receiving such a distribution. *Id.* at § 8655. Moreover, with respect to the Abandoned Property a review of the scheduled values of Debtor's assets evidences that Debtor's interest in the Abandoned Property it is worthless because, *inter alia*, the equipment is subject to two UCC liens which far outweighs its perceived value.

21. Finally, Chapter 7 of the Bankruptcy Code does not provide for any reorganization of a debtor, so even if the Debtor had an interest in the Premises or the Abandoned Property, it is not necessary to an effective reorganization. *Ramco Industries v. Preuss (In re Preuss)*, 15 B.R. 896, 897 (B.A.P. 9th Cir. 1981) (holding that in a Chapter 7 case, the property of the estate is *per se* not necessary for an effective reorganization).

22. The Court may waive the 14-day stay of enforcement of an order granting relief from the automatic stay for cause. Fed. R. Bankr. P. 4001(a)(3). Cause exists in this case because of the significant prejudice suffered by Bakery Square from the continued refusal make the required payments and the fact that Bakery Square's tenant is not the Debtor, but Debtor's subsidiary. Also, a 14-day stay will interfere with the ordinary timeline for Bakery Square to recover possession of the

5

| | |
|---|---|
| 1 | Premises and dispose of the Abandoned Property under applicable nonbankruptcy law.  Hence, the |
| 2 | Court should waive the 14-day stay provided by Bankruptcy Rule 4001(a)(3). |

### **PRAYER FOR RELIEF**

WHEREFORE, for these reasons, including any other reasons presented at oral argument, Bakery Square respectfully requests that the Court enter an Order declaring that the automatic stay is inapplicable, or alternatively, grant relief from the automatic stay, to allow Bakery Square to recover possession of the Premises and to dispose of the Abandoned Property in accordance with applicable nonbankruptcy law.

DATED:  April 27, 2018              MACDONALD | FERNANDEZ LLP

By: /s/ Mathew J. Olson
Matthew J. Olson
Attorneys for Creditor,
BAKERY SQUARE RETAIL, L.P.

6