```
Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-996-8180
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>Debtor. | Case No. 18-50398 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**DECLARATION OF PROPOSED SPECIAL COUNSEL**<br>**(Parrish Law Offices)**<br><br>[No Hearing Required Unless Requested] |

I, James Pistorino, declare:

1. I am a partner with the Parrish Law Offices ("Law Firm"). This Declaration is filed in support of the Trustee's application for authority to engage the Law Firm for the purpose of pursuing pre-petition infringement litigation entitled *TechShop, Inc. v. Dan Rasure, TechShop 2.0 LLC, and TechShop 2.0 San Francisco LLC*, pending before the United States District Court, Northern District of California, Case No. 18-CV-01044 DMR ("Litigation").

2. The Trustee seeks to employ the Law Firm as her special counsel to be paid on a contingency fee basis to pursue the Litigation on behalf of the Debtor.

3. I am informed and believe and on that basis state that prior to the petition date, the Debtor, through its wholly owned subsidiaries, was involved with the maker space industry which allowed, among other things, users/members of the public to make items from a variety of materials using, advanced equipment available on a membership model. I am informed and believe and on

that basis state that prior to the petition date (i) the Debtor used the TechShop® trademark to market and sell its services throughout the United States and the world, (ii) the TechShop mark was registered with the United States Patent and Trademark Office in 2012 and was in full force and effect as of the date that the Debtor filed its bankruptcy petition.

4. I am informed and believe and on that basis state that prior to the petition date, the defendants in the Litigation began using the TechShop® marks without the permission or authorization of the Debtor. Prior to the petition date, the Debtor, through the Law Firm, commenced the Litigation against the defendants, asserting, among other things, federal trademark infringement under 15 U.S.C. §§ 1114 and 1125(a) and contributory trademark infringement, and vicarious trademark infringement.

5. I am informed and believe and on that basis state that the Trustee does not have the economic wherewithal to employ counsel on an hourly basis to pursue the Litigation and that her general bankruptcy counsel is not in a position to undertake the Litigation on a contingency fee basis. The Law Firm is willing to (i) pursue the Litigation on behalf of the bankruptcy estate on a contingency fee basis and (ii) advance certain costs to be reimbursed from any economic recovery. Under the terms of the contingency fee agreement, a copy of which is attached as hereto as Exhibit A, the Law Firm will be paid a contingency fee equal to 33% of the "net recovery" if the Litigation is resolved ten days prior to the initial trial or arbitration date, with the fee rising to 40% at any date thereafter. The term "net recovery" means: (1) the total amounts received by settlement, arbitration award or judgment, including any award of attorney's fees; (2) minus costs and distributions. Net recovery will also include the reasonable value of any non-monetary proceeds.

6. As pre-petition counsel to the Debtor in the Litigation, the Law Firm is already well versed in the facts and law involved in the Litigation.

7. I understand that a contingency fee is subject to Bankruptcy Court approval and I have asked the Trustee to retain the Law Firm under 11 U.S.C. §§ 327(c) and 328(a).

8. Prior to the petition date, I was a member of a maker shop located in Redwood City, California that operated under the name TechShop Mid-Peninsula, LLC, that closed its doors on or about November 15, 2017. Starting on or about January 15, 2018, I also was on the board of Maker

2

| | |
|---|---|
| 1 | Nexus, Inc., a non-profit corporation looking to establish a maker shop. I resigned my position on |
| 2 | the board of Maker Nexus on or about February 15, 2018. Other than the foregoing, I have no |
| 3 | connection with the Debtor, its attorney or accountants, the Trustee or her attorney and accountants, |
| 4 | the United States Trustee, or any other person employed in the Office of the United States Trustee, |
| 5 | creditors, or any other party in interest. As provided in 11 U.S.C. § 327(c), I believe that the Law |
| 6 | Firm is qualified for employment as special counsel for the Trustee, subject to the right of other |
| 7 | creditors to object to this proposed employment. |
| 8 |     I declare under penalty of perjury, except for statements made upon information and belief, |
| 9 | that the statements made herein are true and correct and if called upon as a witness I would testify |
| 10 | thereto. Executed this __2nd__ day of May, 2018 at Menlo Park, California. |

_____
James Pistorino

PARRISH LAW OFFICE
224 Lexington Dr.
Menlo Park, CA 94025
650-400-0043

May 2, 2018

ATTORNEY-CLIENT FEE AGREEMENT

Parrish Law Office ("Attorney") and Doris Kaelin ("Client"), solely in her capacity as the acting Chapter 7 trustee for the estate of TechShop, Inc., Case No. 18-50398, pending before the United States Bankruptcy Court, Northern District of California, San Jose Division ("Court") hereby agree that Attorney will provide legal services to Client on the terms set forth below.

