Ann McFarland Draper (SBN 065669)
  courts@draperlaw.net
**Draper Law Offices**
75 Broadway, Suite 202
San Francisco, California 94111
Tel:    (415) 989-5620

**Attorneys for Movants Dan Rasure,
TheShop dot Build LLC, and
TheShop dot Build San Fran LLC**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

| | |
|---|---|
| In Re: | Case No.: 18-50398 MEH |
| | **Chapter 7** |
| TECHSHOP, INC. | |
| Debtor. | **STIPULATION FOR ENTRY OF ORDER MODIFYING AUTOMATIC STAY WITH RESPECT TO PRE-PETITION LITIGATION** |

Dan Rasure ("Rasure"), TheShop dot Build LLC ("Build LLC") and TheShop dot Build San Fran LLC ("Build SF LLC") (collectively "Movants") and Doris A. Kaelin, the trustee (the "Trustee") of the Chapter 7 bankruptcy estate of TechShop, Inc. (the "Debtor"), through counsel, hereby submit this stipulation pursuant to Bankruptcy Code section 362 for an order approving their agreement to modify the automatic stay in connection with a pre-petition trademark infringement action brought by Debtor against Movants.

**Recitals**

A.  On February 16, 2018, prior to filing its Chapter 7 case, the Debtor as Plaintiff, filed a trademark infringement action against Movants in the United States District Court for the Northern District of California, entitled *TechShop, Inc., vs. Dan Rasure, et al*, Case No. 4:18-cv-01044 HDG (the "TM Action").

B.  On February 26, 2018, Debtor filed its Voluntary petition herein, commencing this Chapter 7 Case.

*In Re Techshop, Inc., Debtor*                                                                            Case No. 18-50398     - 1
STIPULATION FOR ENTRY OF ORDER MODIFYING AUTOMATIC STAY WITH RESPECT TO
PRE-PETITION LITIGATION
Case: 18-50398    Doc# 85    Filed: 05/14/18    Entered: 05/14/18 13:40:25    Page 1 of 3

C. Movants wish to defend the TM Action and assert affirmative defenses.

D. Among the affirmative defenses Movants wish to assert in the TM Action are the defenses of invalidity of the marks and federal registrations sued upon. Movants seek to confirm that the Stay does not bar them from defending the TM Action or, alternatively, to modify the Stay to allow Movants to assert their affirmative defenses of invalidity.

E. Movants also believe that they have pre-petition claims against the Debtor for cancellation of the two federal registrations which Movants believe are "compulsory counterclaims" within the meaning of Fed.R.Civ.Proc., Rule 13(a). Movants wish to pursue the cancellation counterclaims in addition to raising their invalidity defenses. Movants seek to modify the Stay to allow Movants to assert their cancellation counterclaims.

F. In addition, Movants believe that Rasure has pre-petition claims against the Debtor and two of its pre-petition managing agents, James Newton ("Newton") and Daniel Woods ("Woods"), for fraud (under state law) and wire fraud (under federal law) arising out of Rasure's pre-petition negotiations for acquisition of Debtor or its assets. Movants assert that Newton, Woods and Debtor fraudulently deceived Rasure into supplying credit card account information, which Newton or Woods then supplied to Google for recurring charges without having Rasure's authorization to do so. Movants also assert that Newton, Woods and Debtor fraudulently deceived Rasure into advancing over $34,000 of purchase funds, prior to the deal closing, to pay certain "urgent" bills and obligations of Debtor as specified by Woods and Newton, and that upon obtaining the monies from Rasure, Debtor, Newton and Woods immediately cancelled Rasure's transaction without returning his monies.

G. Rasure wishes to pursue his fraud and wire fraud claims as counterclaims in the TM Action, brought against Debtor, Woods and Newton. Movants believe that the fraud and wire fraud claims may also be "compulsory counterclaims" within the meaning of Fed.R.Civ.Proc., Rule 13(a) because they arose from the same transaction or occurrence as Movants' affirmative defenses (to Debtor's claims) of consent, acquiescence and ratification. .

H. All of the foregoing is with the understanding and agreement that, to the extent Movants obtain a net monetary judgment, they shall take no action to enforce against the

bankruptcy estate or assets of the bankruptcy estate other than to file a proof of claim; provided, however, that this stipulation shall not preclude Movants or any of them from seeking additional relief from the Bankruptcy Court in the future.

NOW, THEREFORE, based on the foregoing recitals, IT IS HEREBY STIPULATED by and between the Movants and the Trustee, through counsel, that the Bankruptcy Court may enter its order as follows:

1. Confirming that the Stay does not bar Movants from defending the TM Action;

2. Modifying the Stay to allow Movants to: (a) proceed with defense of the TM Action, including asserting defenses of invalidity of the marks and federal registrations sued upon; (b) assert their cancellation claims against Debtor as counterclaims in the TM Action, and proceed to judgment on those counterclaims; and (c) assert their monetary claims against Debtor, Newton and Woods as counterclaims in the TM Action, and proceed to judgment on those counterclaims;

3. Providing that to the extent Movants obtain a net monetary judgment, they shall take no action to enforce against the bankruptcy estate or assets of the bankruptcy estate other than to file a proof of claim; provided, however, that this stipulation shall not preclude Movants or any of them from seeking additional relief from the Bankruptcy Court in the future; and

4. Providing it will not be necessary for Movants to obtain the consent of the Trustee, the Debtor or this Court to pursue and collect any such recovery from Newton or Woods.

DATED: May 11, 2018     DRAPER LAW OFFICES

By     /s/ Ann McFarland Draper
Ann McFarland Draper
Attorneys for Movants Dan Rasure, TheShop dot Build LLC, and TheShop dot Build San Fran LLC

DATED: May 14, 2018     RINCON LAW LLP

By
Gregg S. Kleiner
Attorneys for Doris A. Kaelin, Trustee in Bankruptcy

*In Re Techshop, Inc., Debtor*  
STIPULATION FOR ENTRY OF ORDER MODIFYING AUTOMATIC STAY WITH RESPECT TO PRE-PETITION LITIGATION

Case No. 18-50398 - 3