RAFFI KHATCHADOURIAN - SBN 193165
**HEMAR, ROUSSO & HEALD, LLP**
15910 Ventura Boulevard, 12th Floor
Encino, California 91436-2829
(818) 501-3800 telephone
(818) 501-2985 facsimile

Attorneys for Movant/Creditor,
HANMI BANK

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In Re:<br><br>TECHSHOP, INC.,<br><br>Debtor. | CASE NO.18-50398-MEH<br><br>CHAPTER 7<br><br>R.S. No.: HRH-1<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY<br><br>Hearing:<br>Date: June 14, 2018<br>Time: 1:00 p.m.<br>Courtroom: 3020<br>Judge: Hon. M. Elaine Hammond<br>Address: 280 South First Street<br>San Jose, CA 95113 |

### **MEMORANDUM OF POINTS AND AUTHORITIES**

Moving Party hereby submits the following memorandum of points and authorities in support of its motion for relief from the automatic stay.

**I.  Preliminary Statement**

on or about August 7, 2015, Debtor and its affiliates, Techshop Austin, LLC, TechShop Phoenix, LLC, Techshop Detroit LLC and Techshop San Jose LLC, executed four separate Equipment Financing Agreements, identified with account numbers ending in 5202, 6457, 6458 and 6459 (the "Agreements"), in favor of HANMI BANK's predecessor in interest, Banc of California, N.A., to

finance their purchase of certain equipment as identified in the exhibits to the Agreements.

The Agreements were secured by the specific collateral identified in the attachments to each Agreement (collectively the "Collateral"). Movant's predecessor in interest perfected its security interest therein by filing UCC Financing Statements with the California Secretary of State.

Theretofore and thereafter, Movant and its predecessor in interest performed each, every, and all of the obligations and duties on its part to be performed under the terms of the Agreements.

All rights, title and interest in the Agreements and the Collateral were subsequently assigned to HANMI BANK.

On or about November 20, 2017, Debtor defaulted under the terms of the Agreements by failing to make the payments due and owing thereunder. Debtor has not made any further payment to Movant.

The amounts currently owing to HANMI BANK pursuant to the Agreements are as follows:

As to Agreement ending in 5202:     $6,566.09

As to Agreement ending in 6457:     $9,640.15

As to Agreement ending in 6458:     $5,886.87

As to Agreement ending in 6459:     $6,616.06

Debtor listed Banc of California both in its Schedule G and Amended Schedule D, and indicated the value of the Collateral is $0.00.

There is therefore no equity in the Collateral for the Debtor or the Estate.

Movant is prevented from proceeding with its state law remedies in light of Debtor's instant Petition. Movant seeks relief from the automatic stay in order to proceed with its state law remedies as against the Collateral.

**II.     Movant Should Be Granted Relief From The Automatic Stay of 11 U.S.C. § 362(a) To Exercise Its Rights Regarding The Collateral**

Section 362(d) of the Bankruptcy Code provides as follows:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay --
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
(2) with respect to a stay of an act against property under subsection(a) of this section, if--

(A) the Debtors does not have an equity in such property; and
(B) such property is not necessary to an effective reorganization."

The facts of this case demonstrate that the automatic stay should be lifted "for cause" because the Debtor is in pre- and post-petition default under the terms of the underlying Agreements, there is no equity in the Collateral for the Debtor or the Estate and there is no reorganization contemplated herein as a matter of law.

**III.    Conclusion**

Based upon the foregoing, respectfully requests this Court to grant its motion for relief from the automatic stay so it may proceed with its state law remedies as against the Collateral.

Dated: May 23, 2018

Respectfully Submitted,
HEMAR, ROUSSO & HEALD, LLP

By: /s/ *Raffi Khatchadourian*
RAFFI KHATCHADOURIAN
Attorneys for Movant/Secured Creditor,
HANMI BANK