CASE 18-50398-MEH

280 Belblossom Way
Los Gatos, CA 95932
May 25, 2018



Rincon Law LLP
Gregg S. Kleiner
268 Bush Street, Suite 3335
San Francisco, CA 94104

**FILED**

MAY 3 1 2018

CLERK
United States Bankruptcy Court
San Jose, California

Dear Sir:

I am both a Stockholder and Loan holder of TechShop Inc.

I received the attached email from Dan Woods, CEO TechShop. It clearly references TechShop 2.0 LLC and is very positive with regard to Dan Rasure's effort to restore maker space serviced to the impacted communities and the obvious use of the name TechShop 2.0. If I remember correctly, this was one of several emails in which Dan Woods or other executives referred to TechShop2 in a positive light.

The email says that none of the Directors of Officers will receive so much as a dollar from Dan Rasure's effort. I subsequently was told that TechShop wrote a very large check to the wife of an officer during the time when they were not paying their bills or employees.

In my opinion the focus of the bankruptcy need to address fraud. None of the information provided to Stockholders ever addressed corporate spending or financial information from TechShop operations outside the US in spite of commitments for financial transparency.

I think spending any effort or money on trademark infringement is a waste of resources given TechShop's positive use of the name "TechShop2.0" in their emails.

Sincerely,

Donald J. Chesarek

# Don Chesarek

**From:** Dan Woods -- TechShop CEO <ceo@techshop.ws>
**Sent:** Sunday, December 3, 2017 6:04 AM
**To:** Don Chesarek
**Subject:** Don -- TechShop Inc Signs MOU With Third Party To Reopen Makerspaces...

Hi Don...

TechShop, Inc. has reached an agreement with a third party to acquire all company assets. The new entity, TechShop 2.0, LLC, plans to re-open as many stores as possible, as soon as possible. The acquiring partnership is led by Dan Rasure and Bill Lloyd (Owner of BHL Services Inc. of Minneapolis).

On November 17th, just hours before we had planned to file Chapter-7, Mr. Rasure approached with an interest in acquiring the entire company. Being struck by his sincerity, business acumen, and resolve to re-open shops quickly, TechShop, Inc's Board and a small team of former employees embarked on a non-stop eleven-day effort. The end result, an arrangement with Mr. Rasure and Lloyd to re-open the next iteration of TechShop.

Throughout this effort our goal was to restore service to communities and members, rehire as many employees as possible, and provide a more sustainable path forward for TechShop's members.

None of TechShop's Directors and Officers have or will receive so much as a dollar from this deal -- either through equity, cash payments, or compensation.

TechShop 2.0's shop re-opening schedule and member re-engagement plan are currently being finalized. This information will be released in the coming days. TechShop 2.0 will work with members at each location for the purpose of assisting anyone who may need to remove personal materials from one of our locations.

For those who submitted email to trustee.techshop@gmail.com we will be accessing the account and responding to all of you as promptly as possible. For now, I invite you to visit **TechShop.com** and stay tuned to **@techshop** for further developments and reopening details.

Announcing the closure of TechShop was the most difficult thing I've had to do in my career. When the opportunity for a different path forward presented itself, we did whatever humanly possible to work with Dan Rasure and make TechShop 2.0 a reality. I want to thank Dan and Bill for their perseverance and commitment to re-kindle the dream that is TechShop.

Thank you, Don.

Warm Regards,

Dan Woods
CEO, TechShop, Inc.
Build Your Dreams Here!

1

This email was sent to you at "don_chesarek@comcast.net". If you would prefer not to receive any announcements from TechShop, please go to the following page to remove yourself from our email broadcasts:
http://www.techshop.ws/unsubscribe.html?key=119788&email=don%5Fchesarek%40comcast%2Enet

2

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

    TECHSHOP, INC.,
        Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

[No Hearing Required Unless Requested]

### NOTICE AND OPPORTUNITY FOR HEARING ON TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL ON CONTINGENCY FEE BASIS
### (Parrish Law Offices)

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

    **PLEASE TAKE NOTICE THAT** Doris Kaelin, Trustee in Bankruptcy of the estate of the above-named Debtor has filed an application with the United States Bankruptcy Court for an order authorizing her to employ Parrish Law Offices ("Law Firm") for the purpose of pursuing alleged infringement claims in connection with that certain pre-petition litigation entitled *TechShop, Inc. v. Dan Rasure, TechShop 2.0 LLC, and TechShop 2.0 San Francisco LLC*, pending before the United States District Court, Northern District of California, Case No. 18-CV-01044 DMR, and, as necessary and appropriate, any amendment to the complaint ("Litigation"). Copies of the Trustee's employment application and supporting declaration are on file with the Bankruptcy Court.

