David Balter, State Bar No. 212027
Marissa E. Buck, State Bar No. 293373
DICKENSON, PEATMAN & FOGARTY
A Professional Corporation
1455 First Street, Suite 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876
dbalter@dpf-law.com
mbuck@dpf-law.com

Chris Kuhner, State Bar No. 173291
Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
c.kuhner@kornfieldlaw.com

Attorneys for Creditor and Interested Party
Wantin Living Trust, dated March 2, 1999

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>        Debtor. | Case No. 18-50398 MEH<br><br>Chapter 7<br><br>**APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE OF MOTION FOR RELIEF FROM STAY**<br><br>Date:<br>Time:<br>Place:  Courtroom 3020<br>          280 S. 1st Street<br>          San Jose, CA<br>Judge:  Hon. M. Elaine Hammond |

### I. INTRODUCTION

Wantin Living Trust, Dated March 2, 1999, Creditor and Interested Party ("Creditor") hereby submits this application (the "Application") for an order shortening time for notice of hearing on its Motion for an Order Confirming no Stay is in Effect, or Alternatively for Relief

From Automatic Stay (the "Motion.") The Motion and supporting declarations are being filed concurrently and are attached hereto as <u>Exhibit A</u>. The Creditor requests the Motion be heard on June 14, 2018 at 1pm.

The Application is based upon this Application, the Motion and the supporting declaration filed herewith.

## II. FACTS

On February 26, 2018, the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California.

Creditor owns the commercial real property commonly known as 2415 Bay Rd., Redwood City, California 94063 (the "Property,") which is managed by CDI Development and Realty, Inc. Debtor is Techshop, Inc. and according to Section 15.1 of Debtor's Schedule A/B, Debtor owns 100% of the membership interest in TechShop Menlo Park, LLC, also known as TechShop Mid-Peninsula, LLC ("Tenant.")

After Creditor took back possession of the Property, Creditor discovered Tenant had abandoned most of its fixtures and various other items of personal property, including: metal and wood working equipment and supplies; computers, servers, printers, phones, and other electronic equipment; various hand tools, nuts, bolts, and screws; 3D printers; desks, chairs, filing cabinets, and other storage cabinets; and various vehicles and automobile parts including a "TechShop" pick-up truck.

Creditor has filed the Motion to mitigate the ongoing damages accruing as a result of the Abandoned Property remaining on the Property and to reduce the accruing claim Creditor has against the bankruptcy estate. The next open calendar date available for this Court to hear the Motion is July 6, 2018 which means additional storage fees and damages will unnecessarily accrue and ultimately be assessed against the bankruptcy estate. Creditor is requesting that the hearing on the Motion be heard on this Court's June 14, 2018 1:00 pm calendar.

APPLICATION FOR ORDER SHORTENING TIME
2
Case: 18-50398    Doc# 111    Filed: 06/01/18    Entered: 06/01/18 15:37:45    Page 2 of 4

# III. ARGUMENT

Pursuant to Bankruptcy Local Rule 9006-1 "approval of the court is required to enlarge or shorten time, perform any act or to file any papers pursuant to Federal Rules of Civil Procedure, or the Bankruptcy Rules, or these Bankruptcy Local Rules."

A. <u>Bankruptcy Local Rule 9006-1(c)</u>

Bankruptcy Local Rule 9006-1(c) provides as follows:

**REQUEST FOR CHANGING TIME**. At any request to enlarge or shorten time may be made by stipulation or motion. Absent exigent circumstances, any motion shall be heard on at least 72 hours' notice to respondent. In the request, whether made by stipulation or motion, shall be accompanied by a declaration stating:

(1) The reasons for the particular enlargement or shortening of time requested;

(2) Previous time modifications related to subject of the request, whether by stipulation or Court order;

(3) The effect of the requested, time modification on the schedule for the case or proceeding; and

(4) Where the request is not made by stipulation the efforts made to speak with the respondent and, if movant have spoken with the respondent the reasons given for any refusal to agree to their request.

Moving party believes that all four (4) requirements have been met.

**1. <u>Reasons For The Particular Enlargement Or Shortening Of Time.</u>**

As set forth in the Motion, Tenant left the Abandon Property at the Property which has resulted in the Creditor incurring damages including storage costs accruing in the amount of $22,642.00 per month. In addition, the Abandon Property is preventing Creditor from re leasing the Property to a new tenant further damaging the Creditor. There is a question whether the Abandon Property is property of the bankruptcy estate, and if is not then the Court should rule on the Motion as soon as possible as it has no impact on the bankruptcy estate or its creditors. If the Abandoned Property is property of the estate, then the Creditor has an accruing administrative claim in the amount of $22,642.00 per month for storage cost alone in addition to damages as a

result of the Creditor not being able to re lease the Property. These ongoing damages to the Creditor and the resulting claim against the bankruptcy estate justify having the hearing on the Motion as soon as practicable.

**2. Previous Time Modification Related To The Subject Of The Request, Whether By Stipulation Or Court Order.**

There have been no previous motions and no previous time modifications requested regarding the Motion.

**3. The Affect Of The Request, Time Modification On The Schedule For The Case Or Proceeding.**

The Creditor asserts that the order shortening time is a necessary and reasonable request in this case and will not impact any schedule in this Chapter 7 bankruptcy case.

**4. Whether The Request Is Not Made By Stipulation And The Effort Made To Speak With The Respondent And, If Movant Has Spoken With The Respondent, The Reasons Given For Any Refusal To Agree To The Request.**

Counsel for the Creditor contacted Gregg Kleiner, counsel for the chapter 7 trustee to ask if he had any objection to the Motion being heard on shortened time. Mr. Kleiner has indicated he has no opposition to the Application.

**WHEREFORE**, the Debtor respectfully requests that the Court grant the Application for an Order Shortening Time to have the Motion heard on June 14, 2018 at 1pm.

Dated: June 1, 2018	KORNFIELD, NYBERG, BENDES,
	KUHNER & LITTLE, P.C.


	BY: /S/ CHRIS D. KUHNER
	Chris Kuhner
	Attorneys for Creditor