David Balter, State Bar No. 212027
Marissa E. Buck, State Bar No. 293373
DICKENSON, PEATMAN & FOGARTY
A Professional Corporation
1455 First Street, Suite 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876
dbalter@dpf-law.com
mbuck@dpf-law.com

Chris Kuhner, State Bar No. 173291
Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.
1970 Broadway, Suite 225
Oakland, California 94612
Telephone: (510) 763-1000
Facsimile: (510) 273-8669
c.kuhner@kornfieldlaw.com

Attorneys for Creditor and Interested Party
Wantin Living Trust, dated March 2, 1999

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>        Debtor. | Case No. 18-50398 MEH<br><br>Chapter 7<br><br>**MOTION FOR RELIEF FROM STAY**<br><br>Date:<br>Time:<br>Place:  Courtroom 3020<br>          280 S. 1st Street<br>          San Jose, CA<br>Judge:  Hon. M. Elaine Hammond |

**TO: DEBTOR TECHSHOP, INC., ITS ATTORNEYS OF RECORD, AND ALL PARTIES IN INTEREST:**

The Wantin Living Trust, dated March 2, 1999 ("Creditor") moves this Court for an order confirming that no automatic stay is in effect in connection with Creditor's efforts to lawfully dispossess itself of personal property ("Abandoned Property") abandoned by non-debtor

TechShop Menlo Park, LLC, also known as TechShop Mid-Peninsula ("Tenant,") or alternatively, for an order granting relief from automatic stay ("Motion"). Creditor further requests an order granting relief from stay be made effective immediately, and that the 14-day waiting period provided in Fed. R. Bankr. P. 4001(a)(3) be waived.

The Motion is based upon this Motion, the concurrently filed memorandum of points and authorities and declarations of Harry Price and Marissa E. Buck filed concurrently herewith.

More specifically, this motion is made pursuant to Fed. R. Bankr. P. 4001(a) and B.L.R. 4000-1 on the grounds that an order confirming the stay imposed under 11 U.S.C. §362 does not apply to Creditor's efforts to transfer Abandoned Property which may also be collateral claimed by other secured creditors of Tenant and/or sell or dispose of the Abandon Property at public auction or other means pursuant to applicable law. Additionally, and alternatively, the Motion is made on the grounds that relief from the automatic stay is appropriate under 11 U.S.C. §§362(d)(l)and(2) because sufficient "cause" exists to grant the relief requested and Debtor has no equity in the Abandoned Property which property is not necessary for reorganization as Debtor has filed under Chapter 7 of the United States Bankruptcy Code.

**WHEREFORE,** the Creditor requests that the Court enter an order confirming that there is no stay in effect or grant relief from the automatic stay to allow Creditor to dispose of the Abandoned Property.

Dated: June 4, 2018                KORNFIELD, NYBERG, BENDES,
                                   KUHNER & LITTLE, P.C.


                                   BY: /S/ CHRIS D. KUHNER
                                   Chris Kuhner
                                   Attorneys for Creditor