Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re | Case No. 18-50398 MEH |
|---|---|
| TECHSHOP, INC., | Chapter 7 |
| Debtor. | **RESPONSE TO DEFENDANTS' OBJECTION TO EMPLOYMENT OF SPECIAL COUNSEL** (Parrish Law Offices) |
| | Date: June 14, 2018<br>Time: 10:30 a.m.<br>Place: 280 South First Street<br>Hon. M. Elaine Hammond<br>Courtroom 3020<br>San Jose, CA 95113 |

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE:**

On May 9, 2018, the Trustee filed and served on all creditors and parties in interest her notice and opportunity for hearing on Trustee's application for order authorizing employment of special counsel on contingency fee basis (Parrish Law Offices), Docket 81 ("Application"). The last date to object to the Application was May 30, 2018. Although the Application was served on the hundreds of creditors and parties in interest listed in the Debtor's Amended Mailing Matrix, only one party filed a timely objection to the proposed employment of special counsel – Dan Rasure, the

defendant in the Litigation[1] that is the subject of the Application.

In an obvious attempt to prevent the Trustee from pursuing the Litigation, the *defendant* in the Litigation filed a 13-page objection to the Application.  *See*, Objection to Employment of Special Counsel (Parrish Law Offices); and Request for Hearing, Docket 107 (the "Objection").  The Objection should be taken for what it is: an overt litigation tactic by the defendant in the Litigation to prevent the Trustee from pursuing the Litigation by trying to kneecap the Trustee's proposed special counsel with unsubstantiated and otherwise baseless allegations that the Law Firm should not act as the Trustee's special counsel in the Litigation and that pursuing the Litigation is not in the best interest of the Debtor's estate.

The Objection, which is not supported by a declaration or any other evidence to substantiate its allegations, is a naked attempt by the defendant in the Litigation to interfere with the Trustee's administration of the estate and pursue valuable estate assets.  The defendant pretends to have an altruistic intent to protect the estate when, in fact, his sole purpose is to thwart the Trustee's pursuit of the Litigation.  Other than the Objection filed by Mr. Rasure, no other timely objection has been filed to the Trustee's Application.[2]

**Background**

As set forth in the Application and the related pleadings filed with the Bankruptcy Court in support of the Application, the Litigation concerns Mr. Rasure's alleged pre-petition infringement of the Debtor's trademarks.  The Application and supporting pleadings, including the Declaration of James Pistorino, clearly set out that Mr. Pistorino was a member of TechShop Mid-Peninsula

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them as found in the Application.

[2] Prior to the objection deadline, two putative creditors of the Debtor, Donald J. Chesarek and Jeff Porter, sent letters to the Trustee setting forth their comments about the Application.  Those letters were docketed by the Clerk on May 31, 2018.  In sum, Mr. Chesarek's 'objection' [Docket 108] suggests that the estate's resources should be focused on matters other that the Litigation.  Mr. Chesarek's comments ignores the fact that the Law Firm has agreed to pursue the Litigation on a contingency fee basis.  Mr. Porter, in his objection [Docket 110], acknowledges that the Litigation is viable, but suggests that a firm, other than the Law Firm and Mr. Pistorino, should be engaged as counsel.  The Trustee is not aware of any other firm that is willing to pursue the Litigation for the estate.  Finally, the Trustee received an inquiry from a party seeking information on how contingency fee arrangements work. That party did not object to the Application.

LLC (a subsidiary owned by the Debtor), that he was on the board of Maker Nexus, Inc., a newly organized not-for-profit corporation seeking to establish a makers shop in the Bay Area and that he resigned his position at Maker Nexus prior to the commencement of the Litigation.

After the Application was filed, as an accommodation to the defendant, the Trustee entered into a stipulation for relief from the automatic stay to allow the defendants to pursue potential cross-complaints against the Debtor. *See*, Stipulation For Relief From Stay, Dockets 85 and 94.

Hours after the Application was filed on May 9, 2018, counsel for Mr. Rasure, Ann Draper, sent a detailed list of questions to Trustee's counsel concerning the Application – questions that are strikingly similar to the 'concerns' raised in the Objection. On May 11, 2018, counsel for the Trustee sent an email to Ms. Draper that provided detailed responses to her questions. See, Declaration of Gregg S. Kleiner, In Support of Application of Special Counsel, Exhibit A.

Notwithstanding the disclosures in the Application and related pleadings and the detailed email response to their questions, the defendants in the Litigation assert, with no evidence, that the Law Firm does not meet some amorphous "conflict of interest requirements."

Because the Trustee is employing the Law Firm pursuant to 11 U.S.C. § 327(e) she must only establish that: (i) the employment of the Law Firm is for a special purpose (in this case the Litigation); (ii) the Law Firm does not "represent or hold an interest adverse to the Debtor or the Debtor's estate;" and (iii) the employment of the Law Firm is in the best interest of the estate.

The Trustee submits that the Application satisfied all of these requirements and that the Objection is a litigation tactic designed to frustrate the Trustee's administration of the estate and should be overruled.

