1    Gregg S. Kleiner, State Bar No. 141311
     RINCON LAW LLP
2    268 Bush Street, Suite 3335
     San Francisco, California 94104
3    Telephone No.:  415-672-5991
     Facsimile No.:   415-680-1712
4    Email: gkleiner@rinconlawllp.com

5
     Counsel for DORIS A. KAELIN,
6    Trustee in Bankruptcy

7

8                    UNITED STATES BANKRUPTCY COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   In re                              Case No. 18-50398 MEH
                                        Chapter 7
12
     TECHSHOP, INC.,                    **DECLARATION OF GREGG S. KLEINER
13                                      IN SUPPORT OF APPLICATION OF
                                        SPECIAL COUNSEL**
14              Debtor.
                                        Date:   June 14, 2018
15                                      Time:   10:30 a.m.
                                        Place:  280 South First Street
16                                              Hon. M. Elaine Hammond
                                                Courtroom 3020
17                                              San Jose, CA  95113

18

19
            I, Gregg S. Kleiner, declare:
20
            1.      I am a partner with the law firm Rincon Law LLP, general bankruptcy counsel to
21
     Doris Kaelin, the Chapter 7 Trustee of TechShop, Inc.  This Declaration is filed in support of the
22
     Trustee's Response to Defendants' Objection to Employment of Special Counsel (Parrish Law
23
     Offices) in connection with the Trustee's application to engage special counsel for the purpose of
24
     pursuing pre-petition infringement litigation entitled *TechShop, Inc. v. Dan Rasure, TechShop 2.0
25
     LLC, and TechShop 2.0 San Francisco LLC*, pending before the United States District Court,
26
     Northern District of California, Case No. 18-CV-01044 DMR ("Litigation").
27
     / / /
28

1    2.    On May 9, 2018, my office filed and served on all creditors and parties in interest

2    copies of the Trustee's notice seeking to employ special counsel to pursue the Litigation.

3    3.    After the application was filed, as an accommodation to the defendant, the Trustee

4    authorized my office to enter into a stipulation for relief from the automatic stay to allow the

5    defendants in the Litigation to pursue potential cross-complaints against the Debtor.

6    4.    On May 9, 2018, hours after the application to employ special counsel was filed, Ann

7    Draper, counsel for defendant's in the litigation, sent an email to me which included a detailed list

8    of questions concerning the Application – questions that are strikingly similar to the 'concerns'

9    raised in Mr. Rasure's objection to the employment application.

10    5.    On May 11, 2018, I sent an email to Ms. Draper that provided detailed responses to

11    her questions.  A true and correct copy of the email exchanges between Ms. Draper and I are attached

12    hereto as Exhibit A.

13    I declare under penalty of perjury, except for statements made upon information and belief,

14    that the statements made herein are true and correct and if called upon as a witness I would testify

15    thereto.  Executed this 5th day of June, 2018 at San Francisco, California.

16

17                                         */s/  Gregg S. Kleiner*
                                          Gregg S. Kleiner
18

19

20

21

22

23

24

25

26

27

28

**Gregg Kleiner**

| | |
|---|---|
| **From:** | Gregg Kleiner |
| **Sent:** | Friday, May 11, 2018 5:45 PM |
| **To:** | 'Ann Draper' |
| **Cc:** | Doris; 'James Pistorino' |
| **Subject:** | TechShop - application to employ Parrish Law / Pistorino |

Ann,

Please see my responses, below. I believe the notice and application, as filed, will be granted by the court.

Have a good weekend.


Gregg S. Kleiner
Rincon Law LLP
(415) 840-6385 (Direct)
(415) 672-5181 (Main)
(415)-996-8180 (Cell)
gkleiner@rinconlawllp.com

---

**From:** Ann Draper <ann@draperlaw.net>
**Sent:** Wednesday, May 09, 2018 3:16 PM
**To:** Gregg Kleiner <gkleiner@rinconlawllp.com>
**Cc:** 'James Pistorino' <james@dparrishlaw.com>
**Subject:** TechShop - application to employ Parrish Law / Pistorino

Hi Gregg --

I note that the Trustee has filed an application to employ special counsel to prosecute the pre-petition TM Action. I write to request clarification of some matters that were not clear from the application papers.

The pre-petition fee agreement is not discussed, but services were performed pre-petition and no executory contract was listed for the representation. Does Parrish/Pistorino have a claim for pre-petition services? If so are the pre-petition fees being waived? Or rolled into the new contingent fee agreement? Or does the claim remain intact?
Post-petition economic components of the fee agreement with Parrish firm are the same as pre-petition.

The fee agreement provides that the Trustee will reimburse costs of suit, but no information is provided to the Court regarding the potential magnitude of such costs, which could include substantial expert or ediscovery costs.
The costs are currently unknown. At the conclusion of the litigation, the costs will be quantified and paid pursuant to court order.

Neither the application papers nor the fee agreement discussed handling of any costs, attorneys fees, or discovery or Rule 11 sanctions that might be awarded to my clients, which would be an administrative claim.
To the extent a party believes it is entitled to payment of a chapter 7 administrative payment, I assume it will file the appropriate pleading with the Court to seek said sums.

1

**EXHIBIT A**

Case: 18-50398   Doc# 121-2   Filed: 06/06/18   Entered: 06/06/18 09:19:27   Page 3 of 4

The application papers are inconsistent with the fee agreement as to the handling of an award of attorneys fees being part of, or separate from, the "net recovery." For example, if the attorneys fee award is $30,000 and only nominal damages are recovered, does the estate receive 60% of $31,000 (as suggested in the papers) or only $1 (as suggested in the fee agreement).

The notice and application simply set out the basic provisions of the fee arrangements for notice purposes. The Agreement will control the award of fees and costs, subject to court approval.

The application papers contain no information as to how any non-monetary recovery would be valued, and there is no cap on the amount of attorneys fees, creating the possibility that an a high value on non-monetary recovery could impose such a high attorneys fee obligation as to exhaust the revenues otherwise available for distribution to creditors. This risk is not discussed in the application papers.

It is not possible for the agreement to cover every possible outcome. To the extent a 'high value non-monetary recovery' is achieved (or some other resolution is reached) I anticipate the trustee will work something out with counsel, subject to court approval. If something can't be worked out, I would anticipate the parties will look to the court to resolve the dispute.

Finally, will defense of any allowed counterclaims be included in the contingency representation? Or will that be hourly?

Everything is covered in the fee agreement

I would appreciate your either supplementing the application or clarifying the issues raised above, as my my client hopes to be able to receive some distribution for the $34,000 loss.

Ann Draper

**DRAPER LAW OFFICES**
75 Broadway, Suite 202
San Francisco, CA 94111
415.989.5620 Tel

**EXHIBIT A**