1  David Balter, State Bar No. 212027
Marissa E. Buck, State Bar No. 293373
2  DICKENSON, PEATMAN & FOGARTY
A Professional Corporation
3  1455 First Street, Suite 301
Napa, California 94559
4  Telephone: (707) 252-7122
Facsimile: (707) 255-6876
5  dbalter@dpf-law.com
mbuck@dpf-law.com
6
Chris Kuhner, State Bar No. 173291
7  Kornfield, Nyberg, Bendes, Kuhner & Little, P.C.
1970 Broadway, Suite 225
8  Oakland, California 94612
Telephone: (510) 763-1000
9  Facsimile: (510) 273-8669
c.kuhner@kornfieldlaw.com
10
Attorneys for Creditor and Interested Party
11  Wantin Living Trust, dated March 2, 1999

The following constitutes
the order of the court. Signed June 19, 2018

_M. Elaine Hammond_

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

12
### UNITED STATES BANKRUPTCY COURT
13
### NORTHERN DISTRICT OF CALIFORNIA
14

15

16  In re                                    Case No. 18-50398 MEH

17  TECHSHOP, INC.,                          Chapter 7

18              Debtor.                      **ORDER GRANTING MOTION FOR
                                             RELIEF FROM STAY**
19
                                             Date:    June 14, 2018
20                                           Time:    1:00 p.m.
                                             Place:   Courtroom 3020
21                                                    280 S. 1st Street
                                                      San Jose, CA
22                                           Judge:   Hon. M. Elaine Hammond

23

24        The Motion for an Order Confirming No Stay is In Effect, or Alternatively for Relief

25  From Automatic Stay (the "Motion") (DKT No. 117) filed by Creditor Wantin Living Trust,

26  dated March 2, 1999 ("Creditor,") came on for hearing on June 14, 2018. No opposition was

27  filed in response to the Motion by any party. Appearances at the hearing were noted on the

28  docket.

Based on the papers submitted in support of the Motion, the lack of any opposition thereto, and good cause appearing therefor, the Motion is GRANTED, and IT IS HEREBY ORDERED AS FOLLOWS:

1. The Motion is GRANTED and Creditor is free to proceed with disposition of all personal property ("Abandoned Property") remaining at real property commonly known as 2415 Bay Rd., Redwood City, California 94063 (the "Property.") As represented by Creditor in the Motion and Creditor's supporting declaration, Creditor shall proceed with disposition of the Abandoned Property, including leased equipment and personal property of third parties, in accordance with applicable California law. To the extent there are books and records at the Property, Creditor shall notify the Trustee and her counsel and provide the estate a reasonable opportunity to retrieve them.

2. As reflected in Creditor's declaration, Creditor asserts reasonable storage costs incurred by Creditor as of the Petition Date (February 26, 2018) is $158,494.00. Creditor further asserts that reasonable storage costs continue to accrue in the amount of $22,642.00 per month. In the event Creditor sells the Abandoned Property located at the Property at public auction, pursuant to California Civil Code 1993 et seq., for more than the outstanding sum due and owing at the time of sale, Creditor is hereby ordered to notify the Trustee within five business days after the sale, by and through her counsel Gregg Kleiner, of the surplus and provide the location of the surplus funds.

3. Prior to the sale of the Abandoned Property at public auction, Creditor may move a portion of the Abandoned Property to another area within the Property in order to repair the west end of the Property and lease such separate space to a tenant in order to mitigate further losses while waiting for the auction to be completed.

4. Once Creditor has dispossessed itself of the Abandoned Property, it may retake possession of the entire Property and move forward with re-leasing the remainder of the Property to a third party without further order of this Court.

5. With respect to lockers containing the personal property of former members maintained on the Property ("Locker Contents"), if any, Creditor is authorized to release the

Locker Contents to TechShop Mid-Peninsula customers in accordance with applicable nonbanktuptcy law upon receipt of proper verification from those customers that the Locker Contents belong to the customers.

6. The stay provision of Federal Rule of Bankruptcy Procedure 4001(a)(3) is herby waived.

**END OF ORDER**

3

1                                      COURT SERVICE LIST

2   No service list required