JESSICA G. MCKINLAY (282743)
THOMAS T. HWANG (218678)
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA  94301
Telephone: (650) 857-1717
Facsimile:  (650) 857-1288
Email: mckinlay.jessica@dorsey.com
Email: hwang.thomas@dorsey.com

Attorneys for
LA FRONTERA VILLAGE, L.P.

# UNITED STATES BANKRUTPCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **In Re:**<br><br>**TECHSHOP, INC.,**<br><br>Debtor. | Case No. **18-50398**<br><br>**LA FRONTERA VILLAGE, L.P.'s MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    August 3, 2018<br>Time:   10:00 a.m.<br>Place:  280 South First Street, Room 3020<br>           San Jose, California<br>           Hon. M. Elaine Hammond |

COMES NOW La Frontera Village, L.P. ("La Frontera"), which moves for an order determining that the automatic stay is inapplicable, or alternatively, for relief from the automatic stay (the "Motion"). The Motion is based on the memorandum of points and authorities herein, the declaration of Kathy Mulkern (the "Mulkern Declaration"), and the notice of hearing on the Motion filed concurrently herewith, the pleadings and papers on file herein, and such other evidence as may be submitted orally or in writing to the Court at or before the hearing on the Motion. In support of the Motion, La Frontera Village, L.P. respectfully states as follows:

1

DEBTOR'S MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The relief sought with this Motion is based upon Sections 362(d)(1) and (2) and 541(b)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of California (the "Local Rules").

## FACTUAL BACKGROUND

3. La Frontera is the ground tenant of the shopping center known as La Frontera Village (the "Shopping Center") located at Unit No. 120 Sundance Parkway, in the City of Round Rock, Texas.

4. TechShop Austin, LLC ("TechShop Austin") is a Texas limited liability company and subsidiary of TechShop, Inc., the Debtor in this chapter 7 proceeding.

5. Pursuant to that certain Lease dated June 19, 2012 (the "Lease"), a copy of which is attached as **Exhibit A** to the Mulkern Declaration, La Frontera leased to TechShop Austin approximately 21,530 square feet of space known as Suites 300 & 350 (the "Premises") in the Shopping Center. (Mulkern Decl., Ex. A).

6. La Frontera and Debtor do not have a contractual relationship. The Debtor is not a party to the Lease, and there is no guarantee of the Lease signed by the Debtor or any individual principal of the Debtor. (Mulkern Decl., Ex. A).

7. The Lease expired according to its terms on October 31, 2017. Despite the Lease expiration, TechShop Austin has failed to vacate the Premises by leaving behind various equipment, furniture and other personal property, which property remains on the Premises (the "Abandoned Property"). La Frontera believes that virtually all of the Abandoned Property is the property of TechShop Austin and not the property of Debtor. La Frontera has prepared an inventory of the Abandoned Property, which inventory is attached as **Exhibit B** to the Mulkern Declaration.

2

Case: 18-50398   Doc# 132   Filed: 07/20/18   Entered: 07/20/18 12:17:59   Page 2 of 6

DEBTOR'S MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES

8. In addition to the Abandoned Property, there are lockers in the Premises which, upon information and belief, contain items stored by TechShop Austin's customers ("Customer Property"). La Frontera's property manager has been contacted by individuals alleging to be customers of TechShop Austin and seeking to recover their property from the lockers.

9. On January 3, 2018, in accordance with Texas law, counsel for La Frontera sent a letter to TechShop Austin (the "60 Day Notice"), a copy of which is attached as **Exhibit C** to the Mulkern Declaration, notifying it of La Frontera's intent to dispose of the Abandoned Property and giving TechShop Austin 60 days to claim and remove its property. (Mulkern Decl., Ex. C). The 60-day notice period expired on March 4, 2018, six days after the Debtor filed its chapter 7 petition.

10. La Frontera wishes to exercise its rights under Texas law to retake the Premises and remove the Abandoned Property from the Premises and dispose of it in accordance with non-bankruptcy law. In addition, La Frontera wants to release the Customer Property to its rightful owners in accordance with applicable state law including provision and receipt of proper verification and identification from those persons asserting ownership as to any such Customer Property. In the event the Court determines that the automatic stay is in effect with respect to the Premises and/or the remaining property in the Premises, La Frontera requests that the stay be lifted, to the extent applicable, as to the Premises, the Abandoned Property and also as to the Customer Property so that La Frontera may dispose of or return such property as appropriate or as otherwise directed by this Court.

11. The Debtor filed its chapter 7 petition on February 26, 2018. In its Schedules, the Debtor claims to own "Miscellaneous furniture," "computers," "software", and "Micelleanous [sic] Machinery" all of which is located at its various subsidiaries. *See* Amended Schedules ¶¶ 39, 41 & 50 [Dkt. No. 74]. Nevertheless, the Debtor has not asserted any interest in TechShop Austin's leasehold and the Lease is not listed anywhere in the Debtor's schedules. The Debtor's Schedules and Statement of Financial Affairs state that the Debtor owns 100% of the membership interests of TechShop Austin, that the value of TechShop Austin is $1.00, that TechShop Austin's liabilities exceed its assets and that TechShop Austin has lost its leasehold interest. *Id.* at ¶ 15.6. TechShop

3

DEBTOR'S MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES

Austin is not listed as a co-debtor on the Debtor's Schedule H.

## POINTS AND AUTHORITIES

**The Debtor Is Not a Party to the Lease**

12. The automatic stay is inapplicable as to La Frontera, the Abandoned Property and the Customer Property. The Debtor is not a party to the Lease and does not have an ownership interest in the Abandoned Property or the Customer Property. The Debtor's Schedules do not list La Frontera as a creditor, nor do they list the Lease as property of the estate. Furthermore, TechShop Austin is not listed as a co-debtor. The Lease is between TechShop Austin and La Frontera only, and, as noted above, the Debtor's Schedules expressly state that TechShop Austin "lost [its] leasehold interest." La Frontera has not received any information that the Debtor or its estate have any rights under the Lease or any rights to or interest in the Premises or in any of the property remaining in the Premises, including the Abandoned Property and the Customer Property.

**The Lease and All Rights Thereunder Are Expressly Excluded from the Estate and the Stay**

13. Moreover, the Lease expired pre-petition and not even TechShop Austin has any further interest in the Lease. Thus, even if the Debtor was a party to the Lease, the Lease, and the rights and leasehold interests thereunder, would neither be part of the bankruptcy estate nor subject the automatic stay. Indeed, the section 541(b)(2) of the Bankruptcy Code specifically excludes expired leases from estate property, providing in part: "Property of the estate does not include-- … (2) any interest of the debtor as a lessee under a lease of nonresidential real property that has terminated at the expiration of the stated term of such lease before the commencement of the case under this title, …" 11 U.S.C.S. § 541(b)(2). Furthermore, section 362(b)(10) lists as an exception to the automatic stay "… any act by a lessor to the debtor under a lease of nonresidential real property that has terminated by the expiration of the stated term of the lease before the commencement of or during a case under this title to obtain possession of such property;…" 11 U.S.C. § 362(b)(10). Accordingly, the Lease and the rights and interests thereunder, the Abandoned Property and the Customer Property all are not under the purview of the bankruptcy

4

DEBTOR'S MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY
OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY;
MEMORANDUM OF POINTS AND AUTHORITIES

estate or the automatic stay[1].

**Even If the Stay Is in Effect, Cause Exists to Terminate It.**

14.     However, in an abundance of caution, La Frontera seeks an order determining that the automatic stay is inapplicable or, in the alternative, terminating the automatic stay to allow La Frontera to retake the Premises, to dispose of the Abandoned Property and to allow TechShop Austin's customers to reclaim their Customer Property in accordance with applicable non-bankruptcy law.

15.     In the event the Court determines that the automatic stay is applicable, the Court should grant relief under 11 U.S.C. § 362(d)(1) for "cause," which includes a lack of adequate protection but also many unspecified factors. Cause is not defined by the Bankruptcy Code and is determined on a case-by-case basis. *See Mac Donald v. Mac Donald (In re Mac Donald)*, 755 F.2d 715, 716 (9th Cir. 1985) ("Because there is no clear definition of what constitutes 'cause', discretionary relief from the stay must be determined on a case by case basis.").

16.     As set forth above, the Lease (which is not an asset of the estate) expired according to its terms pre-petition. Having failed to remove its property from the Premises, TechShop Austin is now in holdover. La Frontera, however, has not received any payments for holdover rent as required by Section XXIII.G of the Lease, yet it has been required to maintain the Premises and is unable to re-lease them while the Abandoned Property and Customer Property remains, without assurance from the Bankruptcy Court that it may proceed. Meanwhile, the Abandoned Property and the Customer Property are abandoned with no protection, depreciating in value while the proper owners of such property are precluded from recovery. Further, La Frontera risks being criticized, or even threatened with legal action, for failing to dispose of and/or return the Customer Property. Clearly, when considered together with the circumstances of the expired Lease, cause exists to lift the stay, to the extent it is applicable at all.

---

[1] Even assuming, *arguendo*, that the Debtor held some beneficial interest in the Premises, the Abandoned Property or the Customer Property by virtue of its ownership interest in TechShop Austin, it would be prohibited from receiving any distribution on account of its interest in TechShop Austin prior to satisfying its obligations to La Frontera. *See* Tex. Bus. Org. Code §§ 11.053, 101.206

5

Case: 18-50398    Doc# 132    Filed: 07/20/18    Entered: 07/20/18 12:17:59    Page 5 of 6

DEBTOR'S MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES

**The 14-Day Stay Should Be Waived for Cause**

17. The Court may waive the 14-day stay of enforcement of an order granting relief from the automatic stay for cause. Bankruptcy Rule 4001(a)(3). Cause exists in this case because La Frontera's tenant is an entity that is not in bankruptcy and therefore is not affected by the automatic stay, and not the Debtor. Also, a 14-day stay will interfere with the timeline and cause further delay for La Frontera to recover possession of the Premises and dispose of the Abandoned Property and the Customer Property under applicable non-bankruptcy law, to the prejudice of not only La Frontera, but the rightful owners of the property at the Premises. Hence, the Court should waive the 14-day stay provided by Bankruptcy Rule 4001(a)(3).

WHEREFORE, for these reasons, including any other reasons presented at oral argument, La Frontera respectfully requests that the Court enter an Order declaring that the automatic stay is inapplicable to the Premises, the Abandoned Property and the Customer Property, or alternatively, grant relief from the automatic stay, to allow La Frontera to exercise its rights to retake the Premises, to dispose of the Abandoned Property and to release the Customer Property to its rightful owners in accordance with non-bankruptcy law.

DATED: July 20, 2018　　　　　　　　　　　　DORSEY & WHITNEY LLP

　　　　　　　　　　　　　　　　　　　　By: /s/ *Jessica G. McKinlay*
　　　　　　　　　　　　　　　　　　　　　　　Jessica G. McKinlay
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for La Frontera Village, L.P.

6

Case: 18-50398    Doc# 132    Filed: 07/20/18    Entered: 07/20/18 12:17:59    Page 6 of 6

DEBTOR'S MOTION TO CONFIRM ABSENCE OF THE AUTOMATIC STAY OR, ALTERNATIVELY, FOR RELIEF FROM THE AUTOMATIC STAY; MEMORANDUM OF POINTS AND AUTHORITIES