Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

TECHSHOP, INC.,

Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

**STIPULATION FOR SALE FREE AND CLEAR OF LIEN**
**(Autodesk, Inc.)**

This stipulation for sale free and clear of lien is by and between counsel for (i) Doris A. Kaelin, the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate of TechShop, Inc. ("Debtor") and (ii) Autodesk, Inc. ("Autodesk").

**RECITALS**

A. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date").

B. On January 5, 2018, prior to the Petition Date, Autodesk caused to be filed with the California Secretary of State's Office a financing statement, file no. 18-7626032601. Autodesk asserts that this financing statement perfected or continued perfection of Autodesk's security interest (the "Lien") in certain assets of the Debtor, as set forth in that certain Second Amended and Restated Security Agreement, dated as of March 12, 2013, executed by the Debtor in favor of Autodesk.

///

1

C. The Trustee disputes the validity of the Lien. The Trustee asserts, among other things, that the Lien is subject to avoidance as a preferential transfer pursuant to 11 U.S.C. § 547(b).

D. The Trustee has entered into an Agreement to Purchase Personal Property with the Arizona Board of Regents on behalf of Arizona State University ("ASU Agreement"). A copy of the Agreement is attached as Exhibit A. In sum, the ASU Agreement provides that the Trustee shall sell to ASU all of the Debtor's right, title and interest, if any, in personal property ("ASU Property") located at facilities maintained, owned and/or controlled by ASU located in Chandler, Arizona. The ASU Agreement further provides that ASU shall pay to the Trustee $30,000 for the right, title and interest, if any, in the ASU Property, provided the Trustee convey the ASU Property free and clear of the Lien. Autodesk asserts that its Lien attaches to the ASU Property. The Trustee disputes Autodesk's position.

E. The estate owns a 2014 Featherlite 24-Foot Carrier trailer ("Trailer"). The Trailer is owned by the Debtor's estate, free and clear of any liens of record and the Trustee is in possession of the certificate of title for the Trailer. The Trailer contains certain maker space equipment identified in Exhibit B ("Equipment"). Autodesk asserts that its Lien attaches to the Equipment. The Trustee disputes Autodesk's position.

F. The Trustee seeks to sell the Equipment to a third party.

**STIPULATION**

Now, therefore, in order to allow the Trustee to consummate the ASU Agreement and to allow for the sale of the Equipment, the Trustee and Autodesk stipulate and agree as follows:

1. Autodesk agrees and acknowledges that its Lien does not attach to the Trailer;

2. The Trustee may sell the ASU Property and the Equipment free and clear of the Lien and any related liens or claims that Autodesk may have against the ASU Property and the Equipment, pursuant to 11 U.S.C. § 363(f)(2);

3. The Lien shall attach to the sale proceeds generated from the ASU Agreement and the sale of the Equipment with the same right and priority that existed prior to the sale of these assets; and

///

2

4. Following the closing of any sale of the ASU Property to ASU or of the Equipment to a third party, Autodesk and the Trustee shall work in good faith to resolve their dispute with regard to the Lien. Any resolution of the dispute will be subject to notice to creditors and Bankruptcy Court approval. If the parties are unable to resolve their dispute with regard to the Lien, the Trustee shall initiate an adversary proceeding in the Bankruptcy Court to determine the extent, validity and priority, if any, of the Lien.

DATED: August 14, 2018    RINCON LAW LLP

By: /s/ Gregg S. Kleiner
GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

DATED: August 14, 2018    WILSON SONSINI GOODRICH & ROSATI

By: _____
MARSHA SUKACH
Counsel for AUTODESK, INC.

3

**EXHIBIT A**

# AGREEMENT TO PURCHASE PERSONAL PROPERTY

This Agreement to Purchase Personal Property ("Agreement") is dated July 23, 2018, and is by and between: (i) Doris Kaelin, solely in her capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate of TechShop, Inc. ("Debtor"), Case No. 18-50398 MEH pending before the United States Bankruptcy Court, Northern District of California, San Jose Division ("Bankruptcy Court"); and (ii) Arizona Board of Regents, a body corporate for and on behalf of Arizona State University ("Buyer"). The Trustee and the Buyer are each a "Party" and collectively the "Parties."

## RECITALS

A.  The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). Soon after the Petition Date, the Trustee was appointed to administer the assets of the Debtor's estate.

B.  The Trustee is informed that (i) prior to the Petition Date, the Debtor was the managing member of TechShop Phoenix, LLC, and (ii) the liabilities of TechShop Phoenix, LLC exceed its assets. TechShop Phoenix, LLC is not a bankruptcy debtor.

C.  According to the Buyer, prior to the Petition Date the Buyer was the landlord with respect to the now terminated Sublease (Chicago Street Yard) by TechShop Phoenix, LLC as Tenant of the approximately 13,010 rentable square feet of lab space (the "Lab Premises") and 688 rentable square feet of snack/catering space, as more particularly described in the Sublease (together with the Lab Premises, the "Premises"), which are located on a portion of the real estate and improvements located in the building located at 249 East Chicago Street, Chandler, Arizona 85225-8532 (the "Building"). On account of defaults under the Sublease, the Sublease has been terminated.

D.  The Premises contain certain personal property that was owned or controlled by the Debtor and/or TechShop Phoenix, LLC ("Assets"). To the extent that the Assets at the Premises and Building were owned by the Debtor, the Assets may be subject to a security interest perfected by a financing statement in favor of AutoDesk, Inc. (or its successors in interest) ("AutoDesk") against the Debtor. The Trustee disputes the AutoDesk lien.

E.  Subject to the provisions of this Agreement, the Buyer seeks to purchase the Assets.

## AGREEMENT

Now, therefore, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1.  The foregoing recital paragraphs are incorporated herein by reference.

2.  This Agreement is subject to and conditioned upon approval by the Bankruptcy Court, which the Trustee will move to obtain.

Case: 18-50398    Doc# 157    Filed: 08/23/18    Entered: 08/23/18 10:59:58    Page 5 of 9

3. Subject to Buyer's delivery to the Trustee of $30,000 ("Purchase Price") to be delivered as set forth in paragraph 4 below, the order approving this Agreement shall result in the sale of all of the Assets located at the Premises and the Building to the Buyer as follows: (i) all Debtor's right, title and interest, if any, in and to the Assets and (ii) the Trustee's quit claim of any right, title or interest, if any, in and to the Assets owned by TechShop Phoenix, LLC.

4. The Buyer shall pay the Trustee the sum of $30,000 in cash for the Assets. The Purchase Price shall be delivered to the Trustee as follows: (i) $10,000 ("Deposit") upon execution of this Agreement; and (ii) the unpaid balance, $20,000, no later than 15 days after the Bankruptcy Court's order approving this Agreement is final and not stayed or subject to appeal. The Purchase Price shall be paid in consideration of the Assets owned by the Debtor's estate, only, and TechShop Phoenix, LLC shall have no interest in the Purchase Price.

5. The Buyer agrees and acknowledges that (i) it is acquiring the Assets "as is, where is," with no representations or warranties whatsoever, (ii) all representations and warranties are expressly disclaimed, and, (iii) except for the lien asserted by Autodesk against the Debtor's interest in the Assets, the Buyer takes the Assets subject to any and all other liens, claims and interests. For purposes of clarification only, the sale of the Assets to the Buyer is conditioned upon the Debtor's interest in the Assets being conveyed to the Buyer free and clear of the AutoDesk lien.

6. Except upon a default on the part of the Buyer, if the Bankruptcy Court does not approve this Agreement, the Trustee shall return the Deposit to the Buyer.

7. Neither of the Parties have dealt with any broker or salesperson in connection with the proposed sale of the Assets.

8. Other than delivering to the Buyer an order from the Bankruptcy Court approving this Agreement, the Trustee shall have no duties or obligations to deliver anything else to the Buyer, its representatives or agents at closing. The Buyer is solely responsible for payment of all fees, sums or costs related to or concerning obtaining possession and control of the Assets and payment of any sales tax or transfer taxes that may arise under this Agreement.

9. The Trustee shall include in its motion seeking Bankruptcy Court approval of this Agreement a request for a finding from the Bankruptcy Court that the Buyer is proceeding in "good faith" as that term is used in Bankruptcy Code Section 363(m). The Buyer shall be solely responsible for filing any declaration and/or other pleadings necessary for the Bankruptcy Court to make a Section 363(m) finding.

10. Each person signing this Agreement represents and warrants that he/she/it has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such party and bind their respective Party(ies) to the terms and conditions of this Agreement. This Agreement shall be binding upon the Parties thereto, their successors and assigns.

11. The Parties agree that the Bankruptcy Court shall have exclusive jurisdiction over any dispute arising out of this Agreement, and, if necessary to effect the Bankruptcy Court's jurisdiction, by their signature to this Agreement, hereby stipulate to an order providing for such jurisdiction.

12. Neither this Agreement, nor any provision within it, shall be construed against any Party or its attorney because it was drafted in full or in part by such Party or its attorney. The Agreement shall be accordingly construed equally against all Parties. In this regard, the Parties waive any and all benefits and rights he, she, it, or they may have under California Civil Code § 1654, which provides as follows:

> IN CASES OF UNCERTAINTY NOT REMOVED BY THE PRECEDING RULES, THE LANGUAGE OF A CONTRACT SHOULD BE INTERPRETED MOST STRONGLY AGAINST THE PARTY WHO CAUSED THE UNCERTAINTY TO EXIST.

13. This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the matters described herein, and any and all prior and contemporaneous agreements, representations, discussions, negotiations, commitments, and understandings are merged into and superseded by this Agreement. No representations, verbal or otherwise, express or implied, other than those written and contained herein have been made or relied upon by any of the Parties.

14. The Parties to this Agreement shall bear their own costs and attorney fees related to negotiation and drafting of this Agreement. In the event of any breach of this Agreement, the non-breaching party shall be entitled to, in addition to any other amounts due or rights granted under this Agreement, an award of all reasonable costs and attorney fees incurred in pursuing the enforcement, appeal and/or collection of this Agreement. The decision of the Bankruptcy Court not to approve this Agreement shall not be deemed a breach of this Agreement.

15. The Agreement may not be modified except by a writing signed by all Parties, with specific written reference to this Agreement, and with approval of the Bankruptcy Court.

16. This Agreement shall be construed under the laws of the State of California, except to the extent it is controlled by the federal bankruptcy laws.

**BALANCE OF PAGE LEFT INTENTIONALLY BLANK**

17. This Agreement may be executed in counterparts, and the signature pages of such counterparts may be collected. A copy of this Agreement with all collected counterparts and signature pages shall have the full force and effect of an original. A scanned image of a signature or a signature delivered by facsimile shall be effective as an original "wet ink" signature.

DATED: July 23, 2018

By: _____
DORIS KAELIN, Solely In Her Capacity As
Chapter 7 Trustee of TechShop, Inc.

DATED: July 27, 2018

Arizona Board of Regents,
A body corporate for and on behalf of
Arizona State University

By: _____
Ji Mi Choi, Associate Vice President, Knowledge
Enterprise Development

By: _____
Sethuraman Panchanathan, Executive Vice
President, Knowledge Enterprise Development

4

**EXHIBIT B**

1. 9 Fujitsu Lifebook computers with power cords and cable locks
2. Box with glue guns, gloves, batteries for cordless drill, plyers, misc
3. On wall: 2 hot glue guns, first aid kit, drill bit set (DeWalt)
4. 2 fire extinguishers; cleaning supplies
5. 5 tables 80/20.net model #260-248-8030
6. 4 modular shelf units
7. Scrap acrylic for laser cutters
8. 3D printer filament-10 used rolls
9. Tool bag with misc. hand tools; drill bit set; 2 power cords; jig saw
10. Craftsman Shop Vac 1.75 Peak 7.5 Gal.
11. Singer sewing machine #3337 (in box)
12. Soldering tool, allen wrench set and soldering wire
13. Bosch jig saw JS260
14. 1 hotplate
15. Digital caliper
16. Track lighting running the length of the trailer
17. Monitor
18. 2 Universal Laser Systems VLS 3.50 Desktop Lasers with cutting table (one laser may not be operative)