UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

TECHSHOP, INC.,

Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

[No Hearing Required Unless Requested]

**NOTICE AND OPPORTUNITY FOR HEARING ON TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL ON CONTINGENCY FEE BASIS**
(Browne George Ross LLP and Steyer, Lowenthal, Boodrookas, Alvarez and Smith LLP)

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT** Doris Kaelin, Trustee in Bankruptcy of the estate of the above-named Debtor has filed an application with the United States Bankruptcy Court for an order, pursuant to 11 U.S.C. Sections 327 and 328(a), authorizing her to employ Browne George Ross LLP ("BGR") and Steyer, Lowenthal, Boodrookas, Alvarez and Smith LLP ("SL", together with BGR, "Special Counsel") for the purpose of evaluating and, if appropriate, pursuing litigation against the Debtor's officers, directors and possibly others ("Claims"). Copies of the Trustee's employment application and supporting declarations are on file with the Bankruptcy Court.

The Trustee does not have the economic wherewithal to employ counsel on an hourly basis to pursue the Claims. Her general bankruptcy counsel is not in a position to undertake pursuit of the Claims on a contingency fee basis. Special Counsel is willing to (a) pursue the Claims on behalf of the bankruptcy estate on a contingency fee basis and (b) advance certain costs to be reimbursed from any economic recovery. Under the terms of the contingency fee agreement ("Agreement"),[1] a copy of which is attached as Exhibit A to the Declaration of Andrew August, filed concurrently herewith, Special Counsel will be paid a contingency fee equal to (i) thirty percent (30%) of the Net Recovery if the matter is resolved before filing a lawsuit or formal initiation of proceedings; (ii) thirty-five percent (35%) of the Net Recovery if the matter is resolved prior to 90 days before the initial trial or arbitration date; and (iii) forty percent (40%) of the Net Recovery if the matter is resolved after the times set forth in (i) and (ii), above. Under the provisions of the Agreement, "Net Recovery" means: (1) the total of all amounts received by settlement, arbitration award or judgment, including any award of attorney's fees, (2) minus all costs and disbursements paid by the Debtor's estate. The Agreement provides that Special Counsel will advance all costs and only recover such costs if there is a recovery.

The Trustee is seeking to employ Special Counsel on a contingency fee basis under 11 U.S.C. §§ 327(a) and 328(a). Section 327 provides that, "…trustee, with the court's approval, may employ one or more attorneys… that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties…" The Debtor's estate does not have any unencumbered funds on hand. The Trustee is not in a position to employ counsel to pursue the Claims on an hourly basis, as such costs could be prohibitive. Section 328(a) permits contingency fee arrangements. The Trustee predicts that pursuit of the Claims could be very expensive and that a contingency fee arrangement is in the best interest of the estate because there is a substantial commitment that will be required of counsel and that the estate has limited resources at this time to commit to pursuit of the Claims. No compensation will be paid or costs reimbursed to Special Counsel without further order of the Bankruptcy Court.

---

[1] The summary of the Agreement set forth in this Notice is for informational purposes only. In all instances, the terms of the Agreement shall control.

The purpose of this notice is to provide other creditors and the United States Trustee with an opportunity to file an objection to the proposed employment of Special Counsel to pursue the Claims.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed employment or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: August 30, 2018            RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for DORIS A. KAELIN, Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335, San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com