Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>Debtor. | Case No. 18-50398 MEH<br>Chapter 7<br><br>**NOTICE OF HEARING ON OBJECTIONS TO SALE OF ASSETS TO ASU**<br><br>Date: October 4, 2018<br>Time: 10:30 a.m.<br>Place: 280 South First Street<br>       Hon. M. Elaine Hammond<br>       Courtroom 3020<br>       San Jose, CA 95113 |

**TO: ANN DRAPER, COUNSEL TO DAN RASURE, WALTER E SIMONETTI AND HENRY JOVANOVIC:**

**PLEASE TAKE NOTICE THAT** on October 4, 2018 at 10:30 a.m. PDT, a hearing will be conducted before the Honorable M. Elaine Hammond, United States Bankruptcy Judge in her Courtroom 3020 located at 280 South First Street, San Jose, California, 95113, on your objections to Trustee Doris Kaelin's proposed sale of "Assets" (as defined in the Motion, Docket 155) to the Arizona Board of Regents, a body corporate on and on behalf of Arizona State University ("Buyer").

According to the objection filed by Mr. Rasure (Docket 171), the Buyer is getting a "sweetheart deal," and the Trustee should break up the Assets being sold to the Buyer and offer them

for sale in smaller lots. The Rasure objection ignores the fact that the Assets are being acquired by the Buyer *subject to* material liens and encumbrances. The Rasure objection should be overruled.

Mr. Rasure fails to take into consideration that the Assets being purchased by the Buyer are being acquired by it *subject to*: (i) all liens, claims and interests of record (except the Autodesk Lien); (ii) all the liens, claims and interests of the Buyer (including those arising from TechShop Phoenix, LLC's defaults under its Premises lease with the Buyer which the Trustee understands exceed $250,000); and (iii) all liens, claims and interests that may be asserted against the Assets by the lessors and equipment financiers of the Debtor and TechShop Phoenix, LLC. A copy of the agreement with the Buyer is attached hereto as **Exhibit A** ("Agreement").

Furthermore, under the provisions of the Agreement, all the Trustee is selling to the Buyer is the estate's right, title and interest, *only*, in the Assets. Because of the condition of the Debtor's books and records, it is not possible to readily or with any certainty, separate what assets belong solely to the Debtor. As a result, the solution "proposed" in Mr. Rasure's objection is not feasible.

The Rasure objection seeks to have the Trustee perform procedural somersaults to create an auction where there will be no other bidders. If Mr. Rasure actually believes the Buyer is getting a "sweetheart deal" as set forth in his objection, he should have coupled his objection with (i) an offer to be bound by the same terms and conditions set forth in the Agreement and (ii) a better cash offer delivered to the Trustee. By failing to deliver a higher and better offer, the Rasure objection should be overruled.

On September 14, 2018 (after the passage of the objection deadline), Messrs. Simonetti and Jovanovic sent an email to Trustee's counsel. In the email they assert that they were unable to file an objection to the Motion. A copy of their email and objection are attached hereto as **Exhibit B**. In sum, the objection asserts that, as a condition of sale, the Buyer should be required to satisfy one or more judgments that Messrs. Simonetti and Jovanovic state are in their favor. As made clear in the Motion and the Agreement, the Buyer is acquiring the Assets subject to all liens, claims and interests. The Trustee's consummation of the Agreement with the Buyer shall have no impact on

/ / /

/ / /

the rights and priorities of Messrs. Simonetti and Jovanovic alleged liens. The Simonetti and Jovanovic objection should be overruled.

DATED: September 18, 2018     RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

## AGREEMENT TO PURCHASE PERSONAL PROPERTY

This Agreement to Purchase Personal Property ("Agreement") is dated July 23, 2018, and is by and between: (i) Doris Kaelin, solely in her capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate of TechShop, Inc. ("Debtor"), Case No. 18-50398 MEH pending before the United States Bankruptcy Court, Northern District of California, San Jose Division ("Bankruptcy Court"); and (ii) Arizona Board of Regents, a body corporate for and on behalf of Arizona State University ("Buyer"). The Trustee and the Buyer are each a "Party" and collectively the "Parties."

### RECITALS

A. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). Soon after the Petition Date, the Trustee was appointed to administer the assets of the Debtor's estate.

B. The Trustee is informed that (i) prior to the Petition Date, the Debtor was the managing member of TechShop Phoenix, LLC, and (ii) the liabilities of TechShop Phoenix, LLC exceed its assets. TechShop Phoenix, LLC is not a bankruptcy debtor.

C. According to the Buyer, prior to the Petition Date the Buyer was the landlord with respect to the now terminated Sublease (Chicago Street Yard) by TechShop Phoenix, LLC as Tenant of the approximately 13,010 rentable square feet of lab space (the "Lab Premises") and 688 rentable square feet of snack/catering space, as more particularly described in the Sublease (together with the Lab Premises, the "Premises"), which are located on a portion of the real estate and improvements located in the building located at 249 East Chicago Street, Chandler, Arizona 85225-8532 (the "Building"). On account of defaults under the Sublease, the Sublease has been terminated.

D. The Premises contain certain personal property that was owned or controlled by the Debtor and/or TechShop Phoenix, LLC ("Assets"). To the extent that the Assets at the Premises and Building were owned by the Debtor, the Assets may be subject to a security interest perfected by a financing statement in favor of AutoDesk, Inc. (or its successors in interest) ("AutoDesk") against the Debtor. The Trustee disputes the AutoDesk lien.

E. Subject to the provisions of this Agreement, the Buyer seeks to purchase the Assets.

### AGREEMENT

Now, therefore, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1. The foregoing recital paragraphs are incorporated herein by reference.

2. This Agreement is subject to and conditioned upon approval by the Bankruptcy Court, which the Trustee will move to obtain.

EXHIBIT A

Case: 18-50398   Doc# 175   Filed: 09/19/18   Entered: 09/19/18 06:14:45   Page 4 of 11

3. Subject to Buyer's delivery to the Trustee of $30,000 ("Purchase Price") to be delivered as set forth in paragraph 4 below, the order approving this Agreement shall result in the sale of all of the Assets located at the Premises and the Building to the Buyer as follows: (i) all Debtor's right, title and interest, if any, in and to the Assets and (ii) the Trustee's quit claim of any right, title or interest, if any, in and to the Assets owned by TechShop Phoenix, LLC.

4. The Buyer shall pay the Trustee the sum of $30,000 in cash for the Assets. The Purchase Price shall be delivered to the Trustee as follows: (i) $10,000 ("Deposit") upon execution of this Agreement; and (ii) the unpaid balance, $20,000, no later than 15 days after the Bankruptcy Court's order approving this Agreement is final and not stayed or subject to appeal. The Purchase Price shall be paid in consideration of the Assets owned by the Debtor's estate, only, and TechShop Phoenix, LLC shall have no interest in the Purchase Price.

5. The Buyer agrees and acknowledges that (i) it is acquiring the Assets "as is, where is," with no representations or warranties whatsoever, (ii) all representations and warranties are expressly disclaimed, and, (iii) except for the lien asserted by Autodesk against the Debtor's interest in the Assets, the Buyer takes the Assets subject to any and all other liens, claims and interests. For purposes of clarification only, the sale of the Assets to the Buyer is conditioned upon the Debtor's interest in the Assets being conveyed to the Buyer free and clear of the AutoDesk lien.

6. Except upon a default on the part of the Buyer, if the Bankruptcy Court does not approve this Agreement, the Trustee shall return the Deposit to the Buyer.

7. Neither of the Parties have dealt with any broker or salesperson in connection with the proposed sale of the Assets.

8. Other than delivering to the Buyer an order from the Bankruptcy Court approving this Agreement, the Trustee shall have no duties or obligations to deliver anything else to the Buyer, its representatives or agents at closing. The Buyer is solely responsible for payment of all fees, sums or costs related to or concerning obtaining possession and control of the Assets and payment of any sales tax or transfer taxes that may arise under this Agreement.

9. The Trustee shall include in its motion seeking Bankruptcy Court approval of this Agreement a request for a finding from the Bankruptcy Court that the Buyer is proceeding in "good faith" as that term is used in Bankruptcy Code Section 363(m). The Buyer shall be solely responsible for filing any declaration and/or other pleadings necessary for the Bankruptcy Court to make a Section 363(m) finding.

10. Each person signing this Agreement represents and warrants that he/she/it has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such party and bind their respective Party(ies) to the terms and conditions of this Agreement. This Agreement shall be binding upon the Parties thereto, their successors and assigns.

11. The Parties agree that the Bankruptcy Court shall have exclusive jurisdiction over any dispute arising out of this Agreement, and, if necessary to effect the Bankruptcy Court's jurisdiction, by their signature to this Agreement, hereby stipulate to an order providing for such jurisdiction.

12. Neither this Agreement, nor any provision within it, shall be construed against any Party or its attorney because it was drafted in full or in part by such Party or its attorney. The Agreement shall be accordingly construed equally against all Parties. In this regard, the Parties waive any and all benefits and rights he, she, it, or they may have under California Civil Code § 1654, which provides as follows:

> IN CASES OF UNCERTAINTY NOT REMOVED BY THE PRECEDING RULES, THE LANGUAGE OF A CONTRACT SHOULD BE INTERPRETED MOST STRONGLY AGAINST THE PARTY WHO CAUSED THE UNCERTAINTY TO EXIST.

13. This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the matters described herein, and any and all prior and contemporaneous agreements, representations, discussions, negotiations, commitments, and understandings are merged into and superseded by this Agreement. No representations, verbal or otherwise, express or implied, other than those written and contained herein have been made or relied upon by any of the Parties.

14. The Parties to this Agreement shall bear their own costs and attorney fees related to negotiation and drafting of this Agreement. In the event of any breach of this Agreement, the non-breaching party shall be entitled to, in addition to any other amounts due or rights granted under this Agreement, an award of all reasonable costs and attorney fees incurred in pursuing the enforcement, appeal and/or collection of this Agreement. The decision of the Bankruptcy Court not to approve this Agreement shall not be deemed a breach of this Agreement.

15. The Agreement may not be modified except by a writing signed by all Parties, with specific written reference to this Agreement, and with approval of the Bankruptcy Court.

16. This Agreement shall be construed under the laws of the State of California, except to the extent it is controlled by the federal bankruptcy laws.

**BALANCE OF PAGE LEFT INTENTIONALLY BLANK**

EXHIBIT A

Case: 18-50398    Doc# 175    Filed: 09/19/18    Entered: 09/19/18 06:14:45    Page 6 of 11

17. This Agreement may be executed in counterparts, and the signature pages of such counterparts may be collected. A copy of this Agreement with all collected counterparts and signature pages shall have the full force and effect of an original. A scanned image of a signature or a signature delivered by facsimile shall be effective as an original "wet ink" signature.

DATED: July 23, 2018

By: _____
DORIS KAELIN, Solely In Her Capacity As
Chapter 7 Trustee of TechShop, Inc.

DATED: July 27, 2018

Arizona Board of Regents,
A body corporate for and on behalf of
Arizona State University

By: _____
Ji Mi Choi, Associate Vice President, Knowledge
Enterprise Development

By: _____
Sethuraman Panchanathan, Executive Vice
President, Knowledge Enterprise Development

4

**EXHIBIT A**

| | |
|---|---|
| **From:** | genx15@cox.net |
| **Sent:** | Friday, September 14, 2018 4:57 PM |
| **To:** | Gregg Kleiner |
| **Subject:** | TechShop Debtor Notice of Opportunity |
| **Attachments:** | Notice of hearing request on motion to sell personal property latest.pdf |

We have received a "Notice of Opportunity" regarding TechShop Phoenix LLC property, and the fact that ASU is looking to buy the assets. Please be advised that we have a monetary claim that was judged in our favor prior to the Chapter 7 bancruptcy filing and ASU did not allow the court appointed Counstable to enter the permises to evaluate the situation.

We object to the requested relief, and since the website and instructions to file this objection are not working and correct we forward the proposed petition as a FYI. We should be allowed to state our case.
Enclosed is a PDF file with a detailed explanation.

Thank You,

Walter Simonetti & Henry Jovanovich

1

**EXHIBIT B**

Case: 18-50398   Doc# 175   Filed: 09/19/18   Entered: 09/19/18 06:14:45   Page 8 of 11

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

Case no.18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

In re:

TechShop, INC.,

Debtor.

NOTICE OF HEARING REQUEST ON MOTION TO SELL PERSONAL PROPERTY
 (ASU SALE)


TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES OF INTEREST:


Request for Hearing

**PLEASE TAKE NOTICE THAT**, Walter Simonetti & Henry Jovanovic ("Creditor(s)") have requested a hearing regarding the motion filled by Doris Kaelin, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate of TechShop, Inc. ("Debtor") which is seeking the authority to enter into "Agreement to Purchase Personal Property" with Arizona Board of Regents, a body corporate for and on behalf of Arizona State University also known as ASU ("Buyer").


Background

The Debtor filled a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). Soon after the Petition Date, the Trustee was appointed to administer the assets of the Debtor's estate. The trustee was informed that: (i) prior to the petition date, the Debtor was the managing member of TechShop Phoenix, LLC and (ii) the liabilities of TechShop Phoenix, LLC exceed its assets. TechShop Phoenix, LLC is not a bankruptcy debtor.

According to the prospective Buyer, TechShop Phoenix, LLC had a sublease agreement that was subsequently terminated, on account of defaults under the sublease. TechShop Phoenix, LLC was a tenant on part of the property referred to as 249 East Chicago Street, Chandler, Arizona ("the Building"). This property has been leased to ("ASU") in turn by the City of Chandler for a symbolical sum and it is in turn subject to certain rules and agreements that ASU entered with The City of Chandler.

The premises contain certain personal property that was owned or controlled by the Debtor and/or TechShop Phoenix, LLC ("Assets"). To the extent that the Assets at the Premises were owned by the Debtor, the Assets are subject to a Lien and Court order that was issued prior to Autodesk, Inc. ("Autodesk") as well as prior to any claims by Arizona State University ("Buyer").

On January 5, 2018, Autodesk caused to be filed with California Secretary of State's Office, a financing statement, file no. 18-7626032601 ("Lien"). The Lien purportedly gives a blanket lien to Autodesk over the assets of the Debtor.

The Trustee currently disputes the Lien. The trustee asserts, among other things, that the Lien is subject to avoidance as a preferential transfer pursuant to 11 U.S.C. § 547 (b).

The Creditor(s) dispute this assumption, and Request a Hearing, as TechShop Phoenix, LLC was incorporated in Arizona and is a separate legal entity from TechShop Inc. Furthermore all the assets located at the said location are the sole property of TechShop Phoenix, LLC.

As of this date only one equipment item inside was released to another party that had proper proof of ownership, therefore all the items inside the said premises are still property of TechShop Phoenix, LLC. unless documented and proven otherwise.

The contents of the entire Shop located at 249 East Chicago Street, Chandler, Arizona as well as the other 10 locations, were claimed to be valued at $1 (One US Dollar) by the TechShop INC, at the time of Chapter 7 filing. No assessment was ever made of the tools and materials that are located at said address. The Creditor(s) feel that the value of items, at said location (Shop), is much greater and requests that the contents be properly evaluated and that all said assets be sold at Public Auction, in order to raise enough money to pay for the Creditor's claim Lien.

The Trustee is required under 11 U.S.C. § 363(m) to ensure that the Buyer is a good faith purchaser. The following facts show that is not the case, and that the Buyer had, prior to the Chapter 7 bankruptcy filing, plans to acquire the entire contents of the property for its own benefit and ignoring any other Creditors:

ASU was notified of the Chandler Court Decision (**Maricopa San Marcos Justice Court case Numbers: CC2017224628 & CC2017224605**), WRIT OF EXECUTION was issued on 2-22-2018, well in advance and prior to TechShop, INC filing for Chapter 7, and a **Court Appointed Constable** repeatedly contacted the party responsible with the ASU partnership in order to go into enter TechShop Phoenix LLC property, take TechShop Phoenix LLC equipment and **SALE IT AT PUBLIC AUCTION** to pay the amount that was ruled by the **Maricopa San Marcos Justice Court case Numbers:** C2017224628 & CC2017224605. ASU refused to open the building doors so a proper inventory be taken thus in effect violating an existing court order and in effect acting as an <u>agent of TechShop, INC</u>. prior to any bankruptcy fillings or procedures. Although the Chapter 7 was eminent, ASU delayed response, purposefully, timing it's actions in order to allow, TechShop INC, enough time to file for bankruptcy and thus ensuring that the contents located inside the building remain intact and not sold, so they can solely benefit from them.

**EXHIBIT B**

The offer of $30,000 **SHOULD NOT** be considered unless the ASU Buyer entity or it's agents first pays the entire amount that was ruled by the **Maricopa San Marcos Justice Court case Numbers:** C2017224628 & CC2017224605 or the Entire contents of the said premises are offered up for **SALE AT PUBLIC AUCTION**, this offering a fair chance to all creditors with a valid claim to purchase TechShop Phoenix, LLS equipment and recover their loss.

**PLEASE TAKE NOTICE THAT** Local rule 9014-1 if the United States Bankruptcy Court for the Northern District of California was followed as it prescribes the procedures to be followed with respect to any objection to the proposed relief described above for hearing thereon.

**Also**: Maricopa San Marcos Justice Court case Numbers**:**
C2017224628 and CC2017224605
were properly recorded with:
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

DATED: September 7, 2018

By:    Walter E Simonetti   Creditor
       1361 S Canyon Oaks Way,
       Chandler, AZ 85286
       Maricopa San Marcos Justice Court case Number**:** C2017224628

       Henry Jovanovic     Creditor
       2722 West Estrella Drive,
       Chandler, AZ 85224
       Maricopa San Marcos Justice Court case Number**:** CC2017224605

Page **3** of **3**

**EXHIBIT B**

Case: 18-50398   Doc# 175   Filed: 09/19/18   Entered: 09/19/18 06:14:45   Page 11 of 11