Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

TECHSHOP, INC.,

Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

**APPLICATION FOR AUTHORITY TO EMPLOY SPECIAL COUNSEL ON CONTINGENCY FEE BASIS RE COPYRIGHT CLAIMS**
**(Parrish Law Offices)**

[No Hearing Required Unless Requested]

Doris A. Kaelin, Trustee in Bankruptcy of the estate of the above-named Debtor ("Applicant" or "Trustee"), respectfully represents:

1. Applicant is the duly appointed, qualified and acting trustee in bankruptcy in this case.

2. Applicant desires to retain the Parrish Law Offices ("Law Firm") for the purpose of pursuing any and all copyright infringement claims ("Copyright Litigation") by one or more of the following parties, *including, but not limited to*: TechShop 2.0 LLC; Dan Rasure; TheShop.Build; and TechShop 2.0 San Francisco LLC (collectively, "Defendants").

3. On June 25, 2018, the Bankruptcy Court authorized the Trustee to engage the Law Firm to pursue pre-petition trademark infringement litigation entitled *TechShop, Inc. v. Dan Rasure, TechShop 2.0 LLC, and TechShop 2.0 San Francisco LLC*, pending before the United States District Court, Northern District of California, Case No. 18-CV-01044 DMR ("Trademark Litigation"),

docket 130. The order authorizing the Trustee to employ the Law Firm is limited in scope to the Trademark Litigation and possible amendments to that litigation.

4. The Trustee is informed that prior to the petition date, the Debtor, through its wholly owned subsidiaries, was involved with the maker space industry which allowed, among other things, users/members of the public to make items from a variety of materials using, advanced equipment available on a membership model. The Trustee is informed that in connection with its business operations, the Debtor produced copyrighted materials related to its services throughout the United States and the world. The Trustee is informed that TechShop copyrights have been registered with the United States Copyright Office and has reason to believe that the Defendants have been using TechShop's copyrighted materials without the permission or authorization of the Debtor or the Trustee.

5. The Trustee does not have the economic wherewithal to employ counsel on an hourly basis to pursue the Copyright Litigation. Her general bankruptcy counsel is not in a position to undertake the Copyright Litigation on a contingency fee basis.

6. The Law Firm is willing to (i) pursue the Copyright Litigation on behalf of the bankruptcy estate on a contingency fee basis and (ii) advance certain costs to be reimbursed from any economic recovery. Under the terms of the contingency fee agreement, a copy of which is attached as Exhibit A to the Declaration of James Pistorino, filed concurrently herewith, the Law Firm will be paid a contingency fee equal to 33% of the "net recovery" if the Copyright Litigation is resolved ten days prior to the initial trial or arbitration date, with the fee rising to 40% at any date thereafter. The term "net recovery" means: (1) the total amounts received by settlement, arbitration award or judgment, including any award of attorney's fees; (2) minus costs and distributions. Net recovery will also include the reasonable value of any non-monetary proceeds.

7. The Trustee is not in a position to employ counsel to prosecute the Copyright Litigation on an hourly basis, as such costs could be prohibitive. Section 328(a) permits contingency fee arrangements. The Trustee predicts that the Copyright Litigation could be very expensive and that a contingency fee arrangement is in the best interest of the estate because there is a substantial

///

commitment that will be required of counsel and that the estate has limited resources at this time to commit to the Copyright Litigation.

8. Based on the Declaration of James Pistorino, the Trustee is informed and believes that the Law Firm has no connection with the Debtor, its attorneys or accountants, creditors or their attorneys or accountants, or the Office of the United States Trustee or any person employed in the Office of the United States Trustee. The Trustee is further informed and believes that the Law Firm neither holds nor represents an interest adverse to the bankruptcy estate and is a disinterested person in this bankruptcy case.

WHEREFORE, Applicant prays for an Order authorizing the employment of the Parrish Law Offices as special litigation counsel.

DATED: November 22, 2018

By: _____
DORIS A. KAELIN,
Trustee in Bankruptcy

DATED: November 27, 2018    RINCON LAW LLP

By: /s/ Gregg S. Kleiner
GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy