UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

TECHSHOP, INC.,
Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

[No Hearing Required Unless Requested]

**NOTICE AND OPPORTUNITY FOR HEARING ON TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL ON CONTINGENCY FEE BASIS**
(Parrish Law Offices- Copyright Claims)

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT** Doris Kaelin, Trustee in Bankruptcy (Trustee") of the estate of the above-named Debtor has filed an application with the United States Bankruptcy Court for an order authorizing her to employ Parrish Law Offices ("Law Firm") for the purpose of pursuing alleged copyright infringement claims. Copies of the Trustee's employment application and supporting declaration are on file with the Bankruptcy Court.

Applicant desires to retain the Parrish Law Offices ("Law Firm") for the purpose of pursuing any and all copyright infringement claims ("Copyright Litigation") by one or more of the following parties, including, but not limited to: TechShop 2.0 LLC; Dan Rasure; TheShop.Build; and TechShop 2.0 San Francisco LLC (collectively, "Defendants"). On June 25, 2018, the Bankruptcy Court authorized the Trustee to engage the Law Firm to pursue pre-petition trademark infringement litigation entitled *TechShop, Inc. v. Dan Rasure, TechShop 2.0 LLC, and TechShop 2.0 San Francisco LLC*, pending before the United States District Court, Northern District of California, Case No. 18-CV-01044 DMR ("Trademark Litigation"), docket 130. The order authorizing the Trustee to employ the Law Firm is limited in scope to the Trademark Litigation and possible amendments to that litigation.

The Trustee is informed that prior to the petition date, the Debtor, through its wholly owned subsidiaries, was involved with the maker space industry which allowed, among other things, users/members of the public to make items from a variety of materials using, advanced equipment available on a membership model. The Trustee is informed that in connection with its business operations, the Debtor produced copyrighted materials related to its services throughout the United States and the world. The Trustee is informed that TechShop copyrights have been registered with the United States Copyright Office and has reason to believe that the Defendants have been using TechShop's copyrighted materials without the permission or authorization of the Debtor or the Trustee.

The Trustee does not have the economic wherewithal to employ counsel on an hourly basis to pursue the Copyright Litigation. Her general bankruptcy counsel is not in a position to undertake the Copyright Litigation on a contingency fee basis. The Law Firm is willing to (i) pursue the Copyright Litigation on behalf of the bankruptcy estate on a contingency fee basis and (ii) advance certain costs to be reimbursed from any economic recovery. Under the terms of the contingency fee agreement, a copy of which is attached as Exhibit A to the Declaration of James Pistorino, filed concurrently herewith, the Law Firm will be paid a contingency fee equal to 33% of the "net recovery" if the Copyright Litigation is resolved ten days prior to the initial trial or arbitration date, with the fee rising to 40% at any date thereafter. The term "net recovery" means: (1) the total amounts received by settlement, arbitration award or judgment, including any award of attorney's fees; (2) minus costs and distributions. Net recovery will also include the reasonable value of any non-monetary proceeds.

The Trustee is seeking to employ the Law Firm on a contingency fee basis under 11 U.S.C. §§ 327(c) and 328(a). Section 327 provides that, "A person is not disqualified from employment under this section solely because such person's employment by a representation of a creditor, unless there is an objection by another creditor or the United States Trustee … ." Section 327(c) further provides that in the event of an objection, the Court shall disapprove such employment if there is an actual conflict of interest. The Trustee is not in a position to employ counsel to prosecute the Copyright Litigation on an hourly basis, as such costs could be prohibitive. Section 328(a) permits contingency fee arrangements. The Trustee predicts that the Copyright Litigation could be very expensive and that a contingency fee arrangement is in the best interest

of the estate because there is a substantial commitment that will be required of counsel and that the estate has limited resources at this time to commit to the Copyright Litigation.

Consistent with 11 U.S.C. § 327(c), the Trustee is serving notice of this application on other creditors, the United States Trustee and the Debtor, as notice of the terms of retention. Section 327(a) of the Bankruptcy Code provides that the Trustee may employ a professional that does not hold or represent an interest adverse to the estate and is a disinterested person, "except as otherwise provided in this section."

Section 327(c) provides as follows:

> (c) In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by another creditor or the United States trustee, in which case the court shall disapprove such employment if there is an actual conflict of interest.

The purpose of this notice is to provide other creditors and the United States Trustee with an opportunity to file an objection to the proposed employment of the Law Firm to pursue the Litigation. The Trustee notes that Section 327(c) does not provide an opportunity for the Debtor to object to the proposed employment.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed employment or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: November 27, 2018     RINCON LAW LLP

By: /s/ Gregg S. Kleiner
GREGG S. KLEINER
Counsel for DORIS A. KAELIN, Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335, San Francisco, California 94104
Telephone No.: 415-672-5191
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com