Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

TECHSHOP, INC.,

Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

***EX PARTE* APPLICATION FOR ORDER AUTHORIZING TRUSTEE TO DELIVER SANCTION FEES AWARDED TO SPECIAL COUNSEL**
**(Parrish Law Offices)**

[No Hearing Requested]

**TO THE HONORABLE M. ELAINE HAMMOND, UNITED STATES BANKRUPTCY JUDGE:**

Doris Kaelin, the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate of TechShop, Inc., files this *Ex Parte* Application for Order Authorizing Trustee to Deliver Sanction Fees Awarded to Special Counsel ("Application").

On June 25, 2018, the Bankruptcy Court entered its order authorizing the Trustee to employ Parrish Law Offices ("Law Firm") to act as the Trustee's special counsel with regard to pre-petition infringement litigation [Docket 130] ("Special Counsel Order"). Specifically, the Special Counsel Order, which is effective, *nunc pro tunc*, to February 26, 2018, authorized the Law Firm to assist the Trustee with regard to litigation entitled *TechShop, Inc. v. Dan Rasure, TechShop 2.0 LLC, and*

*TechShop 2.0 San Francisco LLC*, pending before the United States District Court, Northern District of California, Case No. 18-CV-01044 DMR ("Litigation"). Under the provisions of the Special Counsel Order, no fees or expenses can be paid to the Law Firm except upon further order of the Court. See ¶4 of the Special Counsel Order.

Under the provisions of the estate's engagement letter with the Law Firm, the Law Firm is to be compensated on a contingency fee basis, subject to further order of the Bankruptcy Court. A complete copy of the Trustee's engagement agreement with the Law Firm is attached as Exhibit A to the Declaration of Proposed Special Counsel [Docket 80-1] filed on May 9, 2018 ("Declaration"). A true and correct copy of Declaration is attached as **Exhibit 1** to the Trustee's Request for Judicial Notice The engagement agreement provides, at ¶6.C., that any award of sanctions in favor of the Law Firm shall not be considered as part of the estate's recovery, but shall "belong exclusively to Attorney as additional compensation for extraordinary time and effort."

On November 14, 2018, the Magistrate overseeing the Litigation awarded sanctions against the defendants in the Litigation in the amount of $10,000. A true and correct copy of the sanction order is attached as **Exhibit 2** to the Trustee's Request for Judicial Notice.

On or about January 23, 2019, the defendants in the Litigation delivered to the Trustee a check in the amount of $10,000. By this Application, the Trustee seeks Bankruptcy Court authority to deliver to the Law Firm the $10,000 in sanctions awarded in the Litigation.

Bankruptcy Code Section 105 authorizes the Court to "issue any order…that is necessary or appropriate to carry out the provisions of [title 11]." Under the circumstances, the Trustee believes it is appropriate that the Court authorize the Trustee to pay the $10,000 sanction award to the Law Firm. Because the $10,000 sanctions award is not property of the bankruptcy estate, the Trustee submits this application is appropriately submitted on an *ex parte* basis.

///

///

///

///

///

WHEREFORE, the Trustee prays for an order authorizing her to deliver the $10,000 sanction award to the Law Firm.

DATED: January 24, 2019    RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy