1  Gregg S. Kleiner, State Bar No. 141311
   RINCON LAW LLP
2  268 Bush Street, Suite 3335
   San Francisco, California 94104
3  Telephone No.: 415-672-5991
   Facsimile No.: 415-680-1712
4  Email: gkleiner@rinconlawllp.com

5  Counsel for DORIS A. KAELIN,
   Trustee in Bankruptcy
6

7

8                  UNITED STATES BANKRUPTCY COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11  In re                                 Case No. 18-50398 MEH
                                          Chapter 7
12      TECHSHOP, INC.,                   Hon. M. Elaine Hammond

13          Debtor.                       **MOTION FOR ORDER APPROVING
                                          SETTLEMENT OF DISPUTED
14                                        LITIGATION CLAIMS**

15                                        [No Hearing Required Unless Requested]
16

17          Doris A. Kaelin, Trustee in Bankruptcy of the estate of the above-named Debtor, hereby

18  moves the Court for an order authorizing her to enter into a "Stipulation for Settlement" with regard

19  to certain litigation claims made by the John S. & James L. Knight Foundation, on the terms more

20  fully set forth in the Notice and Opportunity for Hearing on Motion for Order Approving Settlement

21  of Disputed Litigation Claims ("Notice") filed herewith.

22          A copy of the Notice is attached hereto as **Exhibit A** and is incorporated by reference.

23  DATED: May 29, 2019            RINCON LAW LLP

24

25

26                                 By: */s/ Gregg S. Kleiner*
                                       GREGG S. KLEINER
27                                     Counsel for DORIS A. KAELIN,
                                       Trustee in Bankruptcy
28

| In re | Case No. 18-50398 MEH |
|---|---|
| | Chapter 7 |
| TECHSHOP, INC., | Hon. M. Elaine Hammond |
| | |
| Debtor. | **NOTICE AND OPPORTUNITY FOR HEARING ON MOTION FOR ORDER APPROVING SETTLEMENT OF LITIGATION CLAIMS** |
| | |
| | [No Hearing Required Unless Requested] |

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

PLEASE TAKE NOTICE THAT Doris Kaelin, the duly appointed and acting Chapter 7 Trustee ("Trustee") of the bankruptcy estate of TechShop, Inc. ("Debtor") has filed a motion for an order authorizing the Trustee to enter into a "Stipulation for Settlement" ("Agreement") [1] with regard to certain litigation claims made by the John S. & James L. Knight Foundation ("Foundation") which litigation resulted in claims being made against Scottsdale Insurance Company ("Scottsdale"), which issued the Debtor's directors and officers insurance policy ("D&O Insurance"). As set forth in greater detail below, if the Agreement is approved by the Court, (i) Scottsdale shall deliver $125,000 in D&O Insurance proceeds to the Foundation to settle certain litigation claims made against Mike Hilberman and Daniel Woods in their capacity as officers of a non-debtor entity, TechShop San Jose LLC, (ii) the Foundation shall dismiss its litigation, with prejudice, and (iii) the Foundation shall withdraw its claim against the Debtor's bankruptcy estate. By the motion, the Trustee seeks authority to enter into the Agreement.

**Background**

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). Soon after the Petition Date, the Trustee was appointed to administer the assets of the Debtor's estate. The Trustee is informed: (i) that prior to the Petition Date, the Debtor was the managing member of TechShop San Jose LLC; and (ii) that Mr. Hilberman was the CFO of TechShop San Jose and that Mr. Woods was the manager or managing member of TechShop San Jose. TechShop San Jose LLC is not a bankruptcy debtor.

According to a state court complaint filed by the Foundation, prior to the Petition Date, TechShop San Jose LLC obtained a grant from the Foundation in the aggregate amount of $400,000 ("Grant")[2]. According to the Foundation, (i) TechShop San Jose (through Hilberman and Woods) provided false financial information to the Foundation with regard to the economic condition of TechShop San Jose LLC and that the Grant was delivered to TechShop San Jose LLC based on false information, (ii) TechShop San Jose LLC breached multiple provisions of the Grant and committed fraud by failing to disclose the financially precarious position that TechShop San Jose LLC was in and remained in after the Grant was delivered to TechShop San Jose LLC. On July 25, 2018, the Foundation filed a non-priority general unsecured claim in the Debtor's bankruptcy case, Claim No. 197, in the amount of $400,000 ("Claim").

On June 21, 2018, after the Petition Date, the Foundation initiated litigation in the Santa Clara County Superior Court entitled *John S. & James L. Knight Foundation, a 501(c)(3) non-profit v. Tech Shop San Jose LLC, Early Growth*

---

[1] A copy of the Agreement is attached as Exhibit A to the Declaration of Doris Kaelin in Support of Motion for Order Approving Settlement. The summary of the Agreement set forth in this Notice and in the Trustee's Declaration are for informational purposes only and in all instances the provisions of the Agreement shall control.

[2] According to pleadings filed by the Foundation, through the Grant, TechShop San Jose LLC was to provide classrooms, lab access, faculty offices, storage facilities and materials to allow as many as 900+ San Jose State University students to train and otherwise use TechShop San Jose LLC equipment for hands-on, do-it-yourself projects and other classwork.

*Financial Services, Mike Hilberman and Daniel Woods*, Case No. 18-CV-330469 ("Litigation"). The Trustee first became aware of the Litigation when counsel for Woods and Hilberman filed a motion for relief from the automatic stay seeking Bankruptcy Court authority to use proceeds available under the D&O Insurance to pay for the defense costs of Woods and Hilberman in the Litigation ("RFS motion"). At the time this notice is being filed and served, the RFS motion has yet to be ruled on by the Court. Woods and Hilberman assert that, as former officers and directors of the Debtor, the D&O Insurance provides that they are entitled to coverage under the insurance policy for their roles at TechShop San Jose LLC. The Trustee disputes the allegation that coverage is available to Woods and Hilberman for their actions, inactions, etc., as it relates to TechShop San Jose LLC.

## Agreement

On May 21, 2019, the Trustee, her counsel, counsel for Hilberman and Woods, attorneys for the Foundation, and counsel for the co-defendant in the Litigation, Early Growth, participated in a nine-hour JAMS mediation with the Honorable (Ret.) James Warren as the mediator. The mediation covered issues related to the Litigation, and to claims that the Trustee has against various officers and directors of the Debtor, including Hilberman and Woods. At the conclusion of the mediation, the parties agreed, subject to Bankruptcy Court approval of the Agreement, to settle the Litigation. Under the provisions of the Agreement, Scottsdale, shall pay to the Foundation $125,000. The D&O carrier for Early Growth, Philadelphia, shall pay $50,000 to the Foundation. Because the settlement with the Foundation involves a reduction in the recoverable sums under Scottsdale's $4 million D&O Insurance policy[3] (as well as the $2 million in coverage under Early Growth's policy), the Trustee is seeking Bankruptcy Court authority to allow the payments to be delivered to the Foundation. The Agreement provides, among other things, that following Bankruptcy Court approval of the Agreement, the Foundation will withdraw the Claim and will file no further claims against the Debtor's estate.

The Trustee request the order approving the Motion include the following provision: "This Order is effective upon entry and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply."

## The Agreement Is In The Best Interest Of Creditors And Should Be Approved By The Court

The Trustee believes that the Agreement is in the best interest of the estate and meets the standards of *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *cert. den. sub nom Martin v. Robinson*, 479 U.S. 854 (1986) ("*A&C*"). The *A&C* decision set out four factors for a court to consider in evaluating a settlement: "(a) the probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

The first and third *A&C* factors consider the probability of success and complexity of the litigation. It was evident to the Trustee during the all-day mediation that the Foundation's likelihood of prevailing was uncertain but possible. However, both the Foundation, Woods and Hilberman have engaged sophisticated counsel that have expended significant amounts of time and, as a result, incurred significant legal fees in discovery and in a prior mediation. While it was possible for Woods and Hilberman to prevail in the Litigation, the attorneys' fees that would be expended in such a defense would likely erode the policy in an amount far greater than the $125,000 portion of the settlement that the D&O Insurance is going to pay under the provisions of the Agreement. Furthermore, while the Trustee believes that the estate has very strong arguments to preclude the directors and officers in their roles outside of the Debtor from utilizing the D&O Insurance for matters like the Litigation, the legal fees and costs of seeking and obtaining an injunction of the Litigation and seeking to deny coverage to Woods and Hilberman (plus the risk that an injunction may not be granted or become be permanent) pushed the parties towards a settlement. Finally, the Litigation was impairing the Trustee's ability to try and resolve the estate's claims against the Debtor's officers and directors and Early Growth, which claims she is pursuing through her special counsel.

---

[3] The payment from Scottsdale *does not* include attorney's fees and costs that counsel for Woods and Hilberman are seeking to be paid under the RFS Motion.

The second *A&C* factor concerns the difficulty in collection. This is not an issue in this particular circumstance because Scottsdale will be paying the 'estate's portion' of the settlement amount to the Foundation.

Finally, as to the fourth *A&C* factor, the paramount interest of creditors, the settlement with the Foundation will relieve the estate of a $400,000 claim and, more importantly, allow the Trustee to preserve, as best she can, the remaining value in the D&O Insurance, with the hope of securing, at a minimum, the policy limits in a judgment or settlement in litigation that she is gearing up to pursue against the officers and directors of the Debtor.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed relief described above or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: May 29, 2019                    RINCON LAW LLP


By:  */s/ Gregg S. Kleiner*
      GREGG S. KLEINER
      Counsel for DORIS A. KAELIN,
      Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

3

**EXHIBIT A**