Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>Debtor. | Case No. 18-50398 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**DECLARATION OF DORIS A. KAELIN IN SUPPORT OF MOTION FOR ORDER APPROVING SETTLEMENT OF DISPUTED LITIGATION CLAIMS**<br><br>[No Hearing Required Unless Requested] |

I, Doris A. Kaelin, declare:

1. I am serving as the Chapter 7 Trustee of the estate of the above Debtor.

2. Attached as **Exhibit A** is an authentic copy of the "Stipulation for Settlement" ("Agreement") with regard to certain litigation claims made by the John S. & James L. Knight Foundation ("Foundation"). I am informed that the Foundation's claims resulted in claims being made against Scottsdale Insurance Company ("Scottsdale"), which issued the Debtor's directors and officers insurance policy ("D&O Insurance").

3. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). I am informed and believe and on that basis state that: (i) prior to the Petition Date, the Debtor was the managing member of TechShop San Jose LLC; and (ii) Michael Hilberman was the CFO of TechShop San Jose and that Daniel Woods was the manager or managing member of TechShop San Jose. TechShop San Jose LLC is not a bankruptcy debtor.

4.      I am informed and believe and on that basis state that the Foundation alleges: (i) prior to the Petition Date, TechShop San Jose LLC obtained a grant from the Foundation in the aggregate amount of $400,000 ("Grant"); (ii) TechShop San Jose (through Hilberman and Woods) provided false financial information to the Foundation with regard to the economic condition of TechShop San Jose LLC and that the Grant was delivered to TechShop San Jose LLC based on false information; and (iii) TechShop San Jose LLC breached multiple provisions of the Grant and committed fraud by failing to disclose the financially precarious position that TechShop San Jose LLC was in and remained in after the Grant was delivered to TechShop San Jose LLC.

5.      I am informed and believe that on June 21, 2018, the Foundation initiated litigation in the Santa Clara County Superior Court entitled *John S. & James L. Knight Foundation, a 501(c)(3) non-profit v. Tech Shop San Jose LLC, Early Growth Financial Services, Mike Hilberman and Daniel Woods*, Case No. 18-CV-330469 ("Litigation"). I first became aware of the Litigation when counsel for Woods and Hilberman filed a motion for relief from the automatic stay seeking Bankruptcy Court authority to use proceeds available under the D&O Insurance to pay for the defense costs of Woods and Hilberman in the Litigation ("RFS motion"). I am informed and believe and on that basis state that Woods and Hilberman assert that, as former officers and directors of the Debtor, the D&O Insurance provides that they are entitled to coverage under the insurance policy for their roles at TechShop San Jose LLC. I dispute the allegation that coverage is available to Woods and Hilberman for their actions, inactions, etc., as it relates to TechShop San Jose LLC.

6.      On July 25, 2018, the Foundation filed a non-priority general unsecured claim in the Debtor's bankruptcy case, Claim No. 197, in the amount of $400,000 ("Claim").

7.      On May 21, 2019, I, along with my general bankruptcy counsel and the estate's special litigation counsel, counsel for Hilberman and Woods, attorneys for the Foundation, and counsel for the co-defendant in the Litigation, Early Growth, participated in a nine-hour JAMS mediation with the Honorable (Ret.) James Warren as the mediator. The mediation covered issues related to the Litigation, and to claims that the estate has against various officers and directors of the Debtor, including Hilberman and Woods. At the conclusion of the mediation, the parties agreed, subject to Bankruptcy Court approval of the Agreement, to settle the Litigation. Under the

provisions of the Agreement, Scottsdale, shall pay to the Foundation $125,000. The D&O carrier for Early Growth, Philadelphia, shall pay $50,000 to the Foundation. Because the settlement with the Foundation involves a reduction in the recoverable sums under Scottsdale's $4 million D&O Insurance policy[1] (as well as the $2 million in coverage under Early Growth's policy), I am seeking though the motion, Bankruptcy Court authority to allow the payments to be delivered to the Foundation. The Agreement provides, among other things, that following Bankruptcy Court approval of the Agreement, the Foundation will withdraw the Claim and will file no further claims against the Debtor's estate.

8. I believe that the Agreement is in the best interest of the estate and meets the standards of *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986); *cert. den. sub nom Martin v. Robinson*, 479 U.S. 854 (1986) ("*A&C*").

9. The first and third *A&C* factors consider the probability of success and complexity of the litigation. It was evident to me during the all-day mediation that the Foundation's likelihood of prevailing case was uncertain but possible. However, both the Foundation, Woods and Hilberman have engaged sophisticated counsel that have expended significant amounts of time and, as a result, incurred significant legal fees in discovery and in a prior mediation. While it was possible in some scenarios for Woods and Hilberman to prevail in the Litigation, the attorneys' fees that would be expended in such a defense would likely erode the policy in an amount far greater than the $125,000 portion of the settlement that the D&O Insurance is going to pay under the provisions of the Agreement. Furthermore, while the Trustee believes that the estate has very strong arguments to preclude the directors and officers in their roles outside of the Debtor from utilizing the D&O Insurance for matters like the Litigation, the legal fees and costs of seeking and obtaining an injunction of the Litigation and seeking to deny coverage to Woods and Hilberman (plus the risk that an injunction may not be granted or become be permanent) pushed the parties towards a settlement. Finally, the Litigation is impairing my ability to try and resolve the estate's claims against the Debtor's officers and directors and Early Growth, which I am pursuing through her

---

[1] The payment from Scottsdale *does not* include attorney's fees and costs that counsel for Woods and Hilberman are seeking to be paid under the RFS Motion.

special counsel.

10. The second *A&C* factor concerns the difficulty in collection. This is not an issue in this particular circumstance because Scottsdale will be paying the 'estate's portion' of the settlement amount to the Foundation.

11. Finally, as to the fourth *A&C* factor, the paramount interest of creditors, the settlement with the Foundation will relieve the estate of a $400,000 claim and, more importantly, allow me to preserve, as best as I can, the remaining value in the D&O Insurance, with the hope of securing, at a minimum, the policy limits in a judgment or settlement in litigation that my special counsel is gearing up to pursue against the officers and directors of the Debtor.

I declare under penalty of perjury that, except for statements made on information and belief, that the foregoing statements are true and correct and if called as a witness I would testify thereto. This declaration is executed this 28th day of May 2019 at Santa Cruz, California.

> */s/ Doris A. Kaelin*
> DORIS A. KAELIN

| | |
|---|---|
| John S. & James L. Knight Foundation, | CASE NO. |
| Plaintiff(s) | REF. NO. 1100105561 |
| vs. | |
| Techshop San Jose, LLC, et al. | **STIPULATION FOR SETTLEMENT** |
| | [C.C.P. § 664.6] |
| Defendant(s). | |

This case having come before Hon. James L. Warren (Ret.) for mediation at the offices of JAMS, and the parties having conferred, it is hereby stipulated that this matter is deemed settled pursuant to the following terms and conditions:

1. _Carriers (Philadelphia & Scottsdale)_ respective on behalf of their insureds (Early Growth Financial Services, Inc, Techshop San Jose LLC, Mike Hilbermand and Dan Woods) shall pay to plaintiff(s) _Knight Foundation_ and to his/her/their attorney _____ the total sum of $ _175,000_ in full settlement and compromise of this action and in release and discharge of any and all claims and causes of action made in this action, and in release and discharge of any and all claims and causes of action arising out of the events or incidents referred to in the pleadings in this action. _$125,000 shall be paid by Scottsdale_ _$50,000 shall be paid by Philadelphia_

2. Plaintiff(s) agree to accept said sum in full settlement and compromise of the action and agree that such payment shall fully and forever discharge and release all claims and causes of action, whether now known or now unknown, which plaintiff(s) has against any and all of the defendants in that action.

   This settlement includes an express waiver of Civil Code § 1542, which states:

   > "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

3. Plaintiff(s) further agree to sign, acknowledge and deliver to defendants a standard form of a Release

**EXHIBIT A**

of all such claims and causes of action and to sign and deliver to defendants a standard form of Dismissal with Prejudice of the action. Prior to the entry of a Dismissal with Prejudice, the parties agree to request the court to retain jurisdiction for purposes of enforcing this Stipulation pursuant to California Civil Code of Procedure § 664.6.

4. Plaintiff(s) shall protect, defend and indemnify the defendants in said action, (and his/her/their liability insurance carrier(s)) against any and all liens, subrogation claims and other rights that may be asserted by any person against the amount paid in settlement of the action or against any recovery by the plaintiff(s) in the action.

5. Counsel for each of the parties to this agreement represents that he/she has fully explained to his/her client(s) the legal effect of this agreement and of the Release and Dismissal with Prejudice provided for herein and that the settlement and compromise stated herein is final and conclusive forthwith, and each attorney represents that his/her client(s) has freely consented to and authorized this agreement.

6. Payment of the stated settlement amount shall be made by _____.

7. Unless otherwise stated herein, each party will bear its own attorneys' fees and court costs.

8. Other terms and conditions:

(1) ~~Dismissal~~ of Knight Foundation with prejudice *will dismiss Defendants upon bankruptcy court approval*

(2) Trustee's issue release of all claims to Knight Foundation w/ 1540 waiver

(3) Hilberman & Early Growth both consent to reduction of available Philadelphia policy limits to pay towards claim PER AMOUNTS IN ITEM (6)

(4) Scottsdale & Philadelphia release each other relative to contribution towards the settlement

(5) All is subject to bankruptcy court approval

(6) RESPECTIVE CONTRIBUTIONS: $125,000 BY SCOTTSDALE + $50,000 BY PHILADELPHIA.

(7) non-confidential settlement

*new claims*

9. Any provisions of Evidence Code §§ 1115 - 1128 notwithstanding, this Stipulation is binding and, if

(8) Bankruptcy Trustee will recommend and not oppose this settlement to the bankruptcy court judge

(9) Upon bankruptcy court approval + payment, Knight Foundation will withdraw its Proof of Claim and file no

**EXHIBIT A**

Case: 18-50398    Doc# 213-1    Filed: 05/29/19    Entered: 05/29/19 08:07:59    Page 6 of 10

the parties request the court to retain jurisdiction for purposes of enforcement, may be enforced by a motion under Code of Civil Procedure § 664.6 (Pre-litigation stipulations are not subject to enforcement under § 664.6.) This Stipulation may also be enforced by any other procedure permitted by law in the applicable state or federal court.

10. This Stipulation is admissible and subject to disclosure for purposes of enforcing this settlement agreement pursuant to CCP § 664.6, or any other procedure permitted by law, and the provisions of the confidentiality agreement signed by the parties relative to this mediation are waived with respect to this Stipulation.

Date: MAY 21, 2019

Approved as to form:

_____
Allan E. Anderson Esq.
Arent Fox LLP


_____
Annie Stoops Esq.
Arent Fox LLP


_____
Ms. Tracy Luu-Varnes
Arent Fox LLP

_____

**EXHIBIT A**

Doris A. Kaelin, Trustee in Bankruptcy

Approved as to form:

_____
Jeffrey H. Lowenthal Esq.    /s/ Andrew A. August

Steyer Lowenthal Boodrookas, et al.

by _____
Doris A. Kaelin, Trustee in Bankruptcy
Gregg S. Kleiner
Attorney for Doris Kaelin

**EXHIBIT A**

Case: 18-50398   Doc# 213-1   Filed: 05/29/19   Entered: 05/29/19 08:07:59   Page 8 of 10

Techshop San Jose, LLC

*(signature)*

Mike Hilberman

*(signature)*

Daniel Woods

Approved as to form:

_____

Andrew A. August Esq.

Browne George Ross LLP

_____

Doris A. Kaelin, Trustee in Bankruptcy

Approved as to form:

_____

Michael A. Farbstein Esq.

Farbstein & Blackman APC

_____

Ramsey F. Kawar Esq.

Farbstein & Blackman APC

**EXHIBIT A**

_____

Early Growth Financial Services, Inc.

Approved as to form:

*Cindy Hamilton* (signature)

Cindy Hamilton Esq.

Greenberg Traurig LLP

_____

Shauna E. Imanaka Esq.

Greenberg Traurig LLP

_____

William J. Goines Esq.

Greenberg Traurig LLP

_____

SAM GILL (signature)

John S. and James L. Knight Foundation

Approved as to form:

_____

Gregg S. Kleiner Esq.

Rincon Law LLP

**EXHIBIT A**