UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

TECHSHOP, INC.,

Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

**NOTICE AND OPPORTUNITY FOR HEARING ON MOTION TO SELL PERSONAL PROPERTY (Ford Sale)**

[No Hearing Required Unless Requested]

**TO CREDITORS, THE UNITED STATES TRUSTEE AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE THAT** Doris Kaelin, the Chapter 7 Trustee ("Trustee") of the bankruptcy estate of TechShop, Inc. ("Debtor") has filed a motion seeking authority to enter into an "Agreement to Purchase Personal Assets" ("Agreement")[1] with Ford Motor Company or its assignee ("Buyer"). Under the provisions of the Agreement, the Buyer has agreed to pay to the Trustee $70,000 in exchange for the estate's right, title and interest, if any, in and to certain personal property located at Buyer's facilities. The sale is subject to overbid. The Trustee seeks Bankruptcy Court authorization to enter into the Agreement.

**Background**

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). Soon after the Petition Date, the Trustee was appointed to administer the assets of the Debtor's estate. The Trustee is informed that: (i) prior to the Petition Date, the Debtor was the managing member of TechShop Detroit, LLC, and (ii) the liabilities of TechShop Detroit, LLC exceed its assets. TechShop Detroit, LLC is not a bankruptcy debtor.

According to the Buyer, prior to the Petition Date a subsidiary of the Buyer, Ford Motor Land Development Corporation, was the landlord with respect to a now terminated lease by TechShop Detroit, LLC as tenant of real property commonly referred to as 800 Republic Drive, Dearborn, Michigan, (the "Premises"). On account of defaults under the lease, the lease has been terminated. The Premises contain certain personal property that was owned or controlled by the Debtor and/or TechShop Detroit, LLC ("Assets"). To the extent that the Assets at the Premises were owned by the Debtor, the Assets may be subject to a security interest perfected by a financing statement in favor of AutoDesk, Inc. (or its successors in interest) ("AutoDesk") against the Debtor. The Trustee disputes the AutoDesk lien.

**Agreement**

Under the provisions of the Agreement, the Buyer has agreed to pay to the Trustee the sum of $70,000 ("Purchase Price") in exchange for (i) all Debtor's right, title and interest, if any, in and to the Assets and (ii) the Trustee's quit claim of any right, title or interest, if any, in and to the Assets owned by TechShop Detroit, LLC. The Agreement requires that the Purchase Price be delivered to the Trustee as follows: (i) $10,000 ("Deposit"); and (ii) the unpaid balance, $60,000, no later than 15 days after the Bankruptcy Court's order approving the Agreement is final and not stayed or subject to appeal. The Agreement expressly provides that the Purchase Price is being paid in consideration of the Assets owned by the Debtor's estate, only, and TechShop Detroit, LLC shall have no interest in the Purchase Price. The Agreement requires the Trustee to sell the Assets, free and clear of the Autodesk Lien. Autodesk and the Trustee have entered into a stipulation authorizing the sale of the Assets to the Buyer free and clear of the Lien, with the Lien to attach to the sale proceeds with the same right and priority that existed, if any, prior to the sale.

The Agreement further provides that the Buyer (i) is acquiring the Assets "as is, where is," with no representations or warranties whatsoever, (ii) all representations and warranties are expressly disclaimed, and, (iii) except for the Autodesk Lien asserted against the Debtor's interest in the Assets, the Buyer takes the Assets subject to any and all other liens, claims and interests. Other than delivering to the Buyer an order from the Bankruptcy Court approving the Agreement, the Trustee shall have no duties or obligations to deliver anything else to the Buyer at closing. The Buyer is solely responsible for payment of all fees, sums or costs related to or concerning obtaining possession and control of the Assets and payment of any sales tax or transfer taxes that may arise under the Agreement. Finally, the Buyer has requested and the Trustee seek, herein, a finding that the Buyer is a good faith purchaser pursuant to 11 U.S.C. § 363(m). The Buyer is solely responsible for filing any declaration and/or other pleadings necessary for the Bankruptcy Court to make a Section 363(m) finding.

The Trustee requests that the order approving the proposed sale of the Assets include the following provision, "This order is effective upon entry and the stay otherwise imposed by Rule 62(a) of the Federal Rules of Civil Procedure and/or Bankruptcy Rule 6004(h) shall not apply."

**Overbid Terms**

The sale of the Assets (a list of which can be obtained by sending an email request to: gkleiner@rinconlawllp.com) is subject to overbid on the following conditions:

---

[1] The summary of the Agreement set forth in this Notice is for informational purposes only. In all instances, the terms of the Agreement shall control. A copy of the Agreement is attached as Exhibit 2 to the motion filed concurrently with this Notice.

1. The first overbid must be in an amount of at least $75,000 ($5,000 over Ford's offer);
2. Further overbids will be in increments of not less than $500;
3. On or before **Friday, July 19, 2019, 1:00 pm PDT**, bidders must: (i) provide evidence to the Trustee at dktrustee@gmail.com (with a copy to Trustee's counsel – gkleiner@rinconlawllp.com), that they can close and pay the purchase price in cash; (ii) deliver to the Trustee, a $15,000 deposit ("Deposit") paid by cashier's check or wire transfer (wire information will be provided upon request); and (iii) agree to be bound by the terms of the Agreement (except the amount of the purchase price, which amount will be the amount of a party's highest offer). The Deposit, if paid by cashier's check, must be delivered to and received by the Trustee at: Doris Kaelin, Bankruptcy Trustee, PO Box 1582, Santa Cruz, CA 95061.
4. In the event that a qualified bidder is not the successful bidder, it may act as a back-up bidder at its last highest offer. The Deposit will be promptly returned to bidders who do not want to act as back-up bidders.
5. Bids may not contain any contingencies, whatsoever, including, but not limited to, any loan contingencies and inspection contingencies. The bidders must agree and acknowledge that they are purchasing the Assets, "as is, where is" with all faults and defects and with no representations or warranties. All bids are cash only offers.
6. In the event there is an overbid, the overbid auction will occur by telephone, on **July 24, 2019, at 11:00 a.m. PDT**. All qualified bidders will be provided dial-in information so they can participate in the Auction. Prior to the start of the auction, the Trustee will: (i) identify any party or parties that have made a qualified bid for the Assets; and (ii) set forth the auction rules on the record, and may amend, modify or alter any bid procedure, rule or provision as the Trustee deems necessary, just or appropriate. The Trustee reserves the right, in her sole and absolute discretion, to refuse bids that do not, in her sole opinion, conform with the terms of the sale, to modify the terms and conditions of the sale or auction, to continue the sale from time to time. Only qualified bid participants may attend the overbid auction. All disputes with regard to the sale or auction will be resolved by the U.S. Bankruptcy Court. At the conclusion of the auction, the Trustee, in her sole discretion, will determine the highest and best bid and make a recommendation to the Bankruptcy Court to approve the sale of the Assets.
7. The successful bidder for the Assets must close by tendering the entire purchase price to the Trustee, less a credit for any deposit held by escrow, not later than ten (10) days after the sale order is entered. The successful bidder is required to take possession of the Assets within 15 calendar days of closing and is solely responsible for all cost related to or associated with removing the Assets from the Premises ("Removal Deadline"). Any Assets that remain at the Premises after the Removal Deadline shall be deemed forfeited to Ford. As provided in the Agreement, the Trustee shall have no duties or obligations to deliver anything to a buyer at closing other than the Bankruptcy Court's sale order. The successful bidder is solely responsible for payment of all fees, sums or costs related to or concerning obtaining possession and control of the Assets and payment of any sales tax or transfer taxes that may arise under the Agreement.
8. If the successful bidder fails to timely close, it will forfeit its deposit to the estate for all purposes. In the event of such a default, the Trustee will, without further order of the Court, be free to sell the Assets to another party at the back-up bidder's last highest offer. The back-up bidder shall have seven (7) business days, from the date that his/her/its counsel/agent has been notified by email by Trustee's counsel of the default by the original successful bidder, to close escrow. Should the back-up bidder fail to timely tender the purchase price for any reason, they shall be in default, and the deposit that they have tendered to the Trustee shall be forfeited to the estate for all purposes.

**PLEASE TAKE FURTHER NOTICE THAT** Local Rule 9014-1 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed with respect to any objection to the proposed relief described above or any request for hearing thereon.

**Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within 21 days of mailing the notice;**

**Any objection or request for a hearing must be accompanied by any declarations or memoranda of law any requesting party wishes to present in support of its position;**

**If there is no timely objection to the requested relief or a request for hearing, the court may enter an order granting the relief by default; and**

**In the event of a timely objection or request for hearing, the initiating party will give at least seven days' written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in the case.**

**PLEASE TAKE FURTHER NOTICE THAT** as of January 1, 2005, the United States Bankruptcy Court for the Northern District of California has adopted mandatory electronic filing. If you are not currently qualified to file papers with the Court electronically, you should consult the Court's website (www.canb.uscourts.gov).

DATED: July 3, 2019   RINCON LAW LLP

By: /s/Gregg S. Kleiner
GREGG S. KLEINER
Counsel for DORIS A. KAELIN, Trustee in Bankruptcy

Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP, 268 Bush Street, Suite 3335, San Francisco, California 94104
Telephone No.: 415-672-5991 / Facsimile No.: 415-680-1712 / Email: gkleiner@rinconlawllp.com