Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, California 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>Debtor. | Case No. 18-50398 MEH<br>Chapter 7<br>Hon. M. Elaine Hammond<br><br>**STIPULATION FOR SALE FREE AND CLEAR OF LIEN**<br>**(Autodesk, Inc.)** |

This stipulation for sale free and clear of lien is by and between counsel for (i) Doris A. Kaelin, the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate of TechShop, Inc. ("Debtor") and (ii) Autodesk, Inc. ("Autodesk").

## RECITALS

A.     The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date").

B.     On January 5, 2018, prior to the Petition Date, Autodesk caused to be filed with the California Secretary of State's Office a financing statement, file no. 18-7626032601. Autodesk asserts that this financing statement perfected or continued perfection of Autodesk's security interest (the "Lien") in certain assets of the Debtor, as set forth in that certain Second Amended and Restated Security Agreement, dated as of March 12, 2013, executed by the Debtor in favor of Autodesk.

/ / /

1

C.     The Trustee disputes the validity of the Lien. The Trustee asserts, among other things, that the Lien is subject to avoidance as a preferential transfer pursuant to 11 U.S.C. § 547(b).

D.     The Trustee has entered into an Agreement to Purchase Personal Property with the Ford Motor Company ("Ford Agreement"). A copy of the Agreement is attached as Exhibit 1. In sum, the Ford Agreement provides that the Trustee shall sell to Ford all of the Debtor's right, title and interest, if any, in personal property ("Ford Property") located at facilities maintained, owned and/or controlled by Ford located in Dearborn, Michigan. The Ford Agreement further provides that Ford shall pay to the Trustee $70,000 for the right, title and interest, if any, in the Ford Property, provided the Trustee convey the Ford Property free and clear of the Lien. Autodesk asserts that its Lien attaches to the Ford Property. The Trustee disputes Autodesk's position.

## STIPULATION

Now, therefore, in order to allow the Trustee to consummate the Ford Agreement, the Trustee and Autodesk stipulate and agree as follows:

1.     The Trustee may sell the Ford Property free and clear of the Lien and any related liens or claims that Autodesk may have against the Ford Property, pursuant to 11 U.S.C. § 363(f)(2);

2.     The Lien shall attach to the sale proceeds generated from the Ford Agreement with the same right and priority that existed prior to the sale of these assets; and

3.     Following the closing of any sale of the Ford Property to Ford or to a third party, Autodesk and the Trustee shall work in good faith to resolve their dispute with regard to the Lien. Any resolution of the dispute will be subject to notice to creditors and Bankruptcy Court approval.

If the parties are unable to resolve their dispute with regard to the Lien, the Trustee shall initiate an adversary proceeding in the Bankruptcy Court to determine the extent, validity and priority, if any, of the Lien.

DATED: July 2, 2019

WILSON SONSINI GOODRICH & ROSATI

By: _____

MARSHA SUKACH
Counsel for AUTODESK, INC.

DATED: July 1, 2019

RINCON LAW LLP

By: _____

GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

3

**EXHIBIT 1**

## AGREEMENT TO PURCHASE PERSONAL PROPERTY

This Agreement to Purchase Personal Property ("Agreement") is dated June 24, 2019, and is by and between: (i) Doris Kaelin, solely in her capacity as the duly appointed and acting Chapter 7 Trustee ("Trustee") for the bankruptcy estate of TechShop, Inc. ("Debtor"), Case No. 18-50398 MEH pending before the United States Bankruptcy Court, Northern District of California, San Jose Division ("Bankruptcy Court"); and (ii) from Ford Motor Company or its assignee ("Buyer"). The Trustee and the Buyer are each a "Party" and collectively the "Parties."

## RECITALS

A.      The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). Soon after the Petition Date, the Trustee was appointed to administer the assets of the Debtor's estate.

B.      The Trustee is informed that (i) prior to the Petition Date, the Debtor was the managing member of TechShop Detroit, LLC, and (ii) the liabilities of TechShop Detroit, LLC exceed its assets. TechShop Detroit, LLC is not a bankruptcy debtor.

C.      According to the Buyer, prior to the Petition Date a subsidiary of the Buyer, Ford Motor Land Development Corporation, was the landlord with respect to a now terminated lease by TechShop Detroit, LLC as tenant of real property commonly referred to as 800 Republic Drive, Dearborn, Michigan, (the "Premises"). On account of defaults under the lease, the lease has been terminated.

D.      The Premises contain certain personal property that was owned or controlled by the Debtor and/or TechShop Detroit, LLC ("Assets"). To the extent that the Assets at the Premises were owned by the Debtor, the Assets may be subject to a security interest perfected by a financing statement in favor of AutoDesk, Inc. (or its successors in interest) ("AutoDesk") against the Debtor. The Trustee disputes the AutoDesk lien.

E.      Subject to the provisions of this Agreement, the Buyer seeks to purchase the Assets. A summary of the Assets that the Buyer seeks to acquire is attached hereto as Exhibit A.

## AGREEMENT

Now, therefore, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby agreed as follows:

1.      The foregoing recital paragraphs are incorporated herein by reference.

2.      This Agreement is subject to and conditioned upon approval by the Bankruptcy Court, which the Trustee will move to obtain. The sale of the Assets to the Buyer shall be subject to greater and higher offer.

1

3.      Subject to Buyer's delivery to the Trustee of $70,000 ("Purchase Price") to be delivered as set forth in paragraph 4 below, the order approving this Agreement shall result in the sale of all of the Assets located at the Premises to the Buyer as follows: (i) all Debtor's right, title and interest, if any, in and to the Assets and (ii) the Trustee's quit claim of any right, title or interest, if any, in and to the Assets owned by TechShop Detroit, LLC.

4.      The Buyer shall pay the Trustee the sum of $70,000 in cash for the Assets. The Purchase Price shall be delivered to the Trustee as follows: (i) $10,000 ("Deposit") upon execution of this Agreement; and (ii) the unpaid balance, $60,000, no later than 15 days after the Bankruptcy Court's order approving this Agreement is final and not stayed or subject to appeal. The Purchase Price shall be paid in consideration of the Assets owned by the Debtor's estate, only, and TechShop Detroit, LLC shall have no interest in the Purchase Price.

5.      The Buyer agrees and acknowledges that (i) it is acquiring the Assets "as is, where is," with no representations or warranties whatsoever, (ii) all representations and warranties are expressly disclaimed, and, (iii) except for the lien asserted by Autodesk against the Debtor's interest in the Assets, the Buyer takes the Assets subject to any and all other liens, claims and interests. For purposes of clarification only, the sale of the Assets to the Buyer is conditioned upon the Debtor's interest in the Assets being conveyed to the Buyer free and clear of the AutoDesk lien.

6.      Except upon a default on the part of the Buyer, if the Bankruptcy Court does not approve this Agreement, the Trustee shall return the Deposit to the Buyer.

7.      Neither of the Parties have dealt with any broker or salesperson in connection with the proposed sale of the Assets.

8.      Other than delivering to the Buyer an order from the Bankruptcy Court approving this Agreement, the Trustee shall have no duties or obligations to deliver anything else to the Buyer, its representatives or agents at closing. The Buyer is solely responsible for payment of all fees, sums or costs related to or concerning obtaining possession and control of the Assets and payment of any sales tax or transfer taxes that may arise under this Agreement.

9.      The Trustee shall include in its motion seeking Bankruptcy Court approval of this Agreement a request for a finding from the Bankruptcy Court that the Buyer is proceeding in "good faith" as that term is used in Bankruptcy Code Section 363(m). The Buyer shall be solely responsible for filing any declaration and/or other pleadings necessary for the Bankruptcy Court to make a Section 363(m) finding.

10.     Each person signing this Agreement represents and warrants that he/she/it has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such party and bind their respective Party(ies) to the terms and conditions of this Agreement. This Agreement shall be binding upon the Parties thereto, their successors and assigns.

11.     The Parties agree that the Bankruptcy Court shall have exclusive jurisdiction over any dispute arising out of this Agreement, and, if necessary to effect the Bankruptcy Court's jurisdiction, by their signature to this Agreement, hereby stipulate to an order providing for such jurisdiction.

Case: 18-50398    Doc# 223    Filed: 07/03/19    Entered: 07/03/19 12:00:26    Page 6 of 12

12.     Neither this Agreement, nor any provision within it, shall be construed against any Party or its attorney because it was drafted in full or in part by such Party or its attorney. The Agreement shall be accordingly construed equally against all Parties. In this regard, the Parties waive any and all benefits and rights he, she, it, or they may have under California Civil Code § 1654, which provides as follows:

> IN CASES OF UNCERTAINTY NOT REMOVED BY THE PRECEDING RULES, THE LANGUAGE OF A CONTRACT SHOULD BE INTERPRETED MOST STRONGLY AGAINST THE PARTY WHO CAUSED THE UNCERTAINTY TO EXIST.

13.     This Agreement contains the sole and entire agreement and understanding of the Parties with respect to the matters described herein, and any and all prior and contemporaneous agreements, representations, discussions, negotiations, commitments, and understandings are merged into and superseded by this Agreement. No representations, verbal or otherwise, express or implied, other than those written and contained herein have been made or relied upon by any of the Parties.

14.     The Parties to this Agreement shall bear their own costs and attorney fees related to negotiation and drafting of this Agreement. In the event of any breach of this Agreement, the non-breaching party shall be entitled to, in addition to any other amounts due or rights granted under this Agreement, an award of all reasonable costs and attorney fees incurred in pursuing the enforcement, appeal and/or collection of this Agreement. The decision of the Bankruptcy Court not to approve this Agreement shall not be deemed a breach of this Agreement.

15.     The Agreement may not be modified except by a writing signed by all Parties, with specific written reference to this Agreement, and with approval of the Bankruptcy Court.

16.     This Agreement shall be construed under the laws of the State of California, except to the extent it is controlled by the federal bankruptcy laws.

**BALANCE OF PAGE LEFT INTENTIONALLY BLANK**

17.     This Agreement may be executed in counterparts, and the signature pages of such counterparts may be collected. A copy of this Agreement with all collected counterparts and signature pages shall have the full force and effect of an original. A scanned image of a signature or a signature delivered by facsimile shall be effective as an original "wet ink" signature.

DATED: ~~June~~ July 1, 2019

By: _____

DORIS KAELIN, Solely In Her Capacity As
Chapter 7 Trustee of TechShop, Inc.

DATED: ~~June~~ July 1, 2019

Ford Motor Company

By: _____

Corey MacGillivray
Assistant Secretary, Ford Motor Company

4

| | A |
|---|---|
| 1 | |
| 2 | Item |
| 3 | Welding Masks |
| 4 | birmingham est-1300x1.5 electric slip roll |
| 5 | jet 45" english wheel wh-45T |
| 6 | jet 24" planishing hammer ph-24 |
| 7 | lincoln electric precision TIG |
| 8 | lincoln electric power MIG |
| 9 | lincoln electric dual welding fume extractor |
| 10 | welding table |
| 11 | wedling roller dividers |
| 12 | welding table |
| 13 | misc welding supplies cabinet |
| 14 | lincoln electric power mig |
| 15 | lincoln electric precision TIG |
| 16 | skat blast dry blast cabinet |
| 17 | rigid shop vac |
| 18 | bench grinder |
| 19 | bench grinder |
| 20 | Central Machinery 1"x36(?) belt sander |
| 21 | lincoln electric spot welder(?) |
| 22 | jet cold saw |
| 23 | jet ~12" disk sander |
| 24 | bench vise |
| 25 | metal bench |
| 26 | metal waste recepticles |
| 27 | kalamazoo industrices 486-021 1" belt sander |
| 28 | jet horizontal bandsaw 1"x.035x135" blade "10x16 horizontal mitering band saw" j-7040m |
| 29 | anvil |
| 30 | metal bench |
| 31 | jet vertical bandsaw vbs-1610 |
| 32 | jet drill press "step pulley drill press" jdp-20mf |
| 33 | jet bench model hand brake bp-1648h |
| 34 | 0.3 Ton? Press |
| 35 | metal bench |
| 36 | central machinery 96008 shrinker stretcher stand for 95062 shrinker strecher |
| 37 | jet corner notcher |
| 38 | central machinery 20 ton hydraulic bottle jack |
| 39 | metal punch "tin knocker number 12 turret punch" |
| 40 | hand tools assortment |
| 41 | edwards 55 ton bender? |
| 42 | us general small rolling tool cabinet |

MCPS 029983.00005 ID: 2843



| | A |
|---|---|
| 43 | flamables / paint cabinet |
| 44 | sheet metal shear accord |
| 45 | spray booth |
| 46 | spray booth |
| 47 | chicago electric power tools #46300 oven for powder coating |
| 48 | shop vac · |
| 49 | large oven |
| 50 | Morgan-press injection molding machine |
| 51 | wood bench |
| 52 | wood bench |
| 53 | formech 686 vacuum former mitsubishi GOT1000 |
| 54 | misc cabinet |
| 55 | |
| 56 | classroom |
| 57 | large bench |
| 58 | large bench |
| 59 | misc cabinet |
| 60 | paragon sentry xpress 4.0 small enamel oven |
| 61 | large bench |
| 62 | large bench |
| 63 | large bench |
| 64 | sparkfun 303D rework station |
| 65 | cheap weller soldering iron |
| 66 | barska stereomicroscope |
| 67 | electronics hand tools |
| 68 | electronics bench |
| 69 | rigol dg1022 function generator |
| 70 | rigol ds1052e oscilliscope |
| 71 | rigol dm3058 digital multimeter |
| 72 | gw instek gps-3303 laboratory dc power supply |
| 73 | cheap weller soldering iron |
| 74 | national instruments virtualbench |
| 75 | formlabs form 1+ |
| 76 | stratasys mojo |
| 77 | large bench |
| 78 | large bench |
| 79 | hand tools assortment |
| 80 | ryobi drills and drivers |
| 81 | misc cabinet |
| 82 | misc power tools |
| 83 | us general large rolling tool chest |
| 84 | plotter iPF650 |



EXHIBIT A   2

|     | A |
| --- | --- |
| 85 | vinyl cutter |
| 86 | silk screen press |
| 87 | rethink robotics baxter |
| 88 | juki industrial walking foot sewing machine DNU-1541S |
| 89 | Juki industrial straight stitch DDL-5550N |
| 90 | cutting bench |
| 91 | janome sewing machine |
| 92 | janome sewing machine |
| 93 | ironing board |
| 94 | janome memory craft 350e |
| 95 | misc small tools |
| 96 | bench vise |
| 97 | |
| 98 | wood workbench |
| 99 | shopbot cnc router v1000? Large format |
| 100 | powermatic model 4224 wood lathe |
| 101 | bench grinder |
| 102 | misc cabinet |
| 103 | jet drill press |
| 104 | bosch miter saw 503 |
| 105 | dewalt scroll saw |
| 106 | wood dust extractor |
| 107 | shopvac |
| 108 | wood bench |
| 109 | wood bench |
| 110 | jet 18" woodworking bandsaw jwbs-18qt-3 |
| 111 | jet belt sander / disc grinder |
| 112 | small delta drill press |
| 113 | shopbot buddy (inoperative) |
| 114 | |
| 115 | plastic top bench |
| 116 | jet step pully drill press jdp-20mf |
| 117 | misc cabinet |
| 118 | plastic top bench |
| 119 | jet geared head engine lathe gh-1440w-3 w/ acu-rite dro |
| 120 | jet geared head engine lathe gh-1440w-3 w/ acu-rite dro |
| 121 | misc cabinet |
| 122 | rigid shopvac |
| 123 | tormach personal cnc 1100 |
| 124 | jet manual mill w/ dro |
| 125 | misc cabinet |
| 126 | jet manual mill w/ dro |


Case: 18-50398    Doc# 223    Filed: 07/03/19    Entered: 07/03/19 12:00:26    Page 11 of 12

| | A |
|---|---|
| 127 | |
| 128 | epilog laser helix 60w |
| 129 | shopvac |
| 130 | epilog laser helix 60w |
| 131 | epilog laser helix 60w |
| 132 | universal laser systems |
| 133 | wooden bench |
| 134 | |
| 135 | store setup |
| 136 | front desk |
| 137 | |
| 138 | powermatic large sheet saw |
| 139 | hand tool assortment |
| 140 | yale lift truck glc030cenuae083 |
| 141 | pallet jack |
| 142 | wooden bench |
| 143 | wooden bench |
| 144 | flow mach2 203lb waterjet |
| 145 | misc cabinet |
| 146 | |
| 147 | rigol dg1022 function generator |
| 148 | rigol ds1052d oscilliscope |
| 149 | cheap weller soldering iron |
| 150 | misc cabinet |
| 151 | wooden bench |
| 152 | old epilog helix 45 watt (inoperative) |
| 153 | scantek 2000 aerodynamics module |
| 154 | misc cabinet |
| 155 | classroom |

MCPS 029983.00005 ID: 2843

EXHIBIT A

4