| | |
|---|---|
| 1 | Jeffrey H. Lowenthal (State Bar No. 111763) |
| 2 | Andrew A. August (State Bar No. 112851)<br>Jill M. Manning (State Bar No. 178849) |
| 3 | STEYER LOWENTHAL BOODROOKAS<br> ALVAREZ & SMITH LLP |
| 4 | 235 Pine Street, 15th Floor<br>San Francisco, California 94104 |
| 5 | Telephone: (415) 421-3400<br>Facsimile: (415) 421-2234 |
| 6 | E-mail: jlowenthal@steyerlaw.com<br>aaugust@steyerlaw.com<br>jmanning@steyerlaw.com |

Special Counsel for
DORIS A. KAELIN, Chapter 7 Trustee

UNITED STATES BANRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>TECHSHOP, INC.,<br><br>Debtor. | Case No. 2018-bk-50398 MEH<br><br>Hon. M. Elaine Hammond<br><br>**CHAPTER 7 TRUSTEE DORIS KAELIN'S PRELIMINARY OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT REQUIRED, FOR PAYMENT OF LIABILITY COVERAGE PROCEEDS UNDER THE D&O POLICY; REQUEST FOR FULL BRIEFING**<br><br>Date: June 25, 2020<br>Time: 1:30 p.m.<br>Ctrm: Courtroom 11<br>280 South First Street<br>San Jose, CA 95113 |

Chapter 7 Trustee Doris A. Kaelin ("Trustee" or "Kaelin"), submits this Preliminary Opposition to the Motion for Relief from the Automatic Stay, to the Extent Required, for Payment of Liability Coverage Proceeds under the D&O Policy (the "Motion") filed by Jim Newton, Mark Hatch, Doug Busch, Daniel Woods and Mike Hilberman (the "Individual Defendants").

In the event the Court is unwilling to deny the Motion outright and compel enforcement of the Stipulation and Order (Dkt. Nos. 232 and 233), the Trust requests that a final hearing be set after full briefing by the parties.

## I. INTRODUCTION

Although Movant's Opening Brief on this Motion to rescind a stipulation and terminate a Court Order[1] accuses the Trustee of treating the subject D&O policy as a bank account for the Debtor, this is a classic projection. The Motion is a shameless money-grab by Arent Fox ("AF"), counsel for the moving Individual Defendants ("Movants"), who wants unfettered access to the policy proceeds to pay its fees despite the Debtor's interest in those proceeds.

AF negotiated the Stipulation thinking it could dispose of the case on a Rule 12(b)(6) motion. That gambit failed.[2] AF now admits in the first paragraph of its Brief that they miscalculated their ability to dispose of this case early in the litigation ("the litigation between Movants and Trustee has progressed to a point where the terms of the stipulation have become too onerous…") and wants the Court to relieve them from their misjudgment based on a patently false and misleading argument that somehow the Trustee is using the Stipulation to restrict their ability to conduct a meaningful defense. Significantly, AF fails to submit any evidence to support this scurrilous accusation because it is false.

As the accompanying declarations of the Trustee's general bankruptcy counsel (Gregg Kleiner) and her Special Counsel (Andrew August) demonstrate, in sharp contrast to AF's disregard

---

[1] The "Stipulation to Grant Daniel Woods and Mike Hilberman's Motion for Relief from the Automatic Stay, to the Extent Required, for Payment of D&O Insurance Proceeds" (Dkt. No. 232) and Order thereon (Dkt. No. 233) will hereafter collectively be referred to as the "Court Order."

[2] AF filed a Rule 12(b)(b) Motion to Dismiss based on the Trustee's standing and the failure to allege certain facts. Adversary Proceeding No. 20-ap-5003 ("Adv. P."), Dkt. No. 21. The First Amended Complaint successfully addressed those arguments such that AF has now filed a motion to strike certain allegations. The hearing on that motion is set for July 20, 2020. Adv. P. Dkt. Nos. 39, 40.

1
PRELIMINARY OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY CASE NO. 2018-bk-50398 MEH
1810158.1 - TECHSHOP.KAELIN

Case: 18-50398    Doc# 246    Filed: 06/24/20    Entered: 06/24/20 14:45:33    Page 2 of 7

of the Court's Order's (particularly the dispute resolution provision), the Trustee has abided by every term and condition. AF's accusation that Mr. August acted unethically with his June 5, 2020 email to Mr. Anderson (lead counsel for the Movants) is fanciful and demonstrates AF's conscious disregard of the Order's dispute resolution provision. Ironically, Mr. August sent the email because he thought he had established an extremely good personal/professional – albeit adversarial – working relationship with Mr. Anderson and wanted to give Mr. Anderson a heads up about a particular issue covered by the Order. Regrettably, Mr. Anderson's attack on Mr. August is an example of the old adage "no good deed goes unpunished."

AF has been making and will continue to make plenty of money off this case. The AF lawyers are smart, experienced and they knew precisely what they were doing by agreeing to the Stipulation – avoiding a motion that they knew they could very well lose on the merits. AF has mounted a very vigorous defense and nothing the Trustee or her counsel has done has affected that defense in any way. AF provides not a stitch of evidence to the contrary. There is no good reason for this Court to vacate the Order and thus it should be enforced. But if the Court effectively "rescinds" its Order, AF and their clients should be compelled to return the benefits they have already received under the Stipulation and seek appropriate rulings from the Court in a separate motion.

With respect to the merits of the Motion, Movant's Opening brief raises complex issues concerning contract interpretation of the language of the D&O policy purchased by the Debtor and which has insuring coverage for creditor claims made against the Debtor based on the misconduct of the Debtor's directors and officers. AF's brief cites cases that are distinguishable based on insuring clauses of the particular policy as regards the Debtor. Granting the Motion will put millions of defense and indemnity dollars to which the Debtor is entitled in the hands of AF to burn through without any check or balance. This is especially important where, as here, the insurance policy has a wasting asset component.

In the event that the Court is not inclined to deny the Motion at the preliminary hearing, the Trustee requests that she be given the opportunity to fully brief the coverage issues raised by the Motion.

PRELIMINARY OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY    CASE NO. 2018-bk-50398 MEH
1810158.1 - TECHSHOP.KAELIN

Case: 18-50398    Doc# 246    Filed: 06/24/20    Entered: 06/24/20 14:45:33    Page 3 of 7

**A. The Stipulation Should Be Enforced Against AF.**

As stated in the Motion, the dispute over the defense and indemnity proceeds of the D&O Policy was first addressed to the Court nearly two years ago in AF's Motion for Relief from Stay. Dkt. Nos. 143-147. In order to avoid a Court determination of the dispute and obtain certainty of payments of insurance proceeds to them and on behalf of their clients for fees, AF negotiated and agreed to the following key terms:

1. Payment of up $140,000 for the Knight Foundation litigation under the D&O Policy at the carrier's reimbursement rate, conditioned upon, (a) AF providing Trustee's counsel with copies of billing statements (subject to reasonable redaction) for the legal fees it seeks to be paid from the D&O Policy for services related to the Knight Foundation Action; (b) Trustee having up to 30 days, after receipt, to review and, as needed object to, sums requested in these invoices;

2. Payment of $7,0000 in AF's fees and costs related to the Relief from Stay Motion;

3. With respect to the attorneys' fees arising from AF's representation of the Individual Defendants in the action maintained by the Trustee in the Rasure Action, the Trustee and AF agreed to disagree on whether AF was entitled to payment of legal fees under the D&O Policy for services related to the Rasure Action and reserved their respective rights to seek future intervention from the Court on this issue;

4. With respect to the attorneys' fees arising from Trustee's Adversary Proceeding against the directors and officers, if AF remained counsel for all the Individual Defendants, AF was entitled ***to seek to obtain*** (i.e., AF was not guaranteed):

   (a) At the carrier's reimbursement rate, full reimbursement of their reasonable attorneys' fees incurred from August 23, 2018 – when the Trustee put the Individual Defendants on notice that she intended to commence litigation on behalf of the estate and that litigation likely included claims against the TS D&O Defendants – to June 18, 2019 in an amount not to exceed $25,000;

   (b) At the carrier's reimbursement rate, reimbursement for reasonable attorneys' fees not to exceed $40,000 for each month (the "Monthly Budget") beginning on June 19, 2019, provided that: (a) any unused portion of the Monthly Budget in any given month will

carry over to the agreed upon Monthly Budget for the following month, on a cumulative and non-expiring basis, and (b) the Individual Defendants reserved the rights to seek increases of the Monthly Budget.

Significantly for this Motion, under the provisions of the Stipulation, AF agreed to provide Trustee's counsel with copies of billing statements (subject to reasonable redaction) for the legal fees it seeks to be paid from the D&O Policy, and the Trustee would have up to 30 days, after receipt, to review and, as needed object to, sums requested in the invoices. AF had the right to challenge any objection by the Trustee.

As set forth in the accompanying Declaration of Trustee's general bankruptcy counsel Gregg Kleiner, **every single invoice presented to the Trustee for approval was approved and timely so.** Any invoices not yet paid is the result of AF's failure to submit them. In fact, Mr. Kleiner worked many hours to understand and work with AF lawyers to correct the numerous errors in the invoices. Everything was working fine under the Order until the Trustee filed her First Amended Complaint ("FAC") at which point AF realized they could not successfully move to have the Trustee's First Amended Complaint dismissed under Rule 12(b)(6) and thus their clients would be in the case for the long haul.

On June 5, 2020, before filing any responsive pleading, AF served fifteen (15) sets of discovery on the Trustee. Considering AF's promise to file another motion to dismiss on the same grounds as its initial Motion to Dismiss (Adv. P. Dkt. No. 21) and the burdensome scope of the discovery,[3] Mr. August wrote Mr. Anderson to ask why AF would propound discovery just a few days before it was going to file a response to the FAC. When Mr. Anderson coyly declined to clarify whether his clients intended to answer the complaint or move to dismiss, Mr. August sent a personal note to Mr. Anderson simply giving him a heads up that if AF was going to move to dismiss the FAC, Mr. August could not recommend approving payment of the time AF spent on discovery at that juncture. *See* Declaration of Andrew A. August in Opposition to Motion for Relief from the

---

[3] For example, the Individual Defendants each served requests for production seeking the very documents AF provided to the Trustee last summer. They served interrogatories and requests for admission seeking information that only the Movants have.

4
PRELIMINARY OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY CASE NO. 2018-bk-50398 MEH
1810158.1 - TECHSHOP.KAELIN

Case: 18-50398    Doc# 246    Filed: 06/24/20    Entered: 06/24/20 14:45:33    Page 5 of 7

Automatic Stay filed herewith at paragraphs 3-4. Although AF now attempts to portray this as an unethical threat to interfere in its defense of the case, it was merely Mr. August's attempt to preempt any need to invoke the dispute resolution provision of the Stipulation. *Id.*

AF turns Mr. August's well-intended professional heads-up to Mr. Anderson on its head and hyperbolically argues "Trustee's control over the policy proceeds (via the Stipulation) prejudices the Movants' due process and their ability to fully and freely defend themselves in the Trustee Action." Dkt. No. 242 at 9:20-22. AF's justification for repudiating the Stipulation is completely baseless because 1) the Trustee, with the assistance of her general bankruptcy counsel, Rincon Law, not Mr. August, has sole reviewing authority of AF's invoices; 2) the Trustee, not Mr. Kleiner or Mr. August has the final say on whether to approve an invoice, 3) at no time did either Mr. Kleiner or the Trustee decline to approve any invoice; and 4) at no time did Mr. August tell the Trustee not to pay any invoice, and 5) at no time did AF even attempt to resolve the "issue" it created with Mr. August's one line email. Mr. Anderson never responded in writing and even when he spoke about the issue with Mr. August on the phone prior to filing his declaration for this Motion, Mr. Anderson thanked Mr. August for the heads up.

AF submits no evidence that the Trustee has ever interfered with its defense of the case. AF submits no evidence that it attempted to resolve the (non-existent) issue with Mr. August or Mr. Kleiner. Rather, AF has seized on a single email to upend a Court Order. The real motive behind this Motion is that AF now knows they and their clients are in the case for the long haul. *See* Dkt. No. 242 at 5:8-9 and 9:19-20. AF's regret for cutting what now it feels is a "bad deal" does not justify setting aside the Order, especially because the Trustee has ownership rights to policy proceeds (*see* brief discussion below). But if the Court does set aside the Order, it should do so in its entirety. Movants and AF received consideration pursuant to the Order. AF should be compelled to return the parties to the status quo before the Order was entered.

**B.     The Court Should Not Grant Relief From Stay As To The Proceeds Of The Policy That Are Property Of The Estate.**

As noted above, the reason AF agreed to the Stipulation and Order was its recognition that the issue of who owns the proceeds of the policy is complex and uncertain. The issue was, to some extent previously briefed. Dkt. No.163. This Motion, however, highlights that any proper

5
PRELIMINARY OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY        CASE NO. 2018-bk-50398 MEH
1810158.1 - TECHSHOP.KAELIN

determination of the issue will require a more detailed coverage analysis of the D&O Policy and rules of insurance policy interpretation.[4] For example, the Motion argues that only insuring clauses 1 and 2 apply and thus the Debtor has no interest whatsoever in the D&O Policy proceeds. This is incorrect because there are claims against the Debtor so as to trigger coverage under insuring clause 3. Moreover, the cases cited in the Motion are either inapplicable or significantly distinguishable because the D&O Policy has a wasting asset provision. This will be explicated in the full briefing on the issue, if necessary.

The proceeds of the D&O Policy, whether as property of the Estate or as a source of recovery for the Estate's creditors as a result of the misconduct of the Individual Defendants, are without question the primary source of payment to creditors. Those proceeds need protection from AF, not from the Trustee. This complex issue should be fully briefed rather than simply eviscerating all of the prior work of the parties based on falsehoods and specious arguments.

## II. CONCLUSION

For the foregoing reasons, the Motion should be denied. There is no justification to set aside the Stipulation and Order. If the Court is not inclined to deny Motion at the June 25, hearing, the Trustee requests that the Court set a briefing schedule and set a hearing date to consider these issues at a later date.

Dated: June 24, 2020

STEYER LOWENTHAL BOODROOKAS
ALVAREZ & SMITH LLP

By: _/s/ Andrew A. August_
Jeffrey H. Lowenthal
Andrew A. August
Jill M. Manning
Special Counsel for DORIS A. KAELIN,
Chapter 7 Trustee

---

[4] Although there is a dispute over who "owns" the D&O Policy proceeds, there is no dispute that the Debtor owns the Policy. Thus, the Debtor may be entitled to receive from the insurer, all reservation of rights letters. This is another issue that may need to be addressed in full briefing.

6
PRELIMINARY OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY    CASE NO. 2018-bk-50398 MEH
1810158.1 - TECHSHOP.KAELIN

Case: 18-50398    Doc# 246    Filed: 06/24/20    Entered: 06/24/20 14:45:33    Page 7 of 7