

Gregg S. Kleiner (SBN 141311)
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Tel. 415-672-5991
Fax. 415-680-1712
gkleiner@rinconlawllp.com

Counsel for
DORIS A. KAELIN,
Trustee in Bankruptcy

The following constitutes the order of the Court.
Signed: November 24, 2020

_M. Elaine Hammond_

_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

TECHSHOP, INC.,

Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

**ORDER AUTHORIZING TRUSTEE TO: (I) ENTER INTO SETTLEMENT AGREEMENT, RELEASE AND COVENANT NOT TO SUE WITH EARLY GROWTH FINANCIAL SERVICES, INC. AND INDIVIDUAL D&O DEFENDANTS; AND (II) COMPENSATE ESTATE'S SPECIAL LITIGATION COUNSEL**

Date: November 19, 2020
Time: 11:00 a.m.
Place: Via Court Call or
Zoom Videoconference

On November 19, 2020, a hearing was held on the motion of Doris Kaelin, Chapter 7 Trustee of the above-named Debtor, for an order authorizing her to: (i) enter into a global settlement agreement with all defendants in the Adversary Proceeding entitled *Kaelin v. Busch, et al.*, Adversary Proceeding No. 5:20-05003 MEH ("Action");[1]. and (ii) compensate the estate's special counsel for its services, and reimburse its out-of-pocket expenses ("Motion") [Docket 251]. Gregg

---
[1] Capitalized terms not defined in this Order shall have the meaning ascribed to them in the "Settlement Agreement, Release and Covenant Not to Sue."

S. Kleiner of Rincon Law LLP and Andrew A. August of Steyer Lowenthal appeared on behalf of the Trustee. Andrew Chan of Ericksen Arbuthnot and Amy Briggs of Farella, Braun Martel appeared on behalf of EGFS. Annie Stoops and Kirsten A. Hart of Arent Fox LLP, appeared on behalf of the Directors and Officers. All other appearances are noted on the record.

Following the Court's consideration of the Motion, supporting declaration, arguments of counsel, the pleadings on file, and the Trustee having received no overbids, the Court makes the following finding of facts.[2]

A.    The compromise described in the Motion is fair and equitable and meets the standards for approval of a compromise in the Ninth Circuit under *In re A&C Properties*, 784 4 2d. 1377, 1381 (9th Cir. 1986), and the standards for a sale of affirmative claims established by the Bankruptcy Appellate Panel in *In re Mickey Thompson*, 292 B.R. 415 (9th Cir. BAP 2003) and *In re Lahijani*, 325 B.R. 282 (9th Cir. BAP 2005);

B.    The Trustee's decision to enter into the Agreement satisfies the business judgment test and meets the standards for approval of a sale under 11. U.S.C. Section 363(b)(1);

C.    Notice of the Motion was, adequate, due and proper, and that no further notice of the relief requested in the Motion is required; and

D.    No objection has been filed or served to the Motion.

Based on the foregoing findings of facts, and finding good cause exists,

IT IS ORDERED as follows:

1.    The Motion, is granted in all respects.

2.    The Trustee is authorized to enter into the "Settlement Agreement, Release and Covenant Not to Sue" ("Agreement"), and take any and all actions necessary to consummate the Agreement, including executing documents. A true and correct copy of the Agreement is attached as Exhibit A to the Declaration of Doris A. Kaelin in support of Motion to Compromise Litigation Claims and Exchange General Releases; and Motion for Authorization to Compensate Contingency Fee Counsel and Reimburse its Expenses, Docket 251-1.

---

[2] In accordance with Federal Rule of Bankruptcy Procedure 7052, all findings of fact shall be construed as conclusions of law and all conclusions of law shall be construed as findings of fact, as and when appropriate.

3.     The Releasees, and/or their respective insurance carriers shall deliver to the Trustee the aggregate sum of $1,950,000 ("Settlement Proceeds"), comprised of:

    (a) $1,000,000 in total payment made by or on behalf of EGFS, and Hilberman (solely in his capacity as an alleged employee and/or agent of EGFS and not as an alleged officer of TechShop, Inc.), and Philadelphia Indemnity Insurance Company;

    (b) $925,000 in total payment made on behalf of the Directors and Officers and Mr. Hilberman (solely in his capacity as an alleged officer of TechShop, Inc.) and Nationwide Mutual Insurance Company; and

    (c) $25,000 in total payment made on behalf of the Directors and Officers and Mr. Hilberman (in his sole capacity as an alleged officer of TechShop, Inc.)

in full and final settlement of the Action, in exchange for the releases set forth in the Agreement.

4.     Pursuant to 11 U.S.C. § 328, the Trustee's special counsel, Steyer Lowenthal Boodrookas Alvarez & Smith LLP ("Steyer Lowenthal") and Browne George Ross LLP (collectively, "Special Counsel") is hereby awarded total compensation to be paid from the Settlement Proceeds of, (i) fees in the amount of $676,474.47, and (ii) reimbursement of actual out-of-pocket expenses in the amount of $17,215.80.  The Trustee is authorized to pay to Special Counsel the aggregate sum of $693,690.27 ("SC Award") as final compensation for Special Counsel's services with regard to the Action.  The Trustee shall hold the SC Award in a separate account, subject to her receipt of (i) acceptable joint instructions from Steyer Lowenthal and Browne George Ross LLP concerning the disposition of the SC Award, or (ii) further order of the Court.

5.     The Court retains exclusive jurisdiction over any dispute arising from or related to the Agreement.

***\*\*\* END OF ORDER \*\*\****

1                  **\*\*\* COURT SERVICE LIST \*\*\***

2   No Court service required.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28