Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

TECHSHOP, INC.,

Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

**OBJECTION TO CLAIM 195
(Mark A. Pizarek)**

[No Hearing Required Unless Requested]

**TO: MARK A. PIZAREK**

**PLEASE TAKE NOTICE THAT** Doris Kaelin, Chapter 7 Trustee ("Trustee") of the estate of TechShop, Inc. ("Debtor"), files this objection to Claim 195 filed by Mark A. Pizarek ("Claimant") on July 25, 2018 as a general unsecured claim in the amount of $32,004 ("Claim"). A true and correct copy of the Claim is attached hereto as **Exhibit A**. If the Trustee's objection to your Claim is sustained, the Claim as it relates to your interest in the Debtor's Stock (defined below), and the Claim as it relates to your "Lifetime Membership" shall be disallowed as claim against the Debtor's estate.

The Trustee has reviewed the Claim, which has two components: (i) Series B Preferred Stock, 14,000 shares ("Stock"); and (ii) A TechShop VIP Lifetime Membership ("Membership").

The Trustee has completed the liquidation of the vast majority of the assets in the Debtor's estate and has concluded that holders of general unsecured claims, the class of creditors ahead of equity holders, will not receive distributions in full. Because unsecured creditors will not be paid in full, there will be no distributions made to any holders of the Debtor's Stock, including Claimant. The Claim, therefore, as it relates to the Stock, must be disallowed pursuant to 11 U.S.C. § 726(a)(6).

According to documents attached to the Claim, the Membership has "No Cash Value." Because the Membership by its very terms has no cash value, this component of the Claim must be disallowed in its entirety.

WHEREFORE, the Trustee prays for an order, as follows:

1. Disallowing, in its entirety, Claim 195 filed by Mark A. Pizarek as a general unsecured claim in the amount of $32,004, for the reasons set forth in the Trustee's objection to claim; and

2. For such other relief as the Court deems just and appropriate.

DATED: March 30, 2021            RINCON LAW LLP

By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

ORIGINAL #2

**Fill in this information to identify the case:**

Debtor 1: Tech Shop

Debtor 2 (Spouse, if filing): _____

United States Bankruptcy Court for the: _____ District of _____

Case number: 18-50398 MEH


FILED JUL 25 2018 CLERK United States Bankruptcy Court San Jose, California

Official Form 410
# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): MARK A PIZAREK
Other names the creditor used with the debtor: MARK A PIZAREK CPA 401k Safe Harbor Profit Sharing Plan, FBO Mark A Pizarek

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: MARK A PIZAREK
Number Street: 525 W Remington Dr #98
City State ZIP Code: Sunnyvale CA 94087
Contact phone: 408-865-1040
Contact email: mapizcpa@yahoo.com

Where should payments to the creditor be sent? (if different)
Name: _____
Number Street: _____
City State ZIP Code: _____
Contact phone: _____
Contact email: _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____ Filed on ___/___/_____ MM/DD/YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                                Proof of Claim                                page 1
Case 18-50398    Claim 195    Filed 07/25/18    Desc Main Document    Page 1 of 10

EXHIBIT A

Case: 18-50398    Doc# 316    Filed: 03/30/21    Entered: 03/30/21 10:16:07    Page 3 of 12

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   ☐ No
   ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 2 1 6 5

7. How much is the claim? $ 32,004 ⁰⁰. Does this amount include interest or other charges?
   ☐ No
   ☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   Series B Preferred shares purchased

9. Is all or part of the claim secured?
   ☑ No
   ☐ Yes. The claim is secured by a lien on property.

   Nature of property:
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   Basis for perfection: _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property: $ _____
   Amount of the claim that is secured: $ _____
   Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition: $ _____

   Annual Interest Rate (when case was filed) _____ %
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

11. Is this claim subject to a right of setoff?
    ☑ No
    ☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. Check one: | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☒ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07-23-2018
                  MM / DD / YYYY

Signature: *Mark A Pizarek*

Print the name of the person who is completing and signing this claim:

Name: MARK   A   PIZAREK
      First name  Middle name  Last name

Title: _____

Company: _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 525 W Remington Drive #98
         Sunnyvale      CA    94087

Contact phone: 408-865-1040    Email: MApizcpa@yahoo.com

Incorporated January 23, 2009
Under the Laws of the State of California

**P-228**
**Number**

**14,000**
**Shares**

# TECHSHOP, INC.

Authorized: 40,000,000 Shares Preferred Stock

*This Certifies that* **Mark Pizarek CPA 401K Safe Harbor Profit Sharing Plan FBO Mark A. Pizarek** is the record holder of Fourteen Thousand shares of **Series B Preferred Stock** transferable only on the books of the Corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

*This Certificate* and the shares represented hereby are issued and shall be held subject to all of the provisions of the Articles of Incorporation and Bylaws of the Corporation and any amendments thereto, to all of which the holder of this Certificate, by acceptance hereof, assents.

*In Witness Whereof,* the Corporation has caused this Certificate to be signed by its duly authorized officers on this 17th day of August 2015.

_____
James Newton, Secretary

_____
Mark Hatch, Chief Executive Officer

IN WITNESS WHEREOF, the parties have executed this Series B Preferred Stock Purchase Agreement as of the last date stated in the Signature Pages.

**PURCHASER:**

[PURCHASER NAME IF INDIVIDUAL]

___Mark A Pzarek___
Signature

Printed Name: _Mark a pizarek_
Address: _216 rodonovan drive_
_santa clara ca 95051_

Number of Shares Purchased: _14,000_
Total Purchase Price: _$32,004.00_
Date: _8-4-2015_

*I don't think you need this page, but I signed it, just in case!*

*M*

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date and year first written above.

**INVESTOR:**

(If non-individual entity investor)
Mark G Pizarek CPA 401k safe harbor profit sharing plan, FBO Mark G Pizarek

By: *Mark A Pizarek*
Name: Mark A Pizarek
Title: Sponsor

Address: 525 W Remington Dr #98
Sunnyvale CA 94087

Dated: August 4th, 2015

MARK A PIZAREK / CERTIFIED PUBLIC ACCOUNTANT                                                  005595

TechShop, Inc                                        8/4/2015
Draws - 401(k) Contributions                                                  32,004.00



Wells Fargo Bank    2014 401K Contribution - 14,000 shs @ $2.286/s                          32,004.00

IN WITNESS WHEREOF, the parties have executed this Series B Preferred Stock Purchase Agreement as of the last date stated in the Signature Pages.

**PURCHASER:**

[PURCHASER NAME IF ENTITY]

By: *Mark a pizarek cpg 401k safe harbor profit sharing*
Name: *plan, FBO mark a pizarek*
Title:
Address: *525 W Remington Dr #98*
*Sunnyvale CA 94087*

Number of Shares Purchased: *14,000*
Total Purchase Price: *$ 32,004.00*        *2014 tax year contribution*
Date: *8-4-2015*

SERIES B PREFERRED STOCK PURCHASE AGREEMENT

Case 18-50398   Claim 195   Filed 07/25/18   Desc Main Document   Page 8 of 10

**EXHIBIT A**

Case: 18-50398   Doc# 316   Filed: 03/30/21   Entered: 03/30/21 10:16:07   Page 10 of 12



# TechShop VIP Lifetime Membership

TechShop, Inc., a California corporation located at 300 S. 2nd Street, San Jose, CA 95113, hereby grants to the individual named below (the "Member"), a TechShop VIP Lifetime Membership in appreciation of Member's outstanding support of TechShop and its community. This VIP Lifetime Membership grants Member access to any TechShop location during regular business hours for the Member's lifetime. In addition, the Member's Immediate Family Members (as defined below) shall also have access to any TechShop location. The Member's Immediate Family Members are limited to the Member's spouse or domestic partner (residing at the same residence as the Member), and up to six (6) children of the Member who are under the age of 21. Any memberships granted to the Member's children shall expire on his/her 21st birthday. Memberships for children may be assigned now, but they must be at least 12 years of age in order to use his/her membership. Any Member between the ages of 12-15 must be accompanied in the facility by a parent or guardian who is also a Member.

The Member and his/her Immediate Family Members will also enjoy 30-day advance equipment reservation privileges. The Member and his/her Immediate Family Members identified here are required to follow TechShop rules and safety guidelines and comply with all TechShop member expectations, as described in the "Individual Member Agreement." As a condition to becoming a TechShop member and using TechShop's facilities, the undersigned Member and his/her Immediate Family Members will complete and sign an "Individual Membership Application" and "TechShop Guest Profile and Liability Release" form before receiving their member badges.

This VIP Lifetime Membership cannot be assigned, transferred, or sold, and has no cash value. Once this membership has been redeemed, Member cannot appoint, amend, or name other Immediate Family Members for inclusion under this membership. In the event of Member's death, the Immediate Family Members named below will be able to continue the membership privileges granted herein, with the understanding that any memberships granted to the Member's children shall expire on his/her 21st birthday.

**Member:**
SIGNATURE: _Mark A Pizarek_
DATE: 8-4-2015
NAME: Mark a Pizarek
ADDRESS: 316 Rodonovan Drive
CITY/ST/ZIP: Santa Clara CA 95051

**TechShop, Inc.:**
SIGNATURE: _Mark Hatch_
DATE: _____
NAME: Mark Hatch
TITLE: CEO, TechShop, Inc.

**Membership Information:**
Member's name and email address: Mark Pizarek   mapizcpa@yahoo.com

Member's Immediate Family Members (names, email addresses, and birth dates if under 21):

1) Lyn Azevedo    l_azevedo1@yahoo.com
2) _____
3) _____ little L underscore
4) _____
5) _____
6) _____
7) _____

Form Version # ____ Loc _____    10/31/2013 v.9



**m·a pizarek**
CERTIFIED PUBLIC ACCOUNTANT

July 23, 2018

U.S. Bankruptcy Court
**Case No. 18-50398 MEH**
**Debtor: Tech Shop, Inc., et al.**

To Whom It May Concern:

First, I had a locker at the Mid-Peninsula location. I had been advised that I would be notified as to when I could claim my personal belongings. To date, I have not been contacted as to when I may retrieve my personal belongings. I still would like to retrieve my stuff!

Second, not only was I promissory note holder ($25,000) but a shareholder too! I purchased 14,000 shares of Series B Preferred Stock (total amount paid was $32,004.00) on August 4, 2015.

During my various visits (2015-2017) to the Mid-Peninsula and San Jose locations I meet several other promissory note holders. Only one person had said they received any interest payments, and it was only a partial payment. Obviously, the debtor was behind on all promissory note holders for quite some time.

I reviewed the private placement documents provided to me, again. These documents do NOT disclose that fact the corporation was in default of its debts. Nor did any financial statements provided, at the time and subsequently, disclose this important fact. I would not have purchased stock nor lent monies if I would have known this.

In addition, the financial statements did not include an accrual for anticipated future membership costs. Remember, stockholders and promissory note holders were given lifetime membership, i.e. free use of all facilities. The Company should have estimated this costs and shown it as a lability. As a CPA, these financial did not conform to GAAP and were misleading.

Sincerely,

*Mark A. Pizarek*
Mark A. Pizarek

PHONE 408•865•1040  FAX 408•735•7807  www.pizarekcpa.com

**EXHIBIT A**