Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re | Case No. 18-50398 MEH |
|---|---|
| TECHSHOP, INC., | Chapter 7 |
|  | Hon. M. Elaine Hammond |
| Debtor. | **OBJECTION TO CLAIM 226** |
|  | **(Sarah Powers)** |
|  | [No Hearing Required Unless Requested] |

**TO SARAH POWERS:**

**PLEASE TAKE NOTICE THAT** Doris Kaelin, Chapter 7 Trustee ("Trustee") of the estate of TechShop, Inc. ("Debtor"), files this objection to Claim 226 filed by Sarah Powers ("Claimant") on July 27, 2018 as a priority claim in the amount of $960.00 ("Claim"). A true and correct copy of the Claim is attached hereto as **Exhibit A**. The Trustee objects to the Claim because the Claim is not a debt or obligation of the Debtor.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). Prior to the Petition Date, the Debtor operated approximately ten do-it-yourself fabrication shops in California, Texas, Detroit, Arizona and other locations in the United States. The Debtor operated all of its do-it-yourself fabrication shops as separate legal entities, with names such as: "TechShop SoMA LLC," "TechShop Peninsula LLC," "Tech Shop Mid-Peninsula

1

LLC," "TechShop San Jose LLC," "TechShop Los Angeles LLC," "TechShop Detroit LLC," "TechShop Arlington LLC," "TechShop St. Louis LLC," and "TechShop New York LLC" (collectively, the "LLCs"). Each of these limited liability companies are separate, distinct entities from the Debtor. The LLCs incurred liabilities and obligations to third parties, which liabilities and obligations are not debts of the Debtor. The assets of the LLCs are not part of the Debtor's bankruptcy estate.

The Trustee has reviewed the Claim, which provides as its basis "unpaid wages for last 2 weeks of work." The Claim has no documentation to support of the alleged debt. The Claimant may have been an employee of one of the Debtor's limited liability corporations.

Based on the Trustee's review of the Claim, the Trustee has concluded that the sums Claimant asserts are not due and owing by the Debtor and the Claim must be disallowed as against the Debtor's estate.

WHEREFORE, the Trustee prays for an order, as follows:

1. Disallowing in its entirety Claim 226 filed by Sarah Powers as a priority wage claim in the amount of $960.00, on the grounds that it is not an obligation of the Debtor; and

2. For such other relief as the Court deems just and appropriate.

DATED: April 1, 2021          RINCON LAW LLP

By: /s/ Gregg S. Kleiner
GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

ORIGINAL

**Fill in this information to identify the case:**

Debtor 1: TechShop, Inc.

Debtor 2: _____
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of CA

Case number: 18 - 50398 MEH 7

FILED
JUL 27 2018
CLERK
United States Bankruptcy Court
San Jose, California

Official Form 410
# Proof of Claim
04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Sarah Powers
Name of the current creditor (the person or entity to be paid for this claim)
Other names the creditor used with the debtor: Sadie Powers (nickname)

**2. Has this claim been acquired from someone else?**
☒ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Name: Sarah Powers
Number/Street: 15 Brown St.
City/State/ZIP: Pittsburgh PA 15209
Contact phone: 804.519.1381
Contact email: sepowers@gmail.com

Where should payments to the creditor be sent? (if different)
Name: _____
Number/Street: _____
City/State/ZIP: _____
Contact phone: _____
Contact email: _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one): _____

**4. Does this claim amend one already filed?**
☒ No
☐ Yes. Claim number on court claims registry (if known) _____  Filed on ___/___/___

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

EXHIBIT A

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

6. Do you have any number you use to identify the debtor?
   ☐ No
   ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 0 3 0 1

7. How much is the claim? $ 960. Does this amount include interest or other charges?
   ☐ No
   ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

8. What is the basis of the claim?
   Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
   Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
   Limit disclosing information that is entitled to privacy, such as health care information.

   unpaid wages for last 2 weeks of work

9. Is all or part of the claim secured?
   ☑ No
   ☐ Yes. The claim is secured by a lien on property.
   
   Nature of property:
   ☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
   ☐ Motor vehicle
   ☐ Other. Describe: _____

   Basis for perfection: _____
   Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

   Value of property: $ _____
   Amount of the claim that is secured: $ _____
   Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

   Amount necessary to cure any default as of the date of the petition: $ _____

   Annual Interest Rate (when case was filed) ____ %
   ☐ Fixed
   ☐ Variable

10. Is this claim based on a lease?
    ☑ No
    ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____

11. Is this claim subject to a right of setoff?
    ☑ No
    ☐ Yes. Identify the property: _____

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☐ Yes. *Check one:* | Amount entitled to priority |
|---|---|---|
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☑ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ 960 |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.
18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☑ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  7 / 20 / 2018
               MM / DD / YYYY

Signature

Print the name of the person who is completing and signing this claim:

Name: Sarah Elizabeth Powers
      First name  Middle name  Last name

Title: _____

Company: _____
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 15 Brown St.
         Number  Street
         Pittsburgh       PA    15209
         City             State ZIP Code

Contact phone: 804.519.1381       Email: sepowers@gmail.com

 Gmail     Sadie Powers &lt;sepowers@gmail.com&gt;

## Fwd: Clarification About Back Pay For Work Performed SInce Last Pay Period
1 message

**Sadie Powers** &lt;sadie.powers@techshop.ws&gt;     Fri, Dec 1, 2017 at 7:38 PM
To: Sadie Powers &lt;sepowers@gmail.com&gt;

---------- Forwarded message ----------
From: **Daniel Woods** &lt;daniel.woods@techshop.ws&gt;
Date: Thu, Nov 16, 2017 at 6:01 PM
Subject: Clarification About Back Pay For Work Performed SInce Last Pay Period
To: Everyone - All TechShop Locations &lt;everyone@techshop.ws&gt;, Renatta Fairbanks &lt;renatta.fairbanks@techshop.ws&gt;

Hey Folks --

It's come to my attention that there is some confusion as to what the process will be for people to get paid for hours they worked hours since the last pay period. (i.e. Saturday through Tuesday).

If you are hourly and punched in/out your hours will be properly accounted for an submitted.

If you are hourly and work remote, please document your hours since last Friday and submit to Renatta Fairbanks right away.

We are tallying and submitting all employees and their unpaid time and PTO and submitting with our bankruptcy filing. I am not able to tell you what or when you will be paid, but be assured it will all be handled in accordance with bankruptcy laws and approved by the bankruptcy court once they begin to generate proceeds from liquidation.

If you have any questions please email me directly.

Best,

Dan


--
Dan Woods
CEO
TechShop
daniel.woods@techshop.com