Gregg S. Kleiner, State Bar No. 141311
RINCON LAW LLP
268 Bush Street, Suite 3335
San Francisco, CA 94104
Telephone No.: 415-672-5991
Facsimile No.: 415-680-1712
Email: gkleiner@rinconlawllp.com

Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re

TECHSHOP, INC.,

Debtor.

Case No. 18-50398 MEH
Chapter 7
Hon. M. Elaine Hammond

**OBJECTION TO CLAIM 217**
**(New Century Commons, LLC)**

[No Hearing Required Unless Requested]

TO: **NEW CENTURY COMMONS, LLC**
c/o **ANDREW J. DITLEVSEN, ESQ.**
**SWEENEY MASON WILSON & BOSOMWORTH**
**ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE THAT** Doris Kaelin, Chapter 7 Trustee ("Trustee") of the estate of TechShop, Inc. ("Debtor"), files this objection to Claim 217 filed by New Century Commons, LLC ("Claimant") on July 26, 2018 as a general unsecured claim in the amount of $962,597.07 ("Claim"). True and correct copies of the first three pages of the Claim are attached hereto as **Exhibit A**.

The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on February 26, 2018 ("Petition Date"). Prior to the Petition Date, the Debtor operated approximately ten do-it-yourself fabrication shops in California, Texas, Detroit, Arizona and other locations in the United

States. The Debtor operated all of its do-it-yourself fabrication shops as separate legal entities, with names such as: "TechShop SoMA LLC," "TechShop Peninsula LLC," "Tech Shop Mid-Peninsula LLC," "TechShop San Jose LLC," "TechShop Los Angeles LLC," "TechShop Detroit LLC," "TechShop Arlington LLC," "TechShop St. Louis LLC," and "TechShop New York LLC" (collectively, the "LLCs"). Each of these limited liability companies are separate, distinct entities from the Debtor. The LLCs incurred liabilities and obligations to third parties, which liabilities and obligations are not debts of the Debtor. The assets of the LLCs are not part of the Debtor's bankruptcy estate.

The Trustee has reviewed the Claim. According to attachments to the Claim, it relates to a pre-petition lease between "TechShop San Jose, LLC" and the Claimant. The lease concerned real property commonly referred to as 40 S 2nd Street, San Jose, California, 95113 ("Premises"). The lease identifies "TechShop San Jose, LLC", as the sole tenant for the Premises.

On March 15, 2018, Claimant, through its counsel, filed a motion for relief from stay seeking to, among other things, confirmation that no stay was in effect and for authority to dispose of personal property at the Premise. Docket 16. In support of its relief from stay motion, Claimant filed the Declaration of Kirk E. Kozlowski, a manager and member of Claimant. In his sworn declaration, Mr. Kozlowski stated:

> 4. In March, 2016, Creditor entered into a written lease agreement for the Premises with TechShop San Jose, LLC ("Tenant"), which lease is dated March 4, 2016. ***Creditor has never had a direct contractual relationship with Debtor Techshop Inc. ("Debtor"); there was no guaranty signed by Debtor or any individual principal of Tenant or Debtor***.

Kozlowski Declaration, paragraph 4, filed March 15, 2018, emphasis supplied. A true and correct copy of the Kozlowski Declaration, without exhibits, is attached hereto as **Exhibit B.**

Based on the sworn statements of Claimant's managing member, it is undisputed that all of the sums sought under the Claim are obligations of an entity other than the Debtor: to wit, TechShop San Jose, LLC. FRE 801(d)(2). The Trustee submits that the Claim must be disallowed in its entirety as it relates to sums owned by an LLC, and not the Debtor. This objection is without

prejudice to other bases on which the Trustee may, if necessary, objection to the Claim.

WHEREFORE, the Trustee prays for an order, as follows:

1. Disallowing in its entirety Claim 217 filed by New Century Commons, LLC, on July 26, 2018, as a general unsecured claim in the amount of $962,597.07, on the grounds that it is not an obligation of the Debtor; and

2. For such other relief as the Court deems just and appropriate.

DATED: April 9, 2021                    RINCON LAW LLP


By: */s/ Gregg S. Kleiner*
GREGG S. KLEINER
Counsel for DORIS A. KAELIN,
Trustee in Bankruptcy

Fill in this information to identify the case:

Debtor 1     TechShop, Inc.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: NORTHERN District of CALIFORNIA

Case number   18-50398

Official Form 410

# Proof of Claim

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1: Identify the Claim

**1. Who is the current creditor?**

New Century Commons, LLC
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Andrew J. Ditlevsen, Esq.; Sweeney, Mason,
Name

983 University Ave., Ste. 104C
Number   Street

Los Gatos     CA     95032
City     State     ZIP Code

Contact phone 408-356-3000

Contact email ajd@smwb.com

Where should payments to the creditor be sent? (if different)

Wilson & Bosomworth
Name

_____
Number   Street

_____
City     State     ZIP Code

Contact phone _____

Contact email _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on ____/____/____
                                                                                          MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. | Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ___ ___ ___ ___ |
| 7. | How much is the claim? | $_____962,597.07_____. Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>See Attachment A |
| 9. | Is all or part of the claim secured? | ☑ No<br>☐ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate** (when case was filed) _____%<br>☐ Fixed<br>☐ Variable |
| 10. | Is this claim based on a lease? | ☐ No<br>☑ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____ NOT APPLICABLE |
| 11. | Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. Check one: | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date  07/26/2018
  MM / DD / YYYY

/s/ Andrew J. Ditlevsen
Signature

**Print the name of the person who is completing and signing this claim:**

Name: Andrew J. Ditlevsen, Esq.
  First name    Middle name    Last name

Title: Attorney

Company: Sweeney Mason Wilson & Bosomworth
  Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 983 University Ave., Ste. 104C
  Number    Street
  Los Gatos                    CA    95032
  City                         State  ZIP Code

Contact phone: 408-356-3000    Email: ajd@smwb.com

JOSEPH M. SWEENEY, ESQ. (78363)
jsweeney@smwb.com
ANDREW J. DITLEVSEN, ESQ. (284911)
ajd@smwb.com
SWEENEY, MASON, WILSON & BOSOMWORTH
A Professional Law Corporation
983 University Avenue, Suite 104C
Los Gatos, CA 95032-7637
Telephone: (408) 356-3000
Facsimile: (408) 354-8839

Attorneys for Creditors and Interested Party
NEW CENTURY COMMONS, LLC

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

TECHSHOP, INC.,

          Debtor.

Case No. 18-50398 MEH

Chapter 7

**DECLARATION OF KIRK E. KOZLOWSKI IN SUPPORT OF MOTION FOR AN ORDER CONFIRMING NO STAY IS IN EFFECT, OR ALTERANATIVELY FOR RELIEF FROM AUTOMATIC STAY**

Date: March 29, 2018
Time: 1:00 p.m.
Place: Courtroom 3020
       280 S 1st Street
       San Jose, CA
Judge: Hon. M. Elaine Hammond

I, Kirk E. Kozlowski, hereby declare as follows:

1. I am the Manager and a member of creditor and interested party NEW CENTURY COMMONS, LLC ("Creditor"), and have been for over three years.

2. I make this declaration in support of Creditor's Motion for an Order Confirming No Stay is In Effect, or Alternatively for Relief From Automatic Stay (the "Motion"). The following facts are true of my own personal knowledge and if called and sworn as a witness I could and would competently testify thereto.

3. Creditor is the owner of commercial real property commonly known as 40 S.

Second Street, San Jose, California 95113, which ownership includes 38 S. Second Street, San Jose, California (collectively, the "Premises").

4. In March, 2016, Creditor entered into a written lease agreement for the Premises with TechShop San Jose, LLC ("Tenant"), which lease is dated March 4, 2016. Creditor has never had a direct contractual relationship with Debtor Techshop Inc. ("Debtor"); there was no guaranty signed by Debtor or any individual principal of Tenant or Debtor. Tenant operated a "maker space," wherein it offered public classes teaching machining, prototyping and light manufacturing skills and techniques, and included access to commonly-used tools, high-tech equipment, *viz.*, 3d printers, and heavy machinery. A true and correct copy of the lease agreement is attached hereto as **Exhibit 1**.

5. The following year, Creditor experienced difficulties with Tenant; specifically, Tenant stopped paying the agreed upon rent. As a result, Creditor commenced unlawful detainer proceedings against Tenant in or about August, 2017 in the Superior Court of California, County of Santa Clara, Case No. 17CV313510 (the "Unlawful Detainer Action"). On August 2, 2017, Creditor obtained a judgment for possession of the Premises in the Unlawful Detainer Action. A true and correct copy of the judgment for possession obtained by Creditor against Tenant is attached hereto as **Exhibit 2**.

6. Tenant remained in possession of the Premises until November 21, 2017. Creditor permitted Tenant to continue operating in the Premises so that it could attempt to earn sufficient money to cure the back rent owed. Obviously, Tenant was unable to do so.

7. Creditor inspected the Premises after Tenant vacated and discovered that Tenant had abandoned many of its trade fixtures and other personal property, including for example: machining tools, manufacturing equipment, heaving machinery, supplies and furniture. Creditor generated an inventory list of the abandoned property. As part of Creditor's inspection, an inventory list of the abandoned property was generated. A true and correct copy of the inventory list is attached hereto as **Exhibit 3**.

8. In accordance with California law, on January 22, 2018, Creditor sent to Tenant a notice of abandonment of personal property, providing Tenant with an opportunity to reclaim

the abandoned property, which opportunity was conditioned on payment of storage fees. Tenant did not respond or otherwise avail itself of the opportunity to reclaim the abandoned property. ). Included in the notice of abandonment is the notice of restoration from the Santa Clara County Sheriff and unlawful detainer judgment. A true and correct copy of the letter I signed and mailed to Tenant's last known address is attached hereto as **Exhibit 4**.

9. After completing its inspection of the Premises and sending Tenant the abonnement notice, and with the assistance of counsel, Creditor initiated the necessary legal process of dispossessing itself of the abandoned personal property.

10. On February 26, 2018, Debtor commenced this bankruptcy case, filing a voluntary petition under Chapter 7 of the United State Bankruptcy Code. As of the date of the bankruptcy filing, reasonable storage costs in the amount of $109,559.56 had accrued and are secured by the abandoned property. Reasonable storage costs continue to accrue in the amount of $1,129.48 per diem.

11. Creditor cannot, at reasonable cost, dismantle, move and store the many tools, equipment and machinery abandoned at the Premises, many of which are large, heavy and fragile enough to require specialized expertise and equipment to safely uninstall and remove. Creditor also cannot lease the Property while the abandoned property is inside. Given the foregoing, Creditor has suffered and continues to suffer damages arising from and relating to its inability to re-let the Property. Further, Creditor is informed and believes that the abandoned tools, equipment and machinery in the space, and all furniture, trade fixtures and supplies, are secured by UCC Financing Statements properly filed with the California Secretary of State by purchase-money lenders, and/or are subject to other secured liens and financing agreements.

///
///
///
///
///
///

12. Creditor has taken no further action to dispossess itself of the abandoned property and continues to store the property at the Premises, which imposes substantial burden on Creditor as it is unable to relet the Premises costing Creditor tens of thousands of dollars per month.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration is executed on March 15, 2018, at San Jose, California.

*/s/ Kirk E. Kozlowski*
Kirk E. Kozlowski, Manager