1. **CONDITIONS**
   This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until: (a) Client returns a signed copy of this Agreement; (b) and Attorney acknowledges acceptance of representation by counter-signing this Agreement and returning a fully executed copy to Client. This Agreement is further subject to entry of an order approving Attorney's employment by the Court. Upon satisfaction of these conditions, this Agreement will be deemed to take effect as of February 16, 2018. Upon execution of this Agreement, Client will seek Court approval to engage Attorney.

2. **SCOPE OF SERVICES AND ATTORNEY'S DUTIES**
   Client hires Attorney to provide legal services in the following matter: alleged trademark and/or copyright infringement by Dan Rasure and TechShop 2.0 entities. Attorney will provide those legal services reasonably required to represent Client. Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. If a court action is filed, Attorney will represent Client through trial and post-trial motions. This Agreement does not cover representation on appeal or in collection proceedings after judgment or proceedings regarding renewal of a judgment. A separate written agreement for these services or services in any other matter not described above will be required. Attorney is representing Client only in the matter described above.

   This Agreement includes defending Client against, or representing Client in, any claims that may be asserted against Client as a cross-claim or counter-claim in Client's case.

3. **CLIENT'S DUTIES**
   Client agrees to be truthful with Attorney and not to withhold information. Further, Client agrees to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills on time (when allowed as provided at paragraph 4 below), and to keep Attorney advised of Client's address, telephone number and whereabouts. Client will assist Attorney by timely providing necessary information and documents, but only to the extent requested information and documents are available to Client. Client agrees to appear at all legal proceedings when Attorney deems it necessary, and generally to cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims.

1

EXHIBIT A

## 4. LEGAL FEES

Attorney will only be compensated for legal services rendered if a recovery is obtained for Client. If no recovery is obtained, Client will be obligated to pay only for costs, disbursements and expenses, as described in Paragraph 6. Attorney agrees, understands and acknowledges that (i) payment of any of its fees and costs is subject approval of the Court and (ii) it has reviewed and must comply with the "Court's Guidelines for Compensation and Expense Reimbursement of Professional and Trustees."

The fee to be paid to Attorney will be a percentage of the "net recovery," depending on the stage at which the settlement or judgment is reached. The term "net recovery" means: (1) the total of all amounts received by settlement, arbitration award or judgment, including any award of attorney's fees, (2) minus all costs and disbursements set forth in Paragraph 6. Net recovery will also include the reasonable value of any non-monetary proceeds.

Attorney's fee will be calculated as follows:

(a) If the matter is resolved before filing a lawsuit or formal initiation of proceedings, then Attorney's fee will be thirty-three percent (33%) of the net recovery;

(b) If the matter is resolved prior to 10 days before the initial trial or arbitration date, then Attorney's fee will be thirty-three percent (33%) of the net recovery; and

(c) If the matter is resolved after the times set forth in (i) and (ii), above, then Attorney's fee will be forty percent (40%) of the net recovery.

Client is a Chapter 7 bankruptcy trustee and Attorney is representing Client in her capacity as the Chapter 7 bankruptcy trustee of the TechShop, Inc. estate. As such, any obligations under this Agreement are obligations of the bankruptcy estate and not obligations of Client individually. Attorney must be employed by order of the Court and any payment to Attorney will be made only after entry of an order by the Court approving such fees and expenses.

In the event of Attorney's discharge, or withdrawal with justifiable cause, as provided in Paragraph 11, Client agrees that, subject to the approval of the Court, upon payment of the settlement, arbitration award or judgment in Client's favor in this matter, Attorney will be entitled to be paid by Client a reasonable fee for the legal services provided. Such fee will be determined by considering the following factors:

(1) The amount of the fee in proportion to the value of the services performed;

(2) The relative sophistication of the Attorney and the Client;

(3) The novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly;

(4) The likelihood, if apparent to the Client, that the acceptance of the particular employment will preclude other employment by the Attorney;

(5) The amount involved and the results obtained;

EXHIBIT A

Case: 18-50398    Doc# 80-1    Filed: 05/09/18    Entered: 05/09/18 06:30:56    Page 5 of 10

(6) The time limitations imposed by the Client or by the circumstances;

(7) The nature and length of the professional relationship with the Client;

(8) The experience, reputation, and ability of the Attorney;

(9) The time and labor required;

(10) The informed consent of the Client to the fee.

5. **NEGOTIABILITY OF LEGAL FEES**
Client understands that the rates set forth above are not set by law, but are negotiable between Attorney and Client.

6. **COSTS AND LITIGATION EXPENSES/OTHER ATTORNEY'S FEES**
Attorney will incur various costs and expenses in performing legal services under this Agreement. Upon approval of the Court, Client agrees to pay for all costs, disbursements and expenses paid or owed by Client in connection with this matter, or which have been advanced by Attorney on Client's behalf and which have not been previously paid or reimbursed to Attorney.

Costs, disbursements and litigation expenses commonly include court fees, jury fees, service of process charges, court and deposition reporters' fees, interpreter/translator fees, outside photocopying and reproduction costs, notary fees, long distance telephone charges, messenger and other delivery fees, postage, deposition costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultant, expert witness, professional mediator, arbitrator and/or special master fees and other similar items. Internal charges are billed at the following rates: (1) mileage – IRS Standard Mileage Rate; (2) in-house printing and photocopying – zero cents per page; (3) facsimile charges – zero cents per page; (4) messenger services – at cost; (5) postage at cost; and (6) computerized legal research at cost.

Client understands that, as set forth in Paragraph 7 below, a deposit for costs may be required before the expenditure is made by Attorney.

To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants or investigators. Attorney will select any expert witnesses, consultants or investigators to be hired, and Client will be informed of persons chosen and their charges.

Client authorizes Attorney to incur all reasonable costs and to hire any investigators, consultants or expert witnesses reasonably necessary in Attorney's judgment.

Attorney will obtain Client's consent before incurring any costs in excess of $1,000.

Attorney understands that there are currently no funds in the bankruptcy estate to pay expenses and costs, and that Client's ability to pay expenses and costs is dependent on recoveries in the action that is the subject of this Agreement.

3

### A. Client's Responsibility for Prevailing Party or Court Ordered Fees and Costs to Other Party

Client understands that if Client's case proceeds to court action or arbitration and Client loses or is not the prevailing party, the court may award Attorney fees as well as some or all of the type of costs enumerated in this Paragraph 6 to the winning or prevailing party or parties. Payment of such attorney fees and costs will be the sole responsibility of Client.

If an award of fees and/or costs to be paid by another party is sought on Client's behalf in this action, Client understands that the amount which the court may order as fees and/or costs is the amount the court believes the party is entitled to recover, and does not determine what fees and/or costs Attorney is entitled to charge Client or that only the fees and/or costs which were allowed were reasonable.

### B. Allocation of Court Award for Statutory or Contract Fees and Costs

Client agrees that any award of fees and costs that may be awarded pursuant to contract or statute will belong exclusively to Attorney. Client further agrees that, whether or not attorney's fees or costs are awarded by the court in Client's case, if there is a recovery other than an award of fees and costs pursuant to contract or statute Client will remain responsible for the payment, in full, of the attorney's fees and costs in accordance with this Agreement. However, any payment of court-awarded fees and/or costs by a third party will be credited against the amount of fees and/or costs owed by Client under this Agreement. Therefore, Client agrees that the attorney's fees and costs payable to Attorney pursuant to this Agreement shall be the greater of: (i) the amount otherwise owed to Attorney under this Agreement if the award of attorney's fees and costs were disregarded; or (ii) the amount of the court ordered award of attorney's fees and costs.

### C. Responsibility For and Allocation Of Sanctions

Client agrees that any award of fees and costs that may be awarded as discovery or other sanctions shall not be considered part of the Client's recovery and shall belong exclusively to Attorney as additional compensation for extraordinary time and effort.

The court may assess monetary sanctions, (including attorney fees and costs) against Client for bad faith conduct, including of discovery proceedings prior to trial, or inappropriate conduct during or even after trial. Any such award will be entirely the responsibility of Client.

7. **BILLS FOR COSTS AND EXPENSES**
Attorney will send Client periodic bills for costs and expenses incurred. Client may request a bill at intervals of no less than 30 days. If Client so requests, Attorney will provide one within 10 days. Bills for the cost and expense portion of the bill will clearly identify the costs and expenses incurred and the amount of the costs and expenses. Client agrees to promptly review all bills rendered by Attorney and to promptly communicate any objections, questions, or concerns about their contents.

4

**EXHIBIT A**

8. **CLIENT APPROVAL NECESSARY FOR SETTLEMENT**
   Attorney will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. Client retains the absolute right to accept or reject any settlement.

   _PAUT_ (Client initials here) _JB_ (Attorney initials here)

9. **PROFESSIONAL LIABILITY INSURANCE DISCLOSURE**
   Pursuant to California Rule of Professional Conduct 3-410, Attorney is informing Client in writing that Attorney has professional liability insurance.

10. **NO TAX ADVICE**
    Attorney has not been retained to provide Client with any tax advice concerning any of the services described in paragraph 2. Any documents prepared by Attorney may have specific tax ramifications. To be sure Client understands and is certain of all the potential tax consequences, Client should consult with tax advisors regarding these matters.

11. **DISCHARGE AND WITHDRAWAL**
    Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause or if permitted under the Rules of Professional Conduct of the State Bar of California and/or applicable law. Among the circumstances under which Attorney may withdraw are: (a) with the consent of Client; (b) Client's conduct renders it unreasonably difficult for the Attorney to carry out the employment effectively; and/or (c) Client fails to pay Attorney's costs and expenses as required by this Agreement. Notwithstanding the discharge and provided there is a recovery, Client will remain obligated to pay Attorney at a reasonable rate for all services provided and to reimburse Attorney for all costs advanced.

    Notwithstanding Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, Client, subject to approval of the Court, will remain obligated to pay Attorney for all costs and expenses incurred prior to the termination and, in the event that there is any net recovery obtained by Client after conclusion of Attorney's services, Client remains obligated to pay Attorney for the reasonable value of all services rendered from the effective date of this Agreement to the date of discharge. In the event Attorney voluntarily withdraws from representing Client without cause, Attorney waives, and will not be entitled to be paid, any fees by Client but will be entitled to be reimbursed for any costs and expenses already advanced by Attorney.

12. **CONCLUSION OF SERVICES**
    When Attorney's services conclude, whether by completing the services covered by this Agreement, or by discharge or withdrawal, all unpaid charges for costs and expenses will be due and payable immediately upon approval by the Court. Client may have access to Client's case file at Attorney's office at any reasonable time. At the end of the engagement, Client may request the return of Client's case file. If Client has not requested the return of Client's file, and to the extent Attorney has not otherwise delivered it or disposed of it consistent with Client's directions, Attorney will retain the case file for a period of 1 year, after which Attorney is authorized by this agreement to have the case file destroyed. If Client would like Attorney to maintain Client's case file for more than 1 year after the conclusion of Attorney's services

for Client on a given matter have concluded, a separate written agreement must be made between Attorney and Client, which may provide for Client to bear the cost of maintaining the file. In the event Client requests that Attorney transfers possession of Client's case file to Client or a third party, Attorney is authorized to retain copies of the case file at Attorney's expense. The case file includes Client papers and property as defined in Rule 3-700(D)(1) of the California Rules of Professional Conduct.

**13. RECEIPT OF PROCEEDS**
All proceeds of Client's case will be deposited into Attorney's trust account for disbursement in accordance with the provisions of this Agreement.

**14. DISCLAIMER OF GUARANTEE**
Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of this matter are expressions of opinion only, are neither promises nor guarantees, and will not be construed as promises or guarantees. Any deposits made by client or estimate of costs and expenses given by Attorney will not be a limitation on costs and expenses or a guarantee that costs and expenses will not exceed the amount of the deposit or estimate. Actual costs and expenses may vary significantly from estimates given.

**15. ENTIRE AGREEMENT**
This Agreement contains the entire agreement of the parties. No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties.

**16. SEVERABILITY IN EVENT OF PARTIAL INVALIDITY**
If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

**17. MODIFICATION BY SUBSEQUENT AGREEMENT**
This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both parties.

**18. EFFECTIVE DATE**
This Agreement will govern all legal services performed by Attorney on behalf of Client commencing with the date Attorney first performed services. The date at the beginning of the Agreement is for reference only. Even if this Agreement does not take effect, Client will be obligated to pay Attorney the reasonable value of any services Attorney may have performed for Client.


**THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM, AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES. IF MORE THAN ONE CLIENT SIGNS BELOW, EACH AGREES TO BE LIABLE JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. THE CLIENT WILL RECEIVE A FULLY EXECUTED COPY OF THIS AGREEMENT.**

DATED: 5-2-18       *(signature)* Alvin Kaelin, Trustee
                    Doris Kaelin,
                    Chapter 7 Trustee of TechShop, Inc.

DATED: 5/2/18       PARRISH LAW OFFICE

                    By: *(signature)*
                        James Pistorino

7

**EXHIBIT A**