    Prior to the petition date, the Debtor, through its wholly owned subsidiaries, was involved with the maker space industry which allowed, among other things, users/members of the public to make items from a variety of materials using, advanced equipment available on a membership model. The Trustee is informed that since 2006, the Debtor continuously used the TechShop® trademark to market and sell its services throughout the United States and the world. The Trustee is informed that TechShop mark was registered with the United States Patent and Trademark Office in 2012 and was in full force and effect as of the date that the Debtor filed its bankruptcy petition.

    The Trustee is informed that, prior to the petition date, the defendants in the Litigation began using the TechShop® marks without the permission or authorization of the Debtor. Prior to the petition date, the Debtor commenced the Litigation against the defendants, asserting, among other things, federal trademark infringement under 15 U.S.C. §§ 1114 and 1125(a) and contributory trademark infringement, and vicarious trademark infringement.

    The Trustee does not have the economic wherewithal to employ counsel on an hourly basis to pursue the Litigation. Her general bankruptcy counsel is not in a position to undertake the Litigation on a contingency fee basis. The Law Firm is willing to (i) pursue the Litigation on behalf of the bankruptcy estate on a contingency fee basis and (ii) advance certain costs to be reimbursed from any economic recovery. Under the terms of the contingency fee agreement, a copy of which is attached as Exhibit A to the Declaration of James Pistorino, filed concurrently herewith, the Law Firm will be paid a contingency fee equal to 33% of the "net recovery" if the Litigation is resolved ten days prior to the initial trial or arbitration date, with the fee rising to 40% at any date thereafter. The term "net recovery" means: (1) the total amounts received by settlement, arbitration award or judgment, including any award of attorney's fees; (2) minus costs and distributions. Net recovery will also include the reasonable value of any non-monetary proceeds.

    The Trustee is seeking to employ the Law Firm on a contingency fee basis under 11 U.S.C. §§ 327(c) and 328(a). Section 327 provides that, "A person is not disqualified from employment under this section solely because such person's employment by a representation of a creditor, unless there is an objection by another creditor or the United States Trustee ... ." Section 327(c) further provides that in the event of an objection, the Court shall disapprove such employment if there is an actual conflict of interest. The Debtor's estate does not have any unencumbered funds on hand. The Trustee is not in a position to employ counsel to prosecute the Litigation on an hourly basis, as such costs could be prohibitive. Section 328(a) permits contingency fee arrangements. The Trustee predicts that the Litigation could be very expensive and that a contingency fee arrangement is in the best interest of the estate because there is a substantial commitment that will be required of counsel and that the estate has limited resources at this time to commit to the Litigation.

1

Consistent with 11 U.S.C. § 327(c), the Trustee is serving notice of this application on other creditors, the United States Trustee and the Debtor, as notice of the terms of retention.

Section 327(a) of the Bankruptcy Code provides that the Trustee may employ a professional that does not hold or represent an interest adverse to the estate and is a disinterested person, "except as otherwise provided in this section."

Section 327(c) provides as follows:

> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

The purpose of this notice is to provide other creditors and the United States Trustee with an opportunity to file an objection to the proposed employment of the Law Firm to pursue the Litigation. The Trustee notes that Section 327(c) does not provide an opportunity for the Debtor to object to the proposed employment.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed employment or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: May 7, 2018     RINCON LAW LLP


By: /s/ Gregg S. Kleiner
GREGG S. KLEINER
Counsel for DORIS A. KAELIN, Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335, San Francisco, California 94104
Telephone No.: 415-672-5191
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

2