**ANALYSIS**

Trustees may select their own attorneys, accountants and other professional persons without interference from creditors. 3 *Collier on Bankruptcy*, ¶327.04[1] (2014). The support for this proposition stated in *Collier* is ample. *In re Magna Prods. Corp.*, 251 F. 2d 423 (2nd Cir. 1958); *In re Immenhausen Corp.*, 159 B.R. 45, 47 (M.D. Fla. 1993); *In re Creative Restaurant Mgmt., Inc.*, 139 B.R. 902, 909-910 (Bankr. W.D. Mo. 1992); *In re Federated Dep't. Stores, Inc.*, 114 B.R. 501 (Bankr. S.D. Ohio 1990) rev'd on other grounds, 44 F. 3d 1310 (6th Cir. 1995); *In re Microwave*

*Prods. of Am., Inc.*, 94 B.R. 971, 972 (Bankr. W.D. Tenn. 1989); *In re W. T. Grant Co.*, 4 B.R. 53, 82 (Bankr. S.D.N.Y. 1980).

The Second Circuit stated in *In re Magna Prods. Corp.*, "[s]ometimes creditors in a bankruptcy proceeding seem to think that they and their counsel are 'running the show.' But it is the function of the trustee to select his own attorney, unless the attorney selected lacks the necessary qualifications …." 251 F. 2d 424 (2nd Cir. 1958). In *In re Mandell,* 69 F. 2d 830, 831 (2nd Cir. 1934), the Second Circuit stated that a trustee should not be deprived of his or her choice of counsel except in the rarest of circumstances and found an abuse of discretion on the part of the court depriving the trustee in that case his privilege of selecting his counsel.

## **THE TRUSTEE PREVIOUSLY RESPONDED TO DEFENDANT'S ALLEGATIONS**

The defendant, obviously seeking to derail the Litigation, filed the Objection solely to harass the Trustee and prevent her from pursuing the Litigation. The Objection provides a laundry list of 'allegations' related to Mr. Pistorino's pre-petition activities at both the Debtor and with Makers Space. As noted above, the Trustee previously responded to Mr. Rasure's concerns.

As set forth in the concurrently filed Supplemental Declaration of James Pistorino, the Trustee notes the following: Mr. Pistorino was a regular member of TechShop Redwood City with a pre-paid annual membership. Mr. Pistorino has waived and disclaimed any claim he might have as a result of the unused portion of his yearly membership in TechShop Redwood City, *an entity which is not the Debtor herein*. Except for his membership in TechShop Redwood City, Mr. Pistorino was not an investor, lender, or creditor of any TechShop entity and did not provide or contribute any funding or assist with the operation or management of TechShop or any of TechShop's wholly owned subsidiaries.

As set forth in Mr. Pistorino's original declaration and in his supplemental declaration, he was a founder of the not-for-profit Maker Nexus, Inc. and was a treasurer of that entity from January 2018 through February 15, 2018 when he resigned from the Maker Nexus board. During the time he was with Maker Nexus, Mr. Pistorino was not aware that Maker Nexus took any positions with regard to TechShop 2.0 and is unaware of what position, if any, Maker Nexus has taken since the date of his resignation. With regard to Facebook, Mr. Pistorino joined the Maker Nexus, Maker

4

Orphans and TechShop Facebook groups. In connection with his resignation from the board of Maker Nexus, Mr. Pistorino (as stated in his original declaration) did so to avoid the perception of any conflict. *See*, Supplemental Declaration of James Pistorino filed and served concurrently herewith.

In the Objection, the defendants assert that the Bankruptcy Court should conduct a hearing to inquire whether Mr. Pistorino or the Law Firm holds any "interest adverse to the Debtor or the estate." The Trustee submits that Mr. Pistorino and the Law Firm have adequately disclosed to the Court and all creditors and parties in interest that no adverse interest exists with regard to the proposed representation of the estate in the Litigation. There is no need to conduct an evidentiary hearing on the Application.

**PURSING THE LITIGATION IS IN THE BEST INTERESTS OF THE ESTATE**

As set forth in the Application, pursuing the Litigation is in the best interest of the estate as the Litigation may bring material (but yet unquantified as of this date) funds into the estate. Under the provisions of the Application, the Litigation is being pursued on a contingency fee basis. If the Litigation is not successful, the estate may be liable to the Law Firm for costs incurred and related to the Litigation.

The Objection questions, without any substantiation, the Law Firm and Mr. Pistorino's pre-petition relationship to Maker Nexus. There is no evidence, whatsoever, that the Trustee is aware of, that Mr. Pistorino's relationship with Maker Nexus somehow is adverse to the estate of the Debtor. As special counsel for the estate, the Law Firm and Mr. Pistorino have a duty to the estate and the estate alone.

In order for a conflict to exist, there must be some way in which Mr. Pistorino's duty to zealously represent the estate is in conflict with his duty to some other entity or his personal interest. There is no suggestion of such a conflict and certainly the Objection provides no evidence of any conflict. The proposed contingency fee agreement as presented to the Court means that the Law Firm and Mr. Pistorino's interests are fully aligned with those of the estate. In the unlikely event that the Law Firm holds an adverse interest to the estate, the Court can decline to award it compensation for its services. *In re Sundance Self Storage-El Dorado LP*, 482 BR 613 (Bankr. ED

CA 2012 (declining to award debtor's general bankruptcy counsel fees for, among other things, failure to disclose prior connections to debtor).

**CONCLUSION**

The Rasure Objection should be recognized by the Court for what it is: an overt attempt by the defendant in pending litigation to prevent the Trustee from engaging counsel and pursuing the Litigation for the benefit of the estate.

The Trustee prays for an order overruling the objections to the Application and for an order authorizing the Trustee to employ the Parrish Law Offices for purposes of pursuing the Litigation.

DATED: June 6, 2018        RINCON LAW LLP


